IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Cauderlier & Associates, Inc.<br>1039 31st Street, N.W.<br>Washington, D.C. 20007<br><br>Plaintiff,<br><br>v.<br><br>Sergio Zambrana<br>725 Gormley Drive<br>Rockville, MD 20850<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil | CASE NUMBER 1:05CV01653<br><br>JUDGE: Ellen Segal Huvelle<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 08/17/2005 |

## COMPLAINT

This is an action brought by Cauderlier Associates, Inc. ("CAI") against Sergio Zambrana ("Zambrana") for declaratory judgment pursuant to 28 U.S.C. § 2201. This case arises out of the assertion by Zambrana that he is a 10 percent shareholder of CAI. As outlined in detail below, Jean Claude Cauderlier ("Mr. Cauderlier") is CAI's sole shareholder and 100 percent owner. Zambrana has no ownership interest in CAI.

## THE PARTIES

1.  CAI is a corporation incorporated under the laws of the District of Columbia with its principal place of business at 1039 31st Street, N.W. Washington, D.C. 20007. CAI owns the real property and buildings located at 1035, 1037, and 1039 31st Street, N.W., Washington, D.C. 20007 ("the Property") and leases the Property to LaRuche, Inc. ("LaRuche") d/b/a/ Café LaRuche for restaurant use. Mr. Cauderlier is CAI's President, Vice President, Secretary, sole board member and sole shareholder. Mr. Cauderlier is also the owner and majority shareholder of LaRuche, owning 90 percent of the outstanding shares.

2. Zambrana is a citizen of the State of Maryland. Zambrana is the manager of Café LaRuche and minority shareholder, owning 10 percent of the outstanding shares of LaRuche.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000. Additionally, the controversy asserted herein gives rise to the action pursuant to 28 U.S.C. § 2201.

4. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Washington, D.C. and the corporation that is the subject of the action, CAI, is situated in Washington, D.C.

## FACTS

I. **LaRuche**

5. La Ruche, d/b/a Café LaRuche was incorporated on or about December 1974.

6. Mr. Cauderlier was hired as a chef at Café LaRuche in the late 1970's.

7. Zambrana was hired as the manager for Café LaRuche in the mid to late 1980's. In that capacity, he served as the link between the kitchen operations and the wait staff.

8. In early 1987, Mr. Cauderlier agreed to purchase LaRuche for the amount of $250,000 over five years.

9. On or about February 20, 1987, Mr. Cauderlier purchased 20 shares of common stock of LaRuche for $50,000, and on or about June 26, 1987, Mr. Cauderlier purchased another 20 shares of common stock of LaRuche for $50,000.

10. On or about May 1, 1992, Mr. Cauderlier signed a $150,000 promissory note at 8 percent for the purchase of the remaining interests of LaRuche-- i.e., 60 shares. The effective date of the sale of LaRuche to Mr. Cauderlier was September 1, 1992.

11. Mr. Cauderlier was the sole member of LaRuche's Board of Directors and the sole officer of LaRuche-- i.e., Mr. Cauderlier was the President, Secretary, and Treasurer of LaRuche.

12. Mr. Cauderlier owned 100 percent of the outstanding shares of LaRuche-- i.e., 100 shares.

13. On or about January 2000, Mr. Cauderlier transferred LaRuche stock certificate No. 9 for 10 shares, i.e. 10 percent of the outstanding shares, to Zambrana for $25,000. That price was based upon Mr. Cauderlier's original cost for the shares with no markup or increase.

14. On January 21, 2000, Zambrana remitted a check to LaRuche in the amount of $25,000 for the 10 shares.

15. On or about June 23, 2004, in a Consent to Action in Lieu of a Special Meeting of LaRuche Shareholders, Mr. Cauderlier authorized the issuance of a replacement certificate for 10 shares of LaRuche stock to Zambrana because the original certificate could not be located.

## II. CAI

16. CAI was incorporated on August 19, 1999 and the initial Board of Directors named in the certificate of incorporation were Mr. Cauderlier, Zambrana, and Charles Webb. The officers were Mr. Cauderlier – President/Treasurer; Zambrana – Vice President/Assistant Secretary; and Jamie A. Powers – Secretary.

17. On August 19, 1999, CAI issued 500 shares of common stock to Mr. Cauderlier for $60,000. To this day, CAI has not issued any additional shares of common stock.

18. On August 19, 1999, Mr. Cauderlier was authorized to enter CAI into an agreement to purchase the Property for $1,100,001.00, and Mr. Cauderlier was authorized to open a bank account for CAI.

19. CAI's IRS Form SS-4 dated October 6, 1999 was signed by Mr. Cauderlier and lists Mr. Cauderlier as the only shareholder.

20. From the period of August 1999 to January 2000, Mr. Cauderlier negotiated on behalf of CAI to purchase the Property from YES Limited Partnership. Mr. Cauderlier applied

and signed for the Small Business Association Loan, signed all of the contracts associated with that negotiation and assumed all of the legal risks of the sale.

21. On November 19, 1999, Mr. Cauderlier issued a check to YES Limited Partnership in the amount of $55,000 in order to secure the purchase of the Property.

22. Mr. Cauderlier signed the purchase agreement on behalf of CAI for the purchase of the Property on December 29, 1999.

23. CAI entered into a lease with LaRuche to lease the Property to LaRuche for a monthly rental fee.

24. The closing documents for the Property were signed by Mr. Cauderlier on behalf of CAI on January 21, 2000. Among the closing documents, Mr. Cauderlier signed the: Lease; Deed of Trust; Assignment of Lease and Subdinate; Borrower's Certification; Loan Agreement; Note; Settlement Sheet; Unconditional Guarantee; Insurance; Hazardous Substances Certificate and Indemnity; and the Corporate Resolution to borrow on behalf of CAI.

25. No contemporaneous documents exist that support Zambrana's assertion that he is a 10 percent owner of CAI.

26. As of August 24, 2000, Mr. Cauderlier was elected sole director and sole officer of CAI -- i.e., Mr. Cauderlier was elected the Director, President, Treasurer, Secretary, and Vice President of CAI.

### III. Dispute

27. On or about February 2004, Mr. Cauderlier and Zambrana entered into negotiations for the sale of LaRuche in its entirety to Zambrana.

28. Following discussions between Mr. Cauderlier and Zambrana, Mr. Cauderlier made a proposal to Mr. Zambrana.

29. Upon receipt of this proposal and in response, Zambrana asserted that he not only owned a 10 percent interest in LaRuche, but also in CAI, and he rejected the proposal.

30. Mr. Cauderlier denies Zambrana's assertion and maintains that Zambrana only has a 10 percent interest in LaRuche.

31. Mr. Cauderlier denies that Zambrana has any ownership interest in CAI.

32. Mr. Cauderlier is the sole 100 percent shareholder and owner of CAI.

33. To date, Zambrana has not abandoned his assertion of 10 percent ownership interest in CAI.

34. Zambrana's assertion that he is a minority owner of CAI compromises Mr. Cauderlier's ability to sell LaRuche, the Property, and/or CAI.

## COUNT ONE – DECLARATORY JUDGMENT

35. CAI incorporates by reference paragraphs 1 through 34 above.

36. Mr. Cauderlier is the sole shareholder and 100 percent owner of CAI.

37. Zambrana is not and never was a shareholder of CAI.

38. Mr. Cauderlier is the majority shareholder and 90 percent owner of LaRuche.

39. Zambrana is the minority shareholder and 10 percent owner of LaRuche.

40. In the year 2000, the value of the Property exceeded $1,000,000.00. On information and belief, the Property is worth substantially more than the purchase price in 2000.

41. The value of Zambrana's asserted interest in the Property exceeds $75,000.00.

42. An actual controversy exists between Mr. Cauderlier and Zambrana concerning the ownership of CAI. Zambrana's improper assertion of a 10 percent ownership interest in CAI is impeding Mr. Cauderlier's ability to sell LaRuche, the Property, and/or CAI. Pursuant to 28 U.S.C. § 2201, CAI is entitled to a declaratory judgment that: (1) Mr. Cauderlier is the sole shareholder and has 100 percent ownership of CAI and (2) Zambrana has no ownership interest in CAI.

## PRAYER FOR RELIEF

WHEREFORE CAI prays for judgment on all counts as follows:

a) Declaratory Judgment that: (1) Mr. Cauderlier is the sole shareholder and has 100 percent ownership of CAI and (2) Zambrana has no ownership interest in CAI.

b)  That the Court award CAI such other and further relief as the Court may deem appropriate, including, but not limited to, all attorneys' fees, expenses and costs incurred as a result of having to bring this action.

Respectfully submitted,

_____
Robert L. Green, Jr. (D.C. Bar No. 935775)
Suzanne R. Clement (D.C. Bar No. 478569)
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
clements@howrey.com

Attorneys for
Cauderlier & Associates, Inc.

Dated: August 17, 2005