IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

Plaintiff

v.

SERGIO ZAMBRANA

Defendant

Civil Case No. 1:05CV01653
Judge Ellen Segal Huvelle
Deck Type: Contract
Date Stamp: August 17, 2005

**MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE,
MOTION TO JOIN INDISPENSABLE PARTIES**

Pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, defendant, Sergio Zambrana, by and through counsel, hereby moves this Court for an order dismissing the Complaint filed herein on the grounds that complete relief cannot be granted in the absence of certain indispensable parties and joinder of said parties is not feasible. In the alternative, defendant move this Court for an order adding Jean Claude Cauderlier as an additional plaintiff in this case and LaRuche, Inc. as an additional defendant.

In support thereof, defendant respectfully refers this Court to the attached Memorandum of Points and Authorities in Support of said Motion.

WHEREFORE, defendant, Sergio Zambrana, prays that the Court (1) dismiss the Complaint filed herein, or (2) order that Jean Claude Cauderlier be joined as a party plaintiff and LaRuche, Inc. be joined as a party defendant, and (3) award defendant his attorneys' fees and costs associated herewith.

          Respectfully submitted,

          KASS, MITEK & KASS, PLLC

Dated: September 15, 2005      By: _____
          Benny L. Kass (D.C. Bar No. #025155)
          Jeffrey M. Hamberger (D.C. Bar No. 930362)
          1050 17th Street, N.W., #1100
          Washington, D.C. 20036
          blkass@kmklawyers.com
          jhamberger@kmklawyers.com
          (202) 659-6500
          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties , Points and Authorities in Support, and proposed Order were emailed, this 15th day of September, 2005, to:

      Robert L. Green, Jr., Esquire
      Suzanne R. Clement, Esquire
      HOWREY, LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004
      greenr@howrey.com
      clements@howrey.com

          _____
          Jeffrey M. Hamberger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

Plaintiff

v.

SERGIO ZAMBRANA

Defendant

Civil Case No. 1:05CV01653
Judge Ellen Segal Huvelle
Deck Type: Contract
Date Stamp: August 17, 2005

### POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO JOIN INDISPENSABLE PARTIES

Defendant, Sergio Zambrana, by and through counsel, hereby files this statement in support of his "Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties," and states as follows:

### INTRODUCTION

The instant lawsuit arises out of a dispute between defendant, Sergio Zambrana ("Mr. Zambrana"), and one Jean Cauderlier ("J. Cauderlier"), each of whom claim ownership interests in plaintiff corporation, Cauderlier & Associates, Inc. ("CAI"). The Complaint seeks a declaratory judgment determining that: (1) J. Cauderlier "is the sole shareholder and has 100 percent ownership of CAI," and (2) Mr. Zambrana "has no ownership interest in CAI." (Complaint, p.5)[1] Although the suit names CAI as plaintiff, the case revolves around a contest between CAI's two putative

---

[1] The Complaint filed herein by CAI will sometimes be referred to as "Comp.," followed by a reference to a numbered paragraph or page number.

shareholders, Mr. Zambrana and J. Cauderlier, and could have as easily been brought in the name of J. Cauderlier himself.[2]

This lawsuit is not a simple as it appears to be on its face. There are several important issues entwined with the CAI stock ownership dispute that involve not only Mr. Zambrana, CAI and J. Cauderlier, but another corporation in which both Mr. Zambrana and J. Cauderlier claim to own stock, LaRuche, Inc. ("LaRuche"). These issues relate to the (a) the respective ownership of shares in LaRuche, (b) the nature of the relationship between LaRuche and CAI, and (c) the question of whether funds of LaRuche and CAI have been so intermingled as to make La Ruche and CAI indistinguishable.

Mr. Zambrana contends alternatively that LaRuche is the alter ego of CAI, or owns CAI or all CAI's assets, including valuable real property, or CAI is holding monies in constructive trust for LaRuche, or some combination of the same. Mr. Zambrana bases his position on facts that show that the funds owned by each corporation have been commingled, and possibly misappropriated by J. Cauderlier, to the detriment of Mr. Zambrana and LaRuche.

Therefore, says Mr. Zambrana, J. Cauderlier is an indispensable plaintiff in this case and LaRuche is an indispensable defendant.

---

[2] Plaintiff suggests that J. Cauderlier brought the suit in CAI's name, rather than his own, in an attempt to insulate himself from an argument that the allegations set forth in the Complaint are admissions by him. While CAI arguably has an interest in the accuracy of its stock ownership roles, it is clear that J. Cauderlier has a greater, personal, interest in a finding that he owns 100% of the CAI stock. The Complaint should have been filed in the name of J. Cauderlier, the true party in interest.

2

## PERTINENT FACTS AND RELATED ISSUES[3]

### CAI

1.  There is a controversy between Mr. Zambrana and J. Cauderlier concerning the ownership of CAI. (Comp., ¶42.)

2.  CAI contends in the Complaint that J. Cauderlier "is CAI's sole shareholder and 100 percent owner." (Comp., p.1.)

3.  CAI contends in the Complaint that Mr. Zambrana "has no ownership interest in CAI.." (Comp., p.1.)

4.  Mr. Zambrana contends that he is a part owner CAI. (Aff., ¶12[4])

### THE BUILDING

5.  CAI contends that it owns the real property and building located at 1035, 1037 1039 31st Street, N.W., Washington, D.C. 20007 (the "Building"). (Comp., ¶¶20-24.)

6.  CAI admits that closing documents relating to CAI's purchase of the Building were signed by J. Cauderlier on January 21, 2000, purportedly "on behalf of CAI". (Comp., ¶21.)

7.  CAI admits that Mr. Zambrana remitted a check to LaRuche in the amount of $25,000 on January 21, 2000. (Comp., ¶14.)

8.  Mr. Zambrana paid the sum of $25,000 to LaRuche on or about January 20, 2000, by personal check dated January 21, 2000, and said funds were, and always had been, earmarked for the purchase of the Building by CAI. (Aff., ¶¶2,5 and Exhibit A.)

---

[3] Defendant will adopt some of the allegations set forth in the Complaint, for the purposes of this Motion, and contends that the"facts" asserted in such allegations should be taken as admissions by plaintiff, CAI.

[4] Affidavit of Sergio Zambrana, will sometimes be referred to herein as "Aff.," followed by a reference to a numbered paragraph.

9. Settlement on the purchase of the Building by CAI took place on or about January 21, 2000, at which settlement Mr. Zambrana was present. (Aff., ¶5.)

10. The seller of the Building was one Mahesh Natthani, who was also present at the settlement. (Aff., ¶¶3,6.)

### Mr. Zambrana's Ownership in LaRuche

11. J. Cauderlier gave Mr. Zambrana an ownership interest in LaRuche, in recognition of Mr. Zambrana's many years of excellent performance as an employee of LaRuche and as incentive to stay in the employ of LaRuche; this grant was made to Mr. Zambrana long before January, 2000. (Aff., ¶¶7,8.)

12. The $25,000 check Mr. Zambrana gave to LaRuche on or about January 21, 2000 was not payment for any ownership share in LaRuche and was instead, part of the purchase price of the Building. (Aff., ¶9.)

13. The 2000 tax return filed by LaRuche indicates that J. Cauderlier owned 100% of its stock as of December 31, 2000 (Exhibit B), which Mr. Zambrana disputes, but serves to belie J. Cauderlier's contention that Mr. Zambrana's $25,000 check of January 21, 2000 constituted payment for stock in LaRuche. It also shows that J. Cauderlier's position on Mr. Zambrana's ownership interest in LaRuche is inconsistent.

### Mr. Zambrana's Ownership in CAI

14. CAI contends that Mr. Zambrana has no ownership in CAI. (Comp., p.1.)

15. The aforementioned $25,000 Mr. Zambrana paid to LaRuche was actually used by CAI a part of the down payment toward the purchase of the Building. (Aff., ¶11.)

4

16. J. Cauderlier stated in the presence of Mahesh Natthani and others, at the settlement table, that Mr. Zambrana was am owner of CAI. (Aff.,¶13.)

17. J. Cauderlier stated in the presence of Mahesh Natthani and others, before and after settlement, that Mr. Zambrana was an owner of CAI. (Aff., ¶14.)

18. Mahesh Natthani always recognized Mr. Zambrana as an owner of CAI. (Aff.,¶15.)

19. Following the purchase of the Building by CAI, Mahesh Natthani called Mr. Zambrana, in his capacity as part-owner of CAI, on many occasions. (Aff.,¶¶15-16.)

20. As a result of a commingling of funds between LaRuche and CAI, LaRuche either owns CAI or owns all the assets of CAI, including the Building. (Aff.,¶19.)

21. As a result of the commingling of funds between LaRuche and CAI, and by virtue of Mr. Zambrana's partial ownership of LaRuche, Mr. Zambrana either owns an additional share in CAI or owns an additional portion of the assets of CAI, including the Building, aside from the shares he owns in CAI by virtue of having paid the aforementioned $25,000 to LaRuche. (Aff.,¶20.)

### THE RELATIONSHIP BETWEEN CAI AND LARUCHE

22. The $25,000 Mr. Zambrana paid to LaRuche the night before the settlement on the Property was paid to Mahesh Natthani as part of the purchase price that CAI was paying for the Building. (Aff.,¶21.)

23. LaRuche has made many payments directly to Mahesh Natthani, as payment on the note given by CAI to Mr. Nattani in connection with CAI's purchase of the Building. (Aff.,¶22, and Exhibit C.)

24. Upon information and belief, LaRuche has made many payments to First Union Bank, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building. (Aff., ¶23, and Exhibit C.)

25. CAI contends that Mr. Zambrana's "improper assertion of a 10 percent ownership interest in CAI is impeding J. Cauderlier's ability to sell LaRuche, the Property and/or CAI. (Comp, ¶42).

## ARGUMENT

### JEAN CAUDERLIER IS AN INDISPENSABLE PARTY

Fed. R. Civ. P. 12(b)(7) recognizes the validity of a motion such as this, in lieu of a responsive pleading, in instances, among others, where there has been a "failure to join a party under Rule 19." Fed. R. Civ. P. 19(a) states, in part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the persons' ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

The Complaint in this matter should have been filed by J. Cauderlier [*See* fn. 2], if for no other reason than plaintiff CAI's own contention that Mr. Zambrana's claim to ownership of stock in CAI "compromises *Mr. Cauderlier's* ability to sell LaRuche, the Property, and/or CAI." [Emphasis added.][5] (Comp., ¶21.) Since J. Cauderlier is asserting ownership positions in LaRuche,

---

[5] It is not obvious to Mr. Zambrana why Mr. Cauderlier's alleged inability to sell LaRuche, or CAI for that matter, is a concern of this plaintiff. Nor is it J. Cauderlier's place to sell the Property.

and/or CAI, as is defendant, Mr. Zambrana, this set of circumstances leaves only one conclusion: complete relief cannot be accorded to plaintiff and defendant herein, in the absence of J. Cauderlier as a party. [Fed. R. Civ. P. 19(a)(1).]

Moreover, if J. Cauderlier is not added as a party plaintiff, Mr. Zambrana will be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation by reason of [J. Cauderlier's] claimed interest." [Fed. R. Civ. P. 19(a)(2)(ii).] For example, if Mr. Zambrana were to prevail in the instant law suit, and the Court were to deny CAI's motion for a declaratory judgment that Mr. Zambrana "has no ownership interest in CAI," Mr. Zambrana could still face a lawsuit brought by J. Cauderlier that might be virtually identical, but for the name of the plaintiff, to the suit now pending.

And, although it is not his obligation to look after the interests of J. Cauderlier, Mr. Zambrana contends that the instant lawsuit could "as a practical matter impair or impede [J. Cauderlier's] ability to protect [his] interest." [Fed. R. Civ. P. 19(a)(2)(i).]

Additionally, the facts as alleged by Mr. Zambrana in his affidavit would support a counterclaim against CAI for causes of action such as, *inter alia*, piercing the corporate veil, declaratory judgment that he owns a portion of the stock of CAI, wrongful commingling of funds, constructive trust, misappropriation of funds, unjust enrichment, and for an accounting. Similarly, the facts as alleged by Mr. Zambrana would also support the bringing of similar claims against J. Cauderlier, with an additional derivative cause of action for the usurpation of a corporate opportunity rightfully belonging to LaRuche.

Mr. Zambrana's claims against CAI and J. Cauderlier are so intertwined, and CAI and J. Cauderlier are themselves so intertwined, as to make it obvious that J. Cauderlier should be deemed

7

a necessary party under Rule 19. Even putting the foregoing arguments aside, Mr. Zambrana contends that, based on the facts alleged in the Complaint alone, and the relief sought, it is indisputable that J. Cauderlier is indispensable.

**LaRuche, Inc. is an Indispensable Party**

In this lawsuit, plaintiff CAI contends that it owns the real property and building located at 1035, 1037 1039 31st Street, N.W., Washington, D.C. 20007. Mr. Zambrana contends that the $25,000 he paid to LaRuche was used by CAI as part of the down payment toward the purchase of the Building and contends that additional monies were paid from LaRuche's account toward the purchase of the Building by CAI. Ostensibly, then, LaRuche has claims against CAI, and possibly J. Cauderlier,[6] for misappropriation of funds, wrongful commingling of funds, constructive trust, unjust enrichment, and for an accounting, among other things.

Mr. Zambrana and J. Cauderlier have an ongoing dispute as to Mr. Zambrana's ownership interest in LaRuche. Thus, to the same degree that CAI has an interest in having the court determine its stockholders' respective ownership shares, so too does LaRuche. As a defendant in this action, LaRuche will be able to file a counterclaim, similar to the Complaint filed herein, for declaratory judgment against J. Cauderlier (assuming he is joined as a plaintiff).

All the foregoing issues are inextricably related to the matters pending here, and LaRuche is an indispensable party, without whose presence in this lawsuit full justice among the parties cannot be attained.

---

[6] It is undisputed that J. Cauderlier is majority shareholder of CAI. In addition, it is asserted in the Complaint that J. Cauderlier has the (personal) ability to sell the Property, which ability is allegedly being compromised by Mr. Zambrana's assertion that he is a minority owner of CAI. (Comp. ¶34.)

### SINCE JOINING LARUCHE IS NOT FEASIBLE, THE COMPLAINT MUST BE DISMISSED

If the Court agrees with Mr. Zambrana that LaRuche's presence is required in order to obtain a full and complete adjudication among CAI, Mr. Zambrana, J. Cauderlier, and LaRuche itself, of the many related issues between and among them, then the Court would ordinarily require that LaRuche be made a party hereto, as requested by Mr. Zambrana. In this case, the parties' respective real interests would require that LaRuche be made a party defendant.[7] However, if LaRuche is brought in as a defendant herein, the Court will lose diversity jurisdiction, inasmuch as both CAI and LaRuche are D.C. corporations.[8] [*See* 28 U.S.C. §1332.]

The failure of diversity between CAI and LaRuche presents the following dilemma to this Court: Since joinder is not feasible, should this case go forward without LaRuche as a party, or should the Complaint be dismissed in favor of the dispute being litigated in a court where all parties could be present and participate?

---

[7] This can be seen by considering what position LaRuche would have if this case were brought in a state court. As far as the claims against CAI and J. Cauderlier for misappropriation of funds, wrongful commingling of funds, constructive trust, unjust enrichment, and for an accounting, LaRuche's interests would be similar to those of Mr. Zambrana. Thus, LaRuche could file a separate lawsuit against CAI and J. Cauderlier, alleging the same set of circumstances and similar causes of action as Mr. Zambrana might in a counterclaim against CAI and J. Cauderlier. LaRuche would then be in a position to request that the state court join the two suits on the grounds that LaRuche's presence in the litigated dispute was essential to the fair administration of justice for all four parties involved. That would be the equivalent to LaRuche being joined as a defendant here.

[LaRuche is precluded from suing CAI in this, or any other, Federal District Court, however, since CAI and LaRuche are both D.C. corporations, as shown below. LaRuche's inability to bring suit in this Court against CAI and J. Cauderlier in no way lessens LaRuche's status as an indispensable party, and the availability of the D.C. Superior Court to all parties presents a viable and attractive alternative to maintaining the instant action in the absence of LaRuche.]

[8] That CAI is incorporated under the laws of the District of Columbia is borne out in paragraph 1 of the Complaint. LaRuche, Inc.'s existence as a domestic business corporation in the District of Columbia is shown by Exhibit D, attached hereto. The undersigned counsel represents to this Court that the Organization Information that comprises Exhibit D was obtained by him directly from the website created for that purpose by the District of Columbia, and is accurate to the best of counsel's knowledge.

Fed. R. Civ. P. 19(b) provides insight into the action that this Court should take. It states:

> If a party as described in subdivision (a) (1)-(2) hereof cannot be made party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

For the many reasons discussed above, which will not be repeated here, Mr. Zambrana contends that there is no manner by which the Court could fashion a solution to the potential prejudice and inadequacy of remedies that LaRuche's absence would bring to this case; the four factors the Court must consider under Rule 19(b) simply cannot be satisfied if LaRuche is not joined as a party. Therefore, equity and justice require that the Complaint filed herein be dismissed. Plaintiff(s) will have an adequate remedy in the D.C. Superior Court, if not elsewhere as well.

Therefore, Mr. Zambrana requests that the Court dismiss the Complaint. If the Court is not so inclined, Mr. Zambrana asks the Court to add J. Cauderlier and LaRuche as parties hereto, aligned as the Court sees fit.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: September 15, 2005        By: _____
Benny L. Kass  (D.C. Bar No. #025155)
Jeffrey M. Hamberger (D.C. Bar No. 930362)
1050 17th Street, N.W., #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com
(202) 659-6500
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant | Civil Case No. 1:05CV01653<br>Judge Ellen Segal Huvelle<br>Deck Type: Contract<br>Date Stamp: August 17, 2005 |

### AFFIDAVIT OF DEFENDANT, SERGIO ZAMBRANA

I, Sergio Zambrana, defendant herein, do hereby affirm and swear as true, the following:

1. I am over the age of 18 and competent to testify to the matters contained herein.

2. On or about January 20, 2000, I paid the sum of $25,000 to LaRuche by personal check, which check was dated January 21, 2000.

3. The seller of the Building was Mr. Mahesh Natthani.

4. At all times, it was understood between Jean Claude Cauderlier ("J. Cauderlier") and me that the $25,000 mentioned in ¶2 above was to be earmarked for the purchase by CAI of the real property and building located at 1035, 1037 1039 31st Street, N.W., Washington, D.C. 20007 (the "Building").

5. Settlement on the purchase of the Building by CAI took place on or about January 21, 2000, at which settlement I was present.

6. J. Cauderlier, Mr. Natthani, and others were also present at the settlement.

7. Long before January, 2000, J. Cauderlier told me that he made me a part owner of LaRuche, Inc. ("LaRuche"), which corporation operated a restaurant called LaRuche in

Georgetown, D.C.; I had worked in the restaurant for many years, and I was the most highly valued employee during that entire time.

8. J. Cauderlier gave me part ownership in LaRuche in recognition of my many years of excellent performance as an employee of LaRuche and as incentive to keep me in the employ of LaRuche.

9. The $25,000 check I gave to LaRuche on or about January 20, 2000 was not payment for any ownership share in LaRuche and was instead, part of CAI's purchase price of the Building.

10. I wrote the $25,000 check and made it payable to LaRuche at the behest of J. Cauderlier, who told me at the time that I would become a shareholder in CAI.

11. The $25,000 check which I gave to LaRuche was, in fact, used by CAI a part of the down payment toward the purchase of the Building, to the best of my knowledge.

12. I am a part owner of Cauderlier & Associates, Inc. ("CAI").

13. J. Cauderlier stated in the presence of Mr. Natthani and others, at the settlement table, that I am an owner of CAI.

14. J. Cauderlier stated in the presence of Mr. Natthani and others, before and after settlement, that I am an owner of CAI.

15. Mr. Natthani has always recognized me as an owner of CAI.

16. After CAI bought the Building, I received many telephone calls from Mr. Natthani regarding payments from CAI that were past due.

17. Mr. Natthani addressed his inquiries about the overdue payments to me in my capacity as an owner of CAI.

2

18. I believe that CAI's use of funds paid through LaRuche means that LaRuche and CAI did not always distinguish between which company owned which monies.

19. It is my position that, as a result of the commingling of funds between LaRuche and CAI, LaRuche either owns CAI or owns all the assets of CAI, including the Building.

20. Since I am a part owner in LaRuche, and since CAI is the alter ego of LaRuche, I am the owner of an additional share of CAI or the owner of an additional portion of the assets of CAI, including the Building, aside from the shares I own in CAI by virtue of having paid the aforementioned $25,000 to LaRuche.

21. The $25,000 check I made payable to LaRuche the night before the settlement on the Property enabled LaRuche to pay Mahesh Natthani $25,000, as part of the purchase price that CAI was paying for the Building.

22. LaRuche has made many payments directly to Mahesh Natthani, as payment on the note given by CAI to Mr. Nattani in connection with CAI's purchase of the Building.

23. Upon information and belief, LaRuche has made many payments to First Union Bank, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building.

24. To the best of my knowledge, the copies of checks drawn on the account of LaRuche, Inc., and made a part of Exhibit B are true and accurate.

The foregoing statements are true and correct to the best of my information, knowledge and belief.

_____
Sergio Zambrana

District of Columbia, ss:

I, _____, a Notary Public in and for the District of Columbia, do hereby state that on this _____ day of September, 2005, before me personally appeared Sergio Zambrana, who, being well known to me executed the within document as his act and deed.

GIVEN under my hand and official seal this _____ day of September, 2005.

_____   Kris Megna
Notary Public                 Notary Public, District of Columbia
                              My Commission Expires 10-14-2009

F:\WP_FILES\CLIENTS\04300.101\Affidavit of Sergio Zambrana..wpd

4