IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cauderlier & Associates, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:05-cv-01653-ESH |
| v. ) | |
| ) | |
| Sergio Zambrana, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, TO JOIN INDISPENSABLE PARTIES**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

DISCUSSION ..........................................................................................................................2

ARGUMENT ...........................................................................................................................3

I.    MR. CAUDERLIER IS NOT A NECESSARY PARTY LET ALONE
INDISPENSABLE ........................................................................................................4

II.    LA RUCHE IS NOT A NECESSARY PARTY............................................................7

CONCLUSION ......................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Freiman v. Lazur*, 925 F. Supp. 14 (D.D.C. 1996) ............................................................... 6

*\*OAO Healthcare Solutions, Inc. v. National Alliance of Postal & Federal Employees*, No. 03-1773, 2005 U.S. Dist. LEXIS 5186 (D.D.C. Jan. 18, 2005) ................................................................................. 3, 8, 9, 10

*\*Park v. Didden*, 695 F.2d 626 (D.C. Cir. 1982) ....................................................... 3, 7, 9

*\*Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43 (D.D.C. 2003) ....... 3, 4, 5, 7, 8, 9, 10

*\*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) ............... 3, 9

*Temple v. Synthes Corp.*, 498 U.S. 5 (1990) ..................................................................... 3

*United States Fire Insurance Co. v. Milton Co.*, 938 F. Supp. 56 (D.D.C. 1996) ............... 7

*Washington v. Daley*, 173 F.3d 1158 (9th Cir. 1999) ......................................................... 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 19 ....................................................................................................... 1, 4, 7

Fed. R. Civ. P. 19(a) ............................................................................................. 4, 5, 6, 7, 8

Fed. R. Civ. P. 19(b) ................................................................................................ 5, 7, 8, 9

\* Cases principally relied upon.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cauderlier & Associates, Inc., | ) |
| Plaintiff, | ) |
| v. | ) 1:05-cv-01653-ESH |
| Sergio Zambrana, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, TO JOIN INDISPENSABLE PARTIES**

Cauderlier & Associates, Inc. ("CAI") respectfully submits this Opposition to defendant's motion to dismiss the complaint or, in the alternative, motion to join indispensable parties ("Motion").

## PRELIMINARY STATEMENT

Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 19 based on the erroneous assertion that complete relief cannot be granted among the named parties. In a futile attempt to portray this action as something larger than it is, defendant maintains that Jean Claude Cauderlier and La Ruche, Inc. ("La Ruche") are "indispensable" parties to this litigation who must be joined. Knowing that joinder of La Ruche will destroy diversity of citizenship, defendant contends that dismissal is required. Neither Mr. Cauderlier nor La Ruche are necessary or proper parties to this suit, let alone indispensable. They are potential witnesses at best. CAI brought this lawsuit to determine a single issue: whether Mr. Zambrana has any ownership interest in CAI. The Court can fully afford complete relief in the absence of Mr. Cauderlier and La Ruche. For the reasons set forth below, defendant's motion should be denied.

Defendant moved, in the alternative, to compel joinder of Mr. Cauderlier as an additional plaintiff and La Ruche as an additional defendant. Defendant's alternative motion is likewise without merit. It is nothing more than a transparent attempt to destroy diversity jurisdiction in this case to force CAI to seek redress in a different forum. Defendant's Motion should be denied in its entirety.

## DISCUSSION

As stated fully and explicitly in the Complaint, CAI has instituted this lawsuit to confirm that Mr. Cauderlier is CAI's sole owner. This lawsuit arose out of defendant's mistaken assertion that he has a 10 percent ownership interest in CAI-- i.e., that he owns 10 percent of CAI's outstanding shares. CAI, as plaintiff, has the power to frame the dispute. This case, properly before this Court, seeks adjudication of the identity of CAI's shareholders.

In his Motion, defendant endeavors to muddy the waters by alleging that "this lawsuit is not as simple as it appears to be on its face." (Motion at 2). In framing "issues" that defendant maintains are so "entwined" with the determination of CAI's ownership, defendant describes a convoluted web of corporate ownership between and among CAI, Mr. Zambrana, Mr. Cauderlier, and La Ruche -- a wholly distinct and separate corporation. Defendant uses hollow buzz-words like "alter ego," "commingling of funds," and "misappropriation of funds" to support his claim that Mr. Cauderlier is an indispensable plaintiff and La Ruche is an indispensable defendant. (Motion at 2). Mere mention of these speculative and conclusory allegations, however, does not make them a part of this lawsuit. Such claims are red herrings and have nothing to do with the case at bar. The only issue presented before this Court is whether defendant has any ownership interest in CAI.

In support of his Motion, defendant sets forth 25 enumerated paragraphs entitled "Pertinent Fact and Related Issues," and attaches his own Affidavit. (Motion at 3-6; "Affidavit of Defendant, Sergio Zambrana"). Many of the "facts" and "issues" stated, however, are neither pertinent nor related. In fact, they are outside the scope of this litigation and read like a

2

complaint in another lawsuit. The portions of the Motion that discuss "Mr. Zambrana's Ownership in La Ruche," and "The Relationship Between CAI and La Ruche" are irrelevant to the determination of CAI's ownership. (Motion at 4-6). Indeed, those portions could be a different dispute waged by defendant himself. To the extent that defendant maintains in his Motion and attached Affidavit, however, that he acquired an ownership interest in CAI, those "facts," though disputed by CAI, are relevant to the case at hand and are at issue. Regardless, those "facts" do not support defendant's Motion nor his assertion under Rule 19 that Mr. Cauderlier and La Ruche are indispensable parties to this litigation without whom this case cannot go forward.

## ARGUMENT

Whether a person must be joined under Rule 19 is largely factual, completely within the Court's discretion, and is determined in the context of a particular litigation. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968) (vacating and remanding Third Circuit's finding that the plaintiff failed to join an indispensable party under Rule 19); *OAO Healthcare Solutions, Inc. v. Nat'l Alliance of Postal & Fed. Employees*, No. 03-1773, 2005 U.S. Dist. LEXIS 5186, at *5 (D.D.C. Jan. 18, 2005) (denying defendant's motion to dismiss under Rule 19). A three-prong test must be applied:

> Before dismissing an action under the aegis of Rule 19, the district court must be positioned to say, with the security afforded by careful, practically-oriented exploration and evaluation of the facts and circumstances of the particular case: 1) one or more persons not joined as a party is indeed "needed for just adjudication," 2) joinder of such person(s) is not feasible, and 3) dismissal is preferable to adjudication without the unjoined person(s).

*Park v. Didden*, 695 F.2d 626, 628-29 (D.C. Cir. 1982); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990); *OAO Healthcare Solutions*, 2005 U.S. Dist. LEXIS 5186, at *5; *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 51 (D.D.C. 2003). The threshold question is whether the party is "necessary." *Id.* If the answer is yes, the party should be joined "if feasible." *Id.* If the party is deemed necessary, but joinder of the party is not feasible, then the movant must show

3

that the party not joined is "indispensable" – that "in equity and good conscience" the case should not proceed without the party in question -- and the court should dismiss the case. *Id*; Fed. R. Civ. P. 19.

### I. MR. CAUDERLIER IS NOT A NECESSARY PARTY LET ALONE INDISPENSABLE

Contrary to defendant's presentation of the issue in its Motion, before the Court considers whether a party is indispensable, it must first determine that the party is necessary. Fed. R. Civ. P. 19. Under Rule 19(a), so long as the absent party is subject to service of process and would not deprive the court of jurisdiction, it should be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a); *see also Primax Recoveries*, 260 F. Supp. 2d at 51.

In *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, the Court's ruling underscored the importance of determining a party's status before assessing whether it is indispensable under Rule 19. *See id.* ("In this case, it is questionable whether even the first prong of Rule 19 is met . . . ."). There, the plaintiff, administrator of the George Washington University Health Plan (the "Plan"), brought suit against Ms. Lee, a member of the Plan, seeking reimbursement for medical expenses the Plan paid on her behalf. *See Primax Recoveries*, 260 F. Supp. 2d at 45-46. Ms. Lee moved to dismiss on four grounds including failure to join an indispensable party, the Plan. *See id.* at 46. Defendant contended that, because the Plan is an indispensable party, the plaintiff's failure to join the Plan would unfairly prejudice her. *See id.* The court, recognizing that defendant put the cart before the horse, began its analysis under the first prong of Rule 19(a), before it got to the issue of indispensability. Upon analysis under Rule 19(a), the court determined that: (1) complete relief could be afforded among the named parties because

4

plaintiff and the Plan were in privity; (2) plaintiff alone had the rights to the claim against the defendant, thus no interest of the Plan will go unprotected; and (3) defendant was not vulnerable to duplicative litigation by the Plan because it had no interest in the claims asserted against defendant. *See id*. at 50-51 ("Furthermore, since the Plan has not expressed any interest in this action, it appears that the Plan is not a party to be joined if feasible under Rule 19(a)."). [1]

In this case, to determine if Mr. Cauderlier is a necessary party, the Court must first examine whether Mr. Cauderlier meets the requirements of Rule 19(a). Defendant argues that because CAI asserts in paragraph 34 of the Complaint that defendant's claimed ownership interest in CAI "compromises *Mr. Cauderlier's* ability to sell La Ruche, the Property, and/or CAI," that Mr. Cauderlier, not CAI, should have filed the Complaint in this matter. (Motion at 7; Compl. at 34).[2] As a result, defendant maintains, "this set of circumstances leaves *only one conclusion*: complete relief cannot be accorded to plaintiff and defendant herein . . . ." (Motion at 7 citing Fed. R. Civ. P. 19(a)(1)) (emphasis added). Such a conclusion is completely off the mark.

Despite the fundamental tenet of jurisprudence that a plaintiff has the prerogative to frame the dispute, the fact that Mr. Cauderlier could have brought this lawsuit is immaterial. CAI has a cognizable legal interest in a judicial determination of who its shareholders are. Mr. Zambrana asserts that he is. CAI rejects Mr. Zambrana's contention. Because of the controversy over ownership, CAI brought this case to answer the question with finality and to remove any uncertainty about who its owners are. This determination does not require the participation of either Mr. Cauderlier or La Ruche. Joinder is only required when nonjoinder precludes the court from rendering complete justice *among those already joined*. *See* Fed. R. Civ. P. 19(a); *Freiman*

---

[1] Despite knowing that its inquiry could have ended here, the court proceeded with the analysis under Rule 19(b) and found that the Plan is not indispensable. *See id.* at 51 ("Even if the Court were to treat the Plan as a party to be joined if feasible, the Court would readily conclude that 'in equity and good conscience the action should proceed among the parties before it'").

[2] Defendant mistakenly cites paragraph 21 for this assertion.

5

*v. Lazur*, 925 F. Supp. 14, 26 (D.D.C. 1996) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1692 (1986) (joinder denied -- the purpose of joinder is to "promote the full adjudication of disputes with a minimum of litigation effort")). The only two parties needed for the Court to determine the ownership interest in CAI are: CAI and defendant. CAI does not dispute that Mr. Cauderlier is its sole shareholder, therefore there is no claim between CAI and Mr. Cauderlier. CAI does, however, dispute defendant's claimed ownership interest. This Court can resolve that dispute wholly and completely with the parties now before it.

Defendant further argues under Rule 19(a)(2)(ii) that if Mr. Cauderlier is not added as a party plaintiff, and defendant prevails in this Court, then defendant "could still face a lawsuit brought by [Mr.] Cauderlier that might be virtually identical, but for the name of the plaintiff, to the suit now pending." (Motion at 7). This argument is without merit. First, it is not enough under Rule 19(a)(2)(ii) to claim a possible, hypothetical, or speculative harm, it requires that there be a "substantial risk" of harm. Second, pending before the Court, is the question of CAI's ownership. Considering the principles of *stare decisis* and *res judicata* that would attach to the determination of CAI's ownership, no matter the Court's ultimate ruling, the chances of defendant facing a "virtually identical" lawsuit, are slim to none.

As is required by the Rule, defendant raises the notion that failure to join Mr. Cauderlier as a plaintiff could, "as a practical matter," impair Mr. Cauderlier's ability to protect his own interest. Given that Mr. Cauderlier's interest and CAI's interest are completely in line, Mr. Cauderlier is not at risk. *See Washington v. Daley*, 173 F.3d 1158, 1167-68 (9th Cir. 1999) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by the existing parties to the suit.").

Based on the foregoing analysis, it is plain that Mr. Cauderlier is not a "necessary party," and therefore the analysis under Rule 19 should end and the Court should deny defendant's request to join Mr. Cauderlier as a party plaintiff.

6

In a last ditch attempt to establish that Mr. Cauderlier is a necessary party and subject to joinder under Rule 19, defendant haphazardly asserts that, "based on the facts alleged in the Complaint alone, and the relief sought, it is indisputable that [Mr.] Cauderlier is indispensable." (Motion at 8). Assertively affirming that Mr. Cauderlier is "indispensable" under Rule 19, and as such must be joined in the lawsuit, is an incorrect application of the Rule. Under Rule 19 jurisprudence, the term "indispensable" is applied in a conclusory sense,

> To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him.

*Park v. Didden*, 695 F.2d at 628-29 (quoting *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 119). The analysis of an absentee's "indispensability," is central to the analysis under Rule 19(b), and operates under the presumption that the absentee has already been deemed a necessary party under Rule 19(a). *See United States Fire Ins. Co. v. Milton Co.*, 938 F. Supp. 56, 57 (D.D.C. 1996) (denying defendants' motion to dismiss because absent party was merely necessary not indispensable). Upon examination of the case before it, the Court can certainly proceed without Mr. Cauderlier as party.[3]

## II.    LA RUCHE IS NOT A NECESSARY PARTY

Defendant, in continuing to treat this lawsuit as if he initiated it, argues that La Ruche is an "indispensable party" and, as such, should be joined as a defendant in this action. Defendant's unpersuasive rationale is his baseless assertion that the $25,000 he paid to La Ruche on January 21, 2000 was "used by CAI as part of the down payment toward the purchase of the Building[4] . . . by CAI . . . [and] ostensibly, then, La Ruche has claims against CAI, and possibly [Mr.]

---

[3] Claiming Mr. Cauderlier is a necessary party, defendant gratuitously asserts a litany of counterclaims that he believes he could assert against CAI and/or Mr. Cauderlier. (Motion at 7). The fact that defendant may or may not have claims against either CAI and/or Mr. Cauderlier is not relevant to the joinder analysis under Rule 19. *See Primax Recoveries*, 260 F. Supp. 2d at 51.

[4] The "Building" is the real property and building located at 1035, 1037, and 1039 31st Street, N.W., Washington, D.C. 2007 (defined as the "Property" in the Complaint).

Cauderlier, for misappropriation of funds, wrongful commingling of funds, constructive trust, unjust enrichment, and for an accounting, among other things." (Motion at 8).

As stated in the Complaint, La Ruche is a separate and independent entity from CAI. (Compl. at 2-3; ¶¶ 5-15). Defendant's relationship with La Ruche is distinct from defendant's relationship with CAI. Accordingly, La Ruche has no bearing and can shed no light on the declaration of CAI's ownership and La Ruche is not "integral to the fair disposition" of the issue at hand. *OAO Healthcare Solutions,* 2005 U.S. Dist. LEXIS 5186, at *10 - *11 (absent party's relationship with defendant is separate and distinct from plaintiff's relationship with defendant thus complete relief could be granted among named parties). Thus, complete relief can be accorded between defendant and CAI.

Moreover, La Ruche has no ownership interest, nor does it assert an ownership interest in CAI, and therefore Rule 19(a)(2) is inapplicable. *See id.* (although defendants believe that absentee would aid in the disposition of the litigation, it need not be joined because it claims no interest in the subject matter of the action making Rule 19(a)(2) inapplicable); *Primax Recoveries,* 260 F. Supp. 2d at 51 (party not joined under Rule 19(a) because plaintiff is the sole possessor of the rights being asserted against defendant and the absent party has not expressed any interest in the litigation). Like Mr. Cauderlier, La Ruche is not a necessary party under Rule 19(a) and therefore defendant's Motion to join La Ruche should be denied.[5]

Despite La Ruche's failure to pass muster under Rule 19(a), defendant argues the next step in the analysis. As defendant correctly points out, joinder of La Ruche is not feasible because it would destroy the diversity of citizenship among the parties and divest this Court of jurisdiction. Under Rule 19(b), if a party described by Rule 19(a) cannot be joined, then, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as

---

[5] Defendant also superfluously asserts that in this action, the Court should determine La Ruche's stockholders' respective ownership shares. (Motion at 8). If that were a necessary lawsuit at all, it is for a different time and a different place and it is completely irrelevant to the determination of CAI's ownership.

8

indispensable." Fed. R. Civ. P. 19(b). Thus, even if a party is "necessary" it is not automatically "indispensable." "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 118-19. The Court, even with a finding that a party is necessary, may deny dismissal of the action for failure to prove a party's indispensability. "To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely 'necessary' while the decision to dismiss is a decision that he is 'indispensable.'" *Id* at 118-119.

Rule 19(b) provides four factors to be examined to determine whether, in equity and good conscience, a lawsuit should proceed without an allegedly indispensable party: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which the prejudice can be lessened or avoided by protective provisions or the nature of the relief; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *OAO Healthcare Solutions,* 2005 U.S. Dist. LEXIS 5186, at *10 (quoting Fed. R. Civ. P. 19(b)).

Not surprisingly, defendant's analysis of these factors lacks substance. Defendant merely summarily concludes that "there is no manner by which the Court could fashion a solution to the potential prejudice and inadequacy of remedies that La Ruche's absence would bring to this case; the four factors the Court must consider under Rule 19(b) simply cannot be satisfied if La Ruche is not joined as a party." (Motion at 10).

Upon properly analyzing the four factors of Rule 19(b), "the Court would readily conclude that 'in equity and good conscience the action should proceed among the parties before it.'" *Primax Recoveries*, 260 F. Supp. 2d at 51 (quoting Fed. R. Civ. P. 19(b)) (defendant's motion to dismiss under Rule 19 denied because absentee not indispensable); *Park v. Didden*, 695 F.2d at 628-29 (reversing district court's granting of defendant's motion to dismiss under Rule 19 and remanding); *OAO Healthcare Solutions,* 2005 U.S. Dist. LEXIS 5186, at *11

9

(defendants' motion to dismiss under Rule 19 denied). Neither La Ruche nor defendant will suffer prejudice if a judgment is rendered in La Ruche's absence because La Ruche claims no interest in CAI and defendant remains free to raise any claim against La Ruche in a separate action. *See Primax Recoveries,* 260 F. Supp. 2d at 51 ("To the extent that defendant is prejudiced by the burden of filing a separate claim, the Court finds that prejudice to be minimal and insufficient to justify dismissal of this action.").

Second, defendant will not suffer any prejudice in the form of vulnerability to future lawsuits by La Ruche because La Ruche asserts no interest in CAI. Third, any judgment rendered in La Ruche's absence will be fully adequate because the only question before the Court is the determination of CAI's ownership, of which La Ruche claims none. Finally, CAI is "certain to suffer some degree of prejudice if this case is dismissed, since it will be forced unnecessarily to re-initiate the suit" in the Superior Court of the District of Columbia or some other competent jurisdiction. *See id.* at 52. For these reasons, the Court must conclude that La Ruche is not an indispensable party to this litigation and thus, it must deny defendant's Rule 19 Motion.

## CONCLUSION

For the reasons set forth above, the Court should deny defendant's Motion in its entirety.

Respectfully submitted,

_____
Robert L. Green, Jr. (D.C. Bar No. 935775)
Suzanne R. Clement (D.C. Bar No. 478569)
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
clements@howrey.com

Attorneys for
Cauderlier & Associates, Inc.

Dated: September 26, 2005

11

Copies To:

Robert L. Green, Jr., Esq.
Suzanne R. Clement, Esq.
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
greenr@howrey.com
clements@howrey.com

Benny L. Kass, Esq.
Jeffery M. Hamberger, Esq.
1050 17th Street, N.W.  #1100
Washington, D.C.  20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that at true and correct copy of Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint or, in the alternative, Motion to Join Indispensable Parties, and proposed Order was served this 26th day of September, 2005, by email and U.S. Mail, postage prepaid, upon:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
1050 17th St., N.W. #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500

_____
Suzanne R. Clement