IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cauderlier & Associates, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Sergio Zambrana, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) 1:05-cv-01653-ESH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MEET AND CONFER STATEMENT
## PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Fed. R. Civ. P. 26(f) and L.Cv.R.16.3, the parties jointly submit the following discovery plan and Joint Meet And Confer Statement. In order to develop this plan and Meet And Confer Statement, a meeting was held on October 12, 2005, via teleconference, and was attended by: Suzanne R. Clement for Plaintiff Cauderlier & Associates, Inc. ("CAI"), and Jeffrey M. Hamberger for Defendant Sergio Zambrana.

I.  **SUMMARY OF THE CASE**

This action arises from the Complaint filed by CAI on August 17, 2005 ("Complaint") against Mr. Zambrana for declaratory judgment regarding the ownership of CAI. Specifically, CAI seeks a declaratory judgment that: (1) Jean Claude Cauderlier is the sole shareholder and has 100 percent ownership of CAI; and (2) Mr. Zambrana has no ownership interest in CAI. (Compl. at 5). The statutory bases giving rise to this action are 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

II.  **PROPOSED SCHEDULE**

The parties propose that this case proceed according to the following schedule:

A.  **Joinder/Amended Pleadings:** By Order dated October 4, 2005, Judge Huvelle found that neither Jean Claude Cauderlier nor La Ruche is a necessary party within the meaning of Fed. R. Civ. P. Rule 19(a), and found that neither is an indispensable party within the meaning of Rule 19(b). In light of the Court's ruling, Plaintiff contends that, neither Jean Claude Cauderlier nor La Ruche, Inc. is a necessary or indispensable party under Fed. R. Civ. P. Rule 19 and therefore need not be joined. As stated in his initial motion to dismiss, Defendant contends that Jean Claude Cauderlier and La Ruche, Inc. are necessary and indispensable parties under Fed. R. Civ. P. Rule 19 and therefore should be joined in this action. Defendant notes that the Court used the qualification "[a]s of this time," when denying Defendant's motion to dismiss. Therefore, Defendant is contemplating filing third-party claims against Mr. Cauderlier and La Ruche, Inc., after the Court has conducted the Scheduling Conference on October 27, 2005. Any motion for joinder of additional parties or amendment of pleadings shall be filed in accordance with the federal rules.

B.  **Discovery:**

(1) The plaintiff does not believe that there is a need for initial disclosures under Fed. R. Civ. P. 26(a)(1) and therefore proposes that they be dispensed with.

(2) The defendant proposes to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **Thursday, November 10, 2005,** with corresponding documents to be produced on a rolling basis after that date.

(3) At this time, the plaintiff does not anticipate the need for expert discovery and/or testimony in this case. The defendant, however, believes that there will be a need for expert discovery and/or testimony regarding the values of corporate stock, business(es) and certain real estate. Defendant also anticipates engaging a forensic accountant.

(4) All fact discovery, including responses to, interrogatories, requests for documents, requests for admissions (except for those propounded for authentication purposes), depositions, and briefing on any motion to compel, will be completed by **Tuesday, February 28, 2006**.

(5) Responses to requests for admissions propounded for authentication purposes will be completed by **Tuesday, March 7, 2006.**

C. **Dispositive Motions:** The parties agree that dispositive motions and/or cross-motions will be filed by **Tuesday, April 4, 2006**, opposition briefs and/or cross-motions will be filed by **Tuesday, May 2, 2006**, and reply briefs by **Tuesday, May 16, 2006**. The proposed date for the Court's decision is **Tuesday, June 13, 2006.**

D. **Pretrial Conference:** A final pretrial conference if necessary, shall occur on **Friday, July 7, 2006**.

3

    E.    **Trial Date:**  The Court should set a trial date at the pretrial conference, but trial should be scheduled for no earlier than **Tuesday, July 25, 2006.**

III.    **SUMMARY OF RULE 16.3 DISCUSSION**

The parties have discussed the 14 issues listed in Local Civil Rule 16.3(c) and provide the following report:

(1)    This case may likely be disposed of by a dispositive motion, except for damages.

(2)    As noted in the above schedule, any motion for joinder of additional parties or to amend pleadings shall be filed in accordance with the federal rules. At this time, no factual or legal issues have been agreed upon or narrowed; however, the parties may be able to reach such an agreement after further discovery in this case.

(3)    This case should not be assigned to a magistrate judge for any purposes.

(4)    Based upon a meeting between the parties on October 12, 2005, settlement is a possibility for the future. However, the parties have not yet engaged in any concrete settlement discussions as of this date.

(5)    Both parties agree that this case could benefit from the Court's alternative dispute resolution procedures or other forms of alternative dispute resolution ("ADR"); however, the discovery schedule outlined above should remain in effect and the case should not be stayed pending any attempt at ADR.

(6)    This case could likely be resolved by summary judgment. As noted in the above schedule, the proposed deadline for filing dispositive motions is April 4, 2006, with oppositions due May 2, 2006, and replies due May 16, 2006. The proposed date for the Court's decision is June 13, 2006.

(7)     The parties disagree as to whether they should dispense with the Fed. R. Civ. P. Rule 26(a)(1) initial disclosures. Plaintiff believes that the initial disclosures are not necessary. Defendant proposes that the parties should exchange their initial disclosures by November 10, 2005.

(8)     The extent of discovery in this case calls for a discovery period that will continue until the close of discovery on February 28, 2006. Plaintiff believes that a protective order is necessary, to limit the use of discovery materials to this case only. Defendant would consent to such a protective order only if an exception were made such that the materials could be used in any other litigation among the parties hereto, Jean Claude Cauderlier, and/or LaRuche, Inc. The parties anticipate 5 depositions per side and the presumptive limit of 25 interrogatories per side, as set forth in Fed. R. Civ. P. 33(a), should be sufficient.

(9)     The parties agree that there may be a need for expert testimony on the issue of damages.

(10)    Item 10 does not apply because this case is not a class action.

(11)    The trial and discovery should not be bifurcated or conducted in stages.

(12)    The pretrial conference should occur after June 30, 2006.

(13)    The Court should set a trial date at the pretrial conference. The parties expect they would be ready for trial in late July 2006.

(14)    The parties have no other matter appropriate for inclusion in the scheduling order.

Respectfully submitted,

| | |
|---|---|
| /s/ Robert L. Green, Jr. | /s/ Jeffrey M. Hamberger |
| Robert L. Green, Jr. (DC Bar No. 935775) | Benny L. Kass (DC Bar No. 025155) |
| Suzanne R. Clement (DC Bar No. 478569) | Jeffrey M. Hamberger (DC Bar No. 930362) |
| HOWREY, LLP | KASS, MITEK & KASS, PLC |
| 1299 Pennsylvania Ave., N.W. | 1050 17th St., N.W. #1100 |
| Washington, D.C. 20004 | Washington, D.C. 20036 |
| (202) 783-0800/(202) 383-6610 – facsimile | (202) 659-6500 |
| greenr@howrey.com | blkass@kmklawyers.com |
| clements@howrey.com | jhamberger@kmklawerys.com |
| *Counsel for Plaintiff CAI* | *Counsel for Defendant Sergio Zambrana* |

Dated: October 21, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 21st day of October 2005, as indicated below, to:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
KASS, MITEK & KASS, PLC
1050 17th St., N.W. #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500

*Counsel for Defendant Sergio Zambrana*

Robert L. Green