IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

Plaintiff

v.

SERGIO ZAMBRANA

Defendant

Civil Case No. 1:05CV01653
Judge Ellen Segal Huvelle

## ANSWER AND COUNTERCLAIM

## ANSWER

Defendant, Sergio Zambrana, by and through counsel, states that the first sentence of the introductory paragraph in the Complaint is a jurisdictional allegation to which no response is required.  Defendant denies the remainder of the allegations set forth in said introductory paragraph and demands strict proof thereof.  Defendant hereby answers each numbered paragraph of the Complaint as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 1; therefore, denied.  Defendant denies the allegations set forth in the second sentence of paragraph 1; defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence of paragraph 1; therefore, denied.

2.      Defendant admits the allegations set forth in the first sentence of paragraph 2; defendant admits that he is the manager of Café LaRuche and owns ten percent (10%) or more of the outstanding shares of LaRuche, Inc.

3.     These are jurisdictional allegations to which no response is required.   If any response is required, then defendant demands strict proof thereof.

4.     This is a venue allegation to which no response is required.  If any response is required, then denied.

5.     The allegations set forth in paragraph 5 are admitted.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6; therefore, denied.

7.     The allegations set forth in paragraph 7 are admitted.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8; therefore, denied.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9; therefore, denied.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10; therefore, denied.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11; therefore, denied.  Furthermore, the allegations give no reference to time so as to make them incapable of being responded to.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12; therefore, denied.  Furthermore, the allegations give no reference to time so as to make them incapable of being responded to.

13.     The allegations set forth in paragraph 13 are denied.

14.     Defendant admits remitting a check in the amount of $25,000 to LaRuche, Inc., but denies the remaining allegations set forth in paragraph 14.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15; therefore, denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16, except that defendant admits that he is a director and officer of CAI.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17; therefore, denied.

18.     The allegations set forth in paragraph 18 are denied.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19; therefore, denied.

20.     The allegations set forth in paragraph 20 are denied.

21.     The allegations set forth in paragraph 21 are denied.

22.     The allegations set forth in paragraph 22 are denied.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23; therefore, denied.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24; therefore, denied.

25.     The allegations set forth in paragraph 25 are denied.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26; therefore, denied.

27.     Defendant admits the allegations set forth in paragraph 27, except that defendant asserts that said actions occurred in late 2003.

28.     Defendant admits the allegations set forth in paragraph 28.

29.     Defendant admits the allegations set forth in paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30; therefore, denied.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31; therefore, denied.

32.     Defendant denies the allegations set forth in paragraph 32.

33.     Defendant admits the allegations set forth in paragraph 33.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34; therefore, denied.

35.     No response is required to paragraph 35.

36.     Defendant denies the allegations set forth in paragraph 36.

37.     Defendant denies the allegations set forth in paragraph 37.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38; therefore, denied.

39.     Defendant admits that he owns at least ten percent (10%) of the outstanding shares of LaRuche, Inc.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40; therefore, denied.

41.     Defendant admits the allegations set forth in paragraph 41.

42.    Defendant admits the allegations set forth in the first sentence of paragraph 42.

Defendant denies the remaining allegations set forth in paragraph 42.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has failed to mitigate its damages.

### Third Defense

Plaintiff is estopped from asserting each and every claim of the Complaint by virtue of its

own conduct and/or omissions, or by virtue of various settlements reached.

### Fourth Defense

Plaintiffs' claims are barred due to their arbitrary, capricious, frivolous, improper and

retaliatory nature.

### Fifth Defense

Plaintiffs' claims are barred by bad faith.

### Sixth Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Seventh Defense

Plaintiff'ss' claims are barred by the doctrine of waiver.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Ninth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## COUNTERCLAIM

### Parties

1.      Defendant/counter-plaintiff, Sergio Zambrana ("Mr. Zambrana"), is an adult

citizen of the State of Maryland, over the age of eighteen (18) years, and brings this action on his

own behalf.

2.      Upon information and belief, plaintiff/counter-defendant, Cauderlier &

Associates, Inc. ("CAI"), is a corporation created under the laws of the District of Columbia,

with its principal place of business being located at 1039 31st Street, N.W., Washington, D.C.

### Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332, inasmuch as this action is between citizens of different states and the amount in

controversy exceeds, exclusive of interest and costs, the sum or value of Seventy-Five Thousand

Dollars ($75,000.00).  In addition, the controversy asserted herein gives rise to the action

pursuant to 28 U.S.C. § 2201.

4.      Venue is appropriate under 28 U.S.C. § 1391 since a substantial part of the events

or omissions giving rise to the claims complained of herein occurred in the District of Columbia,

and the corporate plaintiff/counter-defendant, Cauderlier & Associates, Inc., is situated in the

District of Columbia.

**Facts**

5.      Upon information and belief, some or all the stock of Cauderlier & Associates,

Inc. is owned by LaRuche, Inc. ("LaRuche").

6.      LaRuche, Inc. owns Café LaRuche, a restaurant located at 1039 31st Street, N.W.,

Washington, D.C.

7.      J. Cauderlier operates Café LaRuche, and, for many years prior to 2000, and

thereafter, Mr. Zambrana was in charge of LaRuche's kitchen and was a highly valued employee

of LaRuche, Inc.

8.      Mr. Zambrana and J. Cauderlier had, prior to 2000, worked together for over 20

years, and Mr. Zambrana had developed a high level of trust in J. Cauderlier.

9.      Sometime before January 20, 2000, J. Cauderlier advised Mr. Zambrana that CAI

would be purchasing the real property and building located at 1035, 1037 1039 31st Street, N.W.,

Washington, D.C. 20007, at which location Café LaRuche did business.

10.      During said time frame, J. Cauderlier advised Mr. Zambrana that, if Mr.

Zambrana paid the sum of Twenty-Five Thousand Dollars ($25,000.00) to LaRuche, ostensibly

on behalf of CAI, Mr. Zambrana would be entitled to an ownership interest in CAI and/or the

Building (to be) owned by CAI.

11.     On or about January 20, 2000, at the behest of J. Cauderlier, Mr. Zambrana paid the sum of $25,000.00 by personal check to LaRuche, which check was dated January 21, 2000.

12.     At all times herein leading up to the purchase of the Building, J. Cauderlier owned a majority, if not all, of the shares in CAI.

13.     At all times herein leading up to the purchase of the Building, J. Cauderlier owned a majority of the shares in LaRuche.

14.     At all times herein leading up to the purchase of the Building, Mr. Zambrana owned at least ten percent (10%) of the shares in LaRuche.

15.     The $25,000 check Mr. Zambrana gave to LaRuche on or about January 20, 2000 was not payment for any ownership share in LaRuche and was, instead, part of CAI's purchase price of the Building.

16.     Settlement on the purchase of the Building by CAI took place on or about January 21, 2000, at which settlement Mr. Zambrana and J. Cauderlier were present.

17.     Upon information and belief, the $25,000 personal check which Mr. Zambrana gave to LaRuche was, in fact, used by CAI as part of the down payment CAI paid toward the purchase of the Building.

18.     Upon information and belief, since January 21, 2000, LaRuche has made many payments directly to the seller of the Building, on behalf of CAI, as payment on the deed of trust note given by CAI to said seller.

19.      Upon information and belief, since January 21, 2000, LaRuche has made many payments to First Union Bank, on behalf of CAI, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building.

20. By virtue of his capital investment in CAI, as aforesaid, Mr. Zambrana is a part owner of Cauderlier & Associates, Inc., and either owns the stock in CAI, or owns a proportionate share of the Building to which CAI claims ownership.

## Count I: For an Accounting

21. The allegations set forth in paragraphs 1 through 20 of the Counterclaim are incorporated herein.

22. Upon information and belief, CAI and LaRuche do not always distinguish between which company owns which assets.

23. Upon information and belief, as a result of CAI and LaRuche's failure to make the proper distinctions between the companies' respective assets, monies of CAI have been commingled with monies of LaRuche.

24. Since Mr. Zambrana paid $25,000 on behalf of CAI, which monies enabled CAI to purchase the Building, Mr. Zambrana holds an ownership position in CAI, and/or the Building.

25. Since Mr. Zambrana (i) owns stock in LaRuche, (ii) LaRuche owns some of all of the stock in CAI, and (iii) CAI owns the Building or purchased the Building on behalf of its shareholders, Mr. Zambrana holds an ownership position CAI, and/or the Building.

26. Mr. Zambrana is entitled to an accounting of the assets owned by CAI.

## Count II: Declaratory Judgment

27. The allegations set forth in paragraphs 1 through 26 of the Counterclaim are incorporated herein.

28.      Since Mr. Zambrana paid monies that were intended to be used, and were, in fact

used, to enable CAI to purchase the Building, Mr. Zambrana holds an ownership position in,

CAI, and/or in the Building.

29.      Mr. Zambrana is entitled to a judicial determination of his ownership share in the

assets of CAI and/or in the Building, if separate.

**Count III: Declaratory Judgment**

30.      The allegations set forth in paragraphs 1 through 29 of the Counterclaim are

incorporated herein.

31.      The $25,000 check Mr. Zambrana made payable to LaRuche the night before the

settlement on the Property enabled LaRuche to pay the Seller of the Building the sum of $25,000,

as part of the purchase price that CAI was paying for the Building.

32.      As a result of the commingling of funds between LaRuche and CAI, LaRuche

either owns CAI or owns all the assets of CAI, including the Building.

33.      Since  Mr. Zambrana is a part owner in LaRuche, and since CAI is the alter ego of

LaRuche, Mr. Zambrana is the owner of an additional portion of CAI, including the Building,

over and above the shares Mr. Zambrana obtained in CAI by virtue of having paid the

aforementioned $25,000 toward the purchase of the Building.

34.      Mr. Zambrana is entitled to a judicial determination of his ownership share in the

assets of CAI and/or in the Building, if separate.

**Count IV: Unjust Enrichment**

35.      The allegations set forth in paragraphs 1 through 34 of the Counterclaim are

incorporated herein.

36.     Mr. Zambrana is entitled to a monetary judgment equal to the value of his share in the assets of CAI and/or in the Building, if separate.

**WHEREFORE,** defendant/counter-plaintiff, Sergio Zambrana prays that this Honorable Court enter judgment in his favor against plaintiff/counter-defendant, Cauderlier & Associates, Inc., as follows:

1.     That the Court enter an order requiring Cauderlier & Associates, Inc. to account to Mr. Zambrana for:

(a)     All the monies CAI has received from Mr. Zambrana;

(b)     All the monies CAI has received from LaRuche, Inc.

(c)     All the monies that has been paid for stock in CAI, giving the name of each shareholder, the amount of monies paid, the date of payment, the number of shares owned, the date of issuance of said stock, the date of sale of any such stock; and the current percentage ownership of each shareholder;

(d)     All monies and other assets received by CAI, from the date of its inception to the present, including the amount of each payment or receipt, from whom received, the date of payment, into what accounts (or otherwise form of investment) were the monies placed, and the purpose of each such payment or receipt.

(e)     All monies and other assets paid out by CAI, from the date of its inception to the present, including the amount of each payment, from whom

received, the date of payment, from which accounts (or otherwise form of

investment) were the monies taken, and the purpose of each such payment.

2.      That the Court grant a declaratory judgment to Mr. Zambrana stating the amount

of shares in CAI he owns; and, if the Court determines that LaRuche, Inc. has an

ownership interest in CAI, a declaratory judgment stating the number of shares

LaRuche, Inc. owns in CAI, and the number of shares Mr. Zambrana owns in

LaRuche.

3.      That the Court enter a monetary judgment in favor of Mr. Zambrana against CAI

for the amounts by which CAI has been unjustly enriched, to the detriment of Mr.

Zambrana.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: October 24, 2005                    By:____/s/_____

    Benny L. Kass  (D.C. Bar No. #025155)
    Jeffrey M. Hamberger (D.C. Bar No. 930362)
    1050 17th Street, N.W., #1100
    Washington, D.C.  20036
    blkass@kmklawyers.com
    jhamberger@kmklawyers.com
    (202) 659-6500
    Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Answer and Counterclaim were served,

via U.S. mail postage prepaid, and by email, this 24th day of October, 2005, to:

Robert L. Green, Jr., Esquire
Suzanne R. Clement, Esquire
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
greenr@howrey.com
clements@howrey.com


____/s/_____
Jeffrey M. Hamberger