IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGIO ZAMBRANA, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 1:05CV01653 <br> Judge Ellen Segal Huvelle |

## ANSWER TO COUNTERCLAIMS[1]

### Parties

Plaintiff Cauderlier & Associates, Inc. ("CAI"), by and through its undersigned counsel, hereby submits its Answer to Defendant's Counterclaims as follows:

1. Defendant/counter-plaintiff, Sergio Zambrana ("Mr. Zambrana"), is an adult citizen of the State of Maryland, over the age of eighteen (18) years, and brings this action on his own behalf.

**ANSWER:** CAI admits that defendant is an adult citizen of the State of Maryland, over the age of eighteen years. CAI is without knowledge or information sufficient to form a belief as to whether defendant brings this action on his own behalf and therefore denies the same.

2. Upon information and belief, plaintiff/counter-defendant, Cauderlier & Associates, Inc. ("CAI"), is a corporation created under the laws of the District of Columbia, with its principal place of business being located at 1039 31st Street, N.W., Washington, D.C.

**ANSWER:** Admitted.

---

[1] Defendant's pleading is entitled "Answer and Counterclaim," however he asserts four separate and individual claims and Plaintiff will respond as such.

**Jurisdiction and Venue**

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, inasmuch as this action is between citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum or value of Seventy-Five Thousand Dollars ($75,000.00). In addition, the controversy asserted herein gives rise to the action pursuant to 28 U.S.C. § 2201.

**ANSWER:** Admitted.

4.  Venue is appropriate under 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to the claims complained of herein occurred in the District of Columbia, and the corporate plaintiff/counter-defendant, Cauderlier & Associates, Inc., is situated in the District of Columbia.

**ANSWER:** Admitted.

**Facts**

5.  Upon information and belief, some or all the stock of Cauderlier & Associates, Inc. is owned by LaRuche, Inc. ("LaRuche").

**ANSWER:** Denied.

6.  LaRuche, Inc. owns Café LaRuche, a restaurant located at 1039 31st Street, N.W., Washington, D.C.

**ANSWER:** CAI admits that LaRuche, Inc. operates a restaurant located at 1039 31st St. N.W., Washington, D.C. using the trade name Café LaRuche. To the extent that the allegation in Paragraph 6 of Defendant's Counterclaims states or implies otherwise, it is denied.

7.  J. Cauderlier operates Café LaRuche, and, for many years prior to 2000, and thereafter, Mr. Zambrana was in charge of LaRuche's kitchen and was a highly valued employee of LaRuche, Inc.

**ANSWER:** CAI admits that Jean Claude Cauderlier ("Mr. Cauderlier") operates Café LaRuche, and that Mr. Zambrana was employed at Café LaRuche from the mid to late 1980s

until September 2005. CAI is without knowledge or information sufficient to form a belief as to Mr. Zambrana's value as an employee of LaRuche, Inc, and therefore denies the same.

8.  Mr. Zambrana and J. Cauderlier had, prior to 2000, worked together for over 20 years, and Mr. Zambrana had developed a high level of trust in J. Cauderlier.

**ANSWER:** CAI admits that Mr. Cauderlier and Mr. Zambrana worked together prior to 2000. CAI is without knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 8, and therefore denies the same.

9.  Sometime before January 20, 2000, J. Cauderlier advised Mr. Zambrana that CAI would be purchasing the real property and building located at 1035, 1037, and 1039 31st Street, N.W., Washington, D.C. 20007, at which location Café LaRuche did business.

**ANSWER:** Admitted.

10. During said time frame, J. Cauderlier advised Mr. Zambrana that, if Mr. Zambrana paid the sum of Twenty-Five Thousand Dollars ($25,000.00) to LaRuche, ostensibly on behalf of CAI, Mr. Zambrana would be entitled to an ownership interest in CAI and/or the Building (to be) owned by CAI.

**ANSWER:** Denied.

11. On or about January 20, 2000, at the behest of J. Cauderlier, Mr. Zambrana paid the sum of $25,000.00 by personal check to LaRuche, which check was dated January 21, 2000.

**ANSWER:** CAI admits that Mr. Zambrana issued a personal check dated January 21, 2000 to LaRuche, Inc. in the amount of $25,000. CAI denies the remaining allegations in Paragraph 11 of Defendant's Counterclaims.

12. At all times herein leading up to the purchase of the Building, J. Cauderlier owned a majority, if not all, of the shares in CAI.

**ANSWER:** Mr. Cauderlier has at all times, including up to the present, been the 100 percent owner of CAI. To the extent that the allegation in Paragraph 12 of Defendant's Counterclaims states or implies otherwise, it is denied.

13. At all times herein leading up to the purchase of the Building, J. Cauderlier owned a majority of the shares in LaRuche.

**ANSWER:** CAI admits that Mr. Cauderlier has been the majority shareholder of LaRuche, Inc. since approximately September 1, 1992 to the present. The remainder of the allegation in Paragraph 13 is denied.

14. At all times herein leading up to the purchase of the Building, Mr. Zambrana owned at least ten percent (10%) of the shares in LaRuche.

**ANSWER:** CAI admits that on or about January 2000, Mr. Zambrana issued a check to LaRuche, Inc. in the amount of $25,000 in exchange for 10 percent of the outstanding shares of LaRuche, Inc. CAI also admits that, as a result of said transaction, LaRuche Inc.'s stock certificate No. 9 for 10 shares was transferred to Mr. Zambrana. To the extent that Paragraph 14 of Defendant's Counterclaims states or implies otherwise, it is denied.

15. The $25,000 check Mr. Zambrana gave to LaRuche on or about January 20, 2000 was not payment for any ownership share in LaRuche and was, instead, part of CAI's purchase price of the Building.

**ANSWER:** Denied.

16. Settlement on the purchase of the Building by CAI took place on or about January 21, 2000, at which settlement Mr. Zambrana and J. Cauderlier were present.

**ANSWER:** CAI admits that the closing documents for the purchase of the Building were signed by Mr. Cauderlier on behalf of CAI on January 21, 2000, and that Mr. Zambrana, among others, were present. To the extent that Paragraph 16 of Defendant's Counterclaims states or implies otherwise, it is denied.

17. Upon information and belief, the $25,000 personal check which Mr. Zambrana gave to LaRuche was, in fact, used by CAI as part of the down payment CAI paid toward the purchase of the Building.

**ANSWER:** Denied.

18. Upon information and belief, since January 21, 2000, LaRuche has made many payments directly to the seller of the Building, on behalf of CAI, as payment on the deed of trust note given by CAI to said seller.

**ANSWER:** Denied.

19. Upon information and belief, since January 21, 2000, LaRuche has made many payments to First Union Bank, on behalf of CAI, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building.

**ANSWER:** Denied.

20. By virtue of his capital investment in CAI, as aforesaid, Mr. Zambrana is a part owner of Cauderlier & Associates, Inc., and either owns the stock in CAI, or owns a proportionate share of the Building to which CAI claims ownership.

**ANSWER:** Denied.

### Count I: For an Accounting

21. The allegations set forth in paragraphs 1 through 20 of the Counterclaims are incorporated herein.

**ANSWER:** CAI repeats and realleges its Answers to Paragraphs 1 – 20 as if fully set forth herein.

22. Upon information and belief, CAI and LaRuche do not always distinguish between which company owns which assets.

**ANSWER:** Denied.

23. Upon information and belief, as a result of CAI and LaRuche's failure to make the proper distinctions between the companies' respective assets, monies of CAI have been commingled with monies of LaRuche.

**ANSWER:** Denied.

24. Since Mr. Zambrana paid $25,000 on behalf of CAI, which monies enabled CAI to purchase the Building, Mr. Zambrana holds an ownership position in CAI, and/or the Building.

**ANSWER:** Denied.

25. Since Mr. Zambrana (i) owns stock in LaRuche, (ii) LaRuche owns some of all of the stock in CAI, and (iii) CAI owns the Building or purchased the Building on behalf of its shareholders, Mr. Zambrana holds an ownership position CAI, and/or the Building.

**ANSWER:** CAI admits that Mr. Zambrana is a 10 percent shareholder in LaRuche, Inc. The remainder of the allegations in Paragraph 25 are denied.

26. Mr. Zambrana is entitled to an accounting of the assets owned by CAI.

**ANSWER:** Denied.

### Count II: Declaratory Judgment

27. The allegations set forth in paragraphs 1 through 26 of the Counterclaims are incorporated herein.

**ANSWER:** CAI repeats and realleges its Answers to Paragraphs 1 – 26 as if fully set forth herein.

28. Since Mr. Zambrana paid monies that were intended to be used, and were, in fact, used, to enable CAI to purchase the Building, Mr. Zambrana holds an ownership position in, CAI, and/or in the Building.

**ANSWER:** Denied.

29. Mr. Zambrana is entitled to a judicial determination of his ownership share in the assets of CAI and/or in the Building, if separate.

**ANSWER:** CAI admits that both parties are entitled to a judicial determination of the ownership of CAI as set forth in the Complaint. To the extent that Paragraph 29 of Defendant's Counterclaims states otherwise, it is denied.

### Count III: Declaratory Judgment

30. The allegations set forth in paragraphs 1 through 29 of the Counterclaims are incorporated herein.

**ANSWER:** CAI repeats and realleges its Answers to Paragraphs 1 – 29 as if fully set forth herein.

31. The $25,000 check Mr. Zambrana made payable to LaRuche the night before the settlement on the Property enabled LaRuche to pay the Seller of the Building the sum of $25,000, as part of the purchase price that CAI was paying for the Building.

**ANSWER:** Denied.

32. As a result of the commingling of funds between LaRuche and CAI, LaRuche either owns CAI or owns all the assets of CAI, including the Building.

**ANSWER:** Denied.

33. Since Mr. Zambrana is a part owner in LaRuche, and since CAI is the alter ego of LaRuche, Mr. Zambrana is the owner of an additional portion of CAI, including the Building, over and above the shares Mr. Zambrana obtained in CAI by virtue of having paid the aforementioned $25,000 toward the purchase of the Building.

**ANSWER:** CAI admits that Mr. Zambrana is a 10 percent shareholder in LaRuche, Inc. The remainder of the allegations in Paragraph 33 are denied.

34. Mr. Zambrana is entitled to a judicial determination of his ownership share in the assets of CAI and/or in the Building, if separate.

**ANSWER:** CAI admits that both parties are entitled to a judicial determination of the ownership of CAI as set forth in the Complaint. To the extent that Paragraph 34 of Defendant's Counterclaims states otherwise, it is denied.

### Count IV: Unjust Enrichment

35. The allegations set forth in paragraphs 1 through 34 of the Counterclaims are incorporated herein.

**ANSWER:** CAI repeats and realleges its Answers to Paragraphs 1 – 34 as if fully set forth herein.

36. Mr. Zambrana is entitled to a monetary judgment equal to the value of his share in the assets of CAI and/or in the Building, if separate.

**ANSWER:** CAI admits that both parties are entitled to a judicial determination of the ownership of CAI as set forth in the Complaint. To the extent that Paragraph 36 of Defendant's Counterclaims states otherwise, it is denied.

**WHEREFORE**, CAI denies that Defendant Sergio Zambrana is entitled to any judgment in his favor, or that he has been damaged.

## AFFIRMATIVE DEFENSES

1. Defendant's Counterclaims fail to state a claim against CAI upon which relief can be granted.
2. Defendant's Counterclaims are barred by doctrines of laches, waiver, and/or estoppel.
3. CAI reserves the right to plead additional affirmative and other defenses.

Respectfully submitted,

/s/ Suzanne R. Clement

Robert L. Green, Jr. (D.C. Bar No. 935775)
Suzanne R. Clement (D.C. Bar No. 478569)
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
clements@howrey.com

Attorneys for
Cauderlier & Associates, Inc.

Dated: November 14, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Cauderlier & Associates, Inc.'s Answer to Defendant's Counterclaims was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of Cauderlier & Associates, Inc.'s Answer to Defendant's Counterclaims was also forwarded by First Class Mail, postage prepaid, this 14th Day of November 2005 to:

> Benny L. Kass, Esq.
> Jeffrey M. Hamberger, Esq.
> KASS, MITEK & KASS, PLC
> 1050 17[th] St., N.W. #1100
> Washington, D.C. 20036
> blkass@kmklawyers.com
> jhamberger@kmklawerys.com
> (202) 659-6500
>
> *Counsel for Defendant Sergio Zambrana*

_____
Suzanne R. Clement