## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Case No. 1:05CV01653** |
| **SERGIO ZAMBRANA,** ) | **Judge Ellen Segal Huvelle** |
| ) | |
| **Defendant/Third-Party** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JEAN CLAUDE CAUDERLIER** ) | |
| ) | |
| **And** ) | |
| ) | |
| **LA RUCHE, INC.** ) | |
| ) | |
| **Third-Party Defendants** ) | |
| ) | |

## LARUCHE INC.'S ANSWER TO THIRD-PARTY COMPLAINT

### Parties

1.      Defendant/counter-plaintiff, Sergio Zambrana ("Mr. Zambrana"), is an adult citizen of the State of Maryland, over the age of eighteen (18) years, and brings this action on his own behalf.

**ANSWER:**    LaRuche, Inc. ("LaRuche") admits that defendant is an adult citizen of the State of Maryland, over the age of eighteen years.  LaRuche is without knowledge or information sufficient to form a belief as to whether defendant brings this action on his own behalf and therefore denies the same.

2.     Upon information and belief, third-party defendant, La Ruche, Inc. ("La Ruche"), is a corporation created under the laws of the District of Columbia, with its principal place of business being located at 1039 31st Street, N.W., Washington, D.C.

**ANSWER:**     Admitted.

3.     Upon information and belief, third-party defendant, Jean Claude Cauderlier ("Mr. Cauderlier"), is an adult citizen of the Commonwealth of Virginia, over the age of eighteen (18) years, and is sued in his own right and as majority stockholder, director, and chief executive officer of plaintiff Cauderlier & Associates, Inc. ("CAI") and third-party defendant La Ruche.

**ANSWER:**     LaRuche admits that Mr. Cauderlier is an adult citizen of the Commonwealth of Virginia, over the age of eighteen (18) years.  LaRuche further admits that Mr. Cauderlier is the majority stockholder and director of LaRuche and the sole stockholder and director of CAI.  The remainder of the allegations set forth in Paragraph 3 are denied.

### Jurisdiction and Venue

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, inasmuch as this action is between citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum or value of Seventy-Five Thousand Dollars ($75,000.00).  In addition, the controversy asserted herein gives rise to the action pursuant to 28 U.S.C. § 2201.

**ANSWER:**     Admitted.

5.     Venue is appropriate under 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to the claims complained of herein occurred in the District of Columbia, and the corporate third-party defendant, La Ruche, Inc., is situated in the District of Columbia.

**ANSWER:**     Admitted.

### Facts

6.     Upon information and belief, third-party defendant La Ruche owns some or all the stock of plaintiff CAI.  [*See* Exhibit 3 to Defendant's Reply Memorandum, filed herein.]

- 2 -

**ANSWER:**   Denied.

7.     LaRuche owns Cafe LaRuche, a restaurant located at 1039 31st Street, N.W., Washington, D.C.

**ANSWER:**   LaRuche admits that LaRuche, Inc. operates a restaurant located at 1039 31st St. N.W., Washington, D.C. using the trade name Café LaRuche.  To the extent that the allegation in Paragraph 7 of the Third-Party Complaint states or implies otherwise, it is denied.

8.     Third-party defendant J. Cauderlier operates Cafe LaRuche.

**ANSWER:**   Admitted.

9.     From 1986 to September, 2005, Mr. Zambrana was the general manager of Cafe LaRuche and was a highly valued employee of LaRuche.

**ANSWER:**   LaRuche admits that Mr. Zambrana was an employee of Café LaRuche from September 1986 to September 2005.  The remainder of the allegations set forth in Paragraph 9 are denied.

10.     Mr. Zambrana and J. Cauderlier had, prior to 2000, worked together for some 15 years, and Mr. Zambrana had developed a high level of trust in J. Cauderlier.

**ANSWER:**   LaRuche admits that Mr. Cauderlier and Mr. Zambrana worked together at Café LaRuche from September 1986 until September 2005.  LaRuche is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 10, and therefore denies the same.

11.     Sometime before January 20, 2000, J. Cauderlier advised Mr. Zambrana that CAI would be purchasing the real property and building located at 1035, 1037 1039 31st Street, N. W., Washington, D.C. 20007 ("the Building"), at which location Cafe LaRuche did (and does) business.

**ANSWER:**   Admitted.

12.     During said time frame, J. Cauderlier advised Mr. Zambrana that, if Mr. Zambrana paid the sum of Twenty-Five Thousand Dollars ($25,000.00) to LaRuche, for use by CAI, Mr. Zambrana would be entitled to an ownership interest in CAI and/or the Building.

**ANSWER:**   Denied.

- 3 -

13.    On January 20, 2000, on the eve of settlement on the sale of the Building, Mr. Zambrana paid, at the behest of J. Cauderlier, the sum of $25,000 by personal check payable to LaRuche, for the use of CAI, which check was dated January 21, 2000 and delivered to J. Cauderlier.

**ANSWER:**    Denied.

14.    At all times herein leading up to the purchase of the Building, J. Cauderlier was in control of CAI: J. Cauderlier owned a majority, if not all, of the shares in CAI; he was a director of CAI and its Chief Operating Officer (CEO); and he controlled CAI's bank accounts.

**ANSWER:**    Paragraph 14 contains no allegations against LaRuche, and therefore no answer is required. To the extent that an answer is required, LaRuche admits that Mr. Cauderlier is CAI's sole shareholder and director, and Mr. Cauderlier controls CAI's bank accounts. The remainder of the allegations set forth in Paragraph 14 are denied.

15.    At all times herein leading up to the purchase of the Building, J. Cauderlier was in control of La Ruche: J. Cauderlier owned a majority of the shares in LaRuche; he was La Ruche's CEO and sole director; and he controlled La Ruche's bank accounts.

**ANSWER:**    LaRuche admits that Mr. Cauderlier has been the majority shareholder of LaRuche since approximately May 1, 1992 to the present. LaRuche admits that he has been LaRuche's sole director and he has controlled LaRuche's bank accounts since approximately May 1, 1992 to the present. To the extent that the allegations in Paragraph 15 state or imply otherwise, they are denied.

16.    At all times herein leading up to the purchase of the Building, J. Cauderlier exerted unfettered control over the books, records, stock ledgers, money and management of both LaRuche and CAI, as majority shareholder and chief executive officer of each corporation.

**ANSWER:**    LaRuche admits that at all times, including up to the present, Mr. Cauderlier has been the majority shareholder in LaRuche and controls LaRuche's books, records, stock ledgers, money, and management. LaRuche admits that at all times, including up to the present, Mr. Cauderlier has been CAI's sole shareholder and controls CAI's books, records,

- 4 -

stock ledgers, money, and management. The remainder of the allegations set forth in Paragraph 16 are denied.

17.    For approximately three (3) years prior to the purchase of the Building, and at the time of the purchase of the Building, Mr. Zambrana owned at least ten percent (10%) of the shares in LaRuche.

**ANSWER:**    Denied.

18.    By virtue of his having contributed funds toward the purchase of the Building by plaintiff CAI, Mr. Zambrana owns shares in CAI, in an amount that must be judicially determined.

**ANSWER:**    Paragraph 18 contains no allegations against LaRuche, and therefore no answer is required. To the extent an answer is required, the allegations set forth in Paragraph 18 are denied.

19.    By virtue of his having contributed funds toward the purchase of the Building by plaintiff CAI, and by virtue of his ownership of shares in CAI, Mr. Zambrana owns a portion of the Building, in a proportion that must be judicially determined.

**ANSWER:**    Paragraph 19 contains no allegations against LaRuche, and therefore no answer is required. To the extent an answer is required, the allegations set forth in Paragraph 19 are denied.

20.    Both third-party defendants, La Ruche and J. Cauderlier, contend that Mr. Zambrana owns no shares in CAI.

**ANSWER:**    Admitted.

21.    Both third-party defendants, La Ruche and J. Cauderlier, contend that Mr. Zambrana has no ownership interest in the Building.

**ANSWER:**    Admitted.

22.    Both third-party defendants, La Ruche and J. Cauderlier, contend that La Ruche owns no shares in CAI.

**ANSWER:**    Admitted.

23.     Both third-party defendants, La Ruche and J. Cauderlier, contend that La Ruche has no ownership interest in the Building.

**ANSWER:**     Admitted.

24.     It is not in La Ruche's best interest to disavow all ownership of shares in CAI.

**ANSWER:**     Denied.

25.     It is not in La Ruche's best interest to disavow all ownership interest in the Building.

**ANSWER:**     Denied.

26.     The $25,000 check Mr. Zambrana gave to J. Cauderlier, payable to LaRuche, on January 20, 2000, which was the eve of the closing on the sale of the Building, was not payment for any ownership share in LaRuche and was instead used, directly or indirectly, by third-parties defendant, La Ruche and Cauderlier, as part of CAI's purchase price for the Building.

**ANSWER:**     Denied.

27.     Settlement on the purchase of the Building by CAI took place on January 21, 2000, at which settlement J. Cauderlier was present. Mr. Zambrana was also present, at the invitation of J. Cauderlier.

**ANSWER:**     Paragraph 27 contains no allegations against LaRuche and therefore no answer is required. To the extent that an answer is required, LaRuche admits that settlement on the purchase of the Building by CAI took place on January 21, 2000 and that Mr. Zambrana was present. The remainder of the allegations set forth in Paragraph 27 are denied.

28.     Upon information and belief, the $25,000 personal check payable to LaRuche which Mr. Zambrana gave to J. Cauderlier was, in fact, used by CAI, directly or indirectly, toward the down payment CAI paid for the purchase of the Building.

**ANSWER:**     Paragraph 28 contains no allegations against LaRuche and therefore no answer is required. To the extent that an answer is required, LaRuche admits that Mr. Zambrana

gave Mr. Cauderlier a personal check payable to LaRuche in the amount of $25,000. The remainder of the allegations set forth in Paragraph 28 are denied.

29. Upon information and belief, since January 21, 2000, LaRuche has made many payments directly to the seller of the Building, on behalf of CAI, as payment on the deed of trust note given by CAI to said seller.

**ANSWER:** LaRuche admits that it has made payments directly to the seller of the Building. The remainder of the allegations set forth in Paragraph 29 are denied.

30. Upon information and belief, since January 21, 2000, LaRuche has made many payments to First Union Bank, on behalf of CAI, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building.

**ANSWER:** Denied.

31. Upon information and belief, since January 21, 2000, LaRuche has made many payments to Wachovia, on behalf of CAI, as payment on a loan to CAI made by Wachovia Bank.

**ANSWER:** Denied.

32. Upon information and belief, since January 21, 2000, LaRuche has made many payments to attorneys, accountants, architects and other vendors, on behalf of CAI, for obligations on which CAI, and not La Ruche, was liable.

**ANSWER:** Denied.

33. Upon information and belief, LaRuche continues to this day to make payments to the seller of the Building, as well as to banks, attorneys, accountants, architects and other vendors, on behalf of CAI, for obligations on which CAI, and not La Ruche, is liable.

**ANSWER:** Denied.

34. In addition to this commingling of funds, J. Cauderlier has failed to maintain the corporate formalities of both CAI and La Ruche: annual meetings of shareholders were not held, annual meetings of the board of directors were not held, necessary corporate resolutions were not prepared nor executed; stock certificates were not issued; elections of

directors and officers were not conducted, corporate reports to the District of Columbia were not filed, and the charters of both La Ruche and CAI were at some time revoked.

**ANSWER:**    Denied.

35.    By virtue of (a) his ownership of stock in La Ruche, (b) La Ruche's ownership of CAI, or the Building, or both, and (c) his capital investment in CAI, Mr. Zambrana is a part owner of CAI, and either owns the stock in CAI, or owns a proportionate share of the Building to which CAI claims ownership.

**ANSWER:**    Denied.

36.    Third-party defendant J. Cauderlier has retained the same law firm and accountant to represent him personally, as well as plaintiff CAI and third-party defendant, La Ruche, enabling J. Cauderlier to manipulate the books, records, stock ledgers and monies of said corporations, to his sole advantage, and to the detriment of third-party plaintiff Mr. Zambrana.

**ANSWER:**    LaRuche admits that the same law firm represents it, CAI and Mr. Cauderlier.  LaRuche also admits that it, CAI and Mr. Cauderlier are represented by the same accountant.  The remainder of the allegations set forth in Paragraph 36 are denied.

37.    Third-party defendant J. Cauderlier has retained the same law firm and accountant to represent him personally, as well as plaintiff CAI and third-party defendant, La Ruche, enabling J. Cauderlier to manipulate the books, records, stock ledgers and monies of said corporations, to his sole advantage, and to the detriment of third-party defendant La Ruche, in which corporation Mr. Zambrana has a substantial interest.

**ANSWER:**    LaRuche admits that the same law firm represents it, CAI and Mr. Cauderlier.  LaRuche also admits that it, CAI and Mr. Cauderlier are represented by the same accountant.  The remainder of the allegations set forth in Paragraph 37 are denied.

38.    Third-party defendant J. Cauderlier has retained the same law firm and accountant to represent him personally, as well as plaintiff CAI and third-party defendant, La Ruche, enabling J. Cauderlier to manipulate the books, records, stock ledgers and

monies of said corporations, to his sole advantage, and to the detriment of plaintiff CAI, in which corporation Mr. Zambrana has a substantial interest.

**ANSWER:**    LaRuche admits that the same law firm represents it, CAI and Mr. Cauderlier.  LaRuche also admits that it, CAI and Mr. Cauderlier are represented by the same accountant.  The remainder of the allegations set forth in Paragraph 38 are denied.

## Count I: For an Accounting
### (Against Third-Party Defendant La Ruche, Inc.)

39.    The allegations set forth in paragraphs 1 through 38 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 38 of the Third-Party Complaint as if fully set forth herein.

40.    Upon information and belief, LaRuche and CAI do not always distinguish between which company owns which assets.

**ANSWER:**    Denied.

41.    Upon information and belief, as a result of La Ruche's and CAI's failure to make the proper distinctions between the companies' respective assets, monies of La Ruche have been commingled with monies of CAI.

**ANSWER:**    Denied.

42.    Since Mr. Zambrana issued a $25,000 payable to La Ruche, and said monies were used by CAI to purchase the Building, Mr. Zambrana is entitled to an accounting of the assets owned by La Ruche.

**ANSWER:**    Denied.

43.    La Ruche has used its corporate funds to pay for obligations that belong to CAI and not La Ruche.

**ANSWER:**    Denied.

44.    La Ruche has claimed on its 2004 tax return that it owns 100% of the stock of CAI. [*See* Exhibit 3 to Defendant's Reply Memorandum, filed herein.]

**ANSWER:**    Denied.

45.    Since Mr. Zambrana (i) owns stock in LaRuche, (ii) LaRuche owns some or all the stock in CAI, and (iii) CAI owns the Building or purchased the Building on behalf of its shareholders, Mr. Zambrana holds an ownership position CAI, and/or the Building.

**ANSWER:**    LaRuche admits that Mr. Zambrana is a 10 percent shareholder in LaRuche.  The remainder of the allegations in Paragraph 45 are denied.

46.    Mr. Zambrana is entitled to an accounting of the assets owned by La Ruche.

**ANSWER:**    Denied.

**Count II: For an Accounting**
**(Against Third-Party Defendant J. Cauderlier)**

47.    The allegations set forth in paragraphs 1 through 46 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 46 of the Third-Party Complaint as if fully set forth herein.

48.    La Ruche has claimed on its 2004 tax return that it owns 100% of the stock of CAI.  [*See* Exhibit 3 to Defendant's Reply Memorandum, filed herein.]

**ANSWER:**    Denied.

49.    J. Cauderlier contends that he is 100% owner of the stock of CAI.  [*See* ¶ 17 of the Complaint filed herein.]

**ANSWER:**    Admitted.

50.    J. Cauderlier exerts complete control over the books, records, stock ledgers, monies, and management of both plaintiff CAI and third-party defendant La Ruche.

**ANSWER:**    Admitted.

51.    J. Cauderlier denies that Mr. Zambrana owns any stock in CAI,  and denies that Mr. Zambrana owns more than 10% of the stock of LaRuche.

**ANSWER:**    Admitted.

52.    Since Mr. Zambrana (i) owns at least 10% of the stock in LaRuche, (ii) LaRuche owns some or all the stock in CAI, and (iii) CAI owns the Building or purchased the Building on behalf of its shareholders, Mr. Zambrana holds an ownership position CAI, and/or the Building.

**ANSWER:**    LaRuche admits that Mr. Zambrana is a 10 percent shareholder in LaRuche. The remainder of the allegations in Paragraph 52 are denied.

53.    Mr. Zambrana is entitled to an accounting by J. Cauderlier of the assets of La Ruche and CAI.

**ANSWER:**   Denied.

### Count III: Declaratory Judgment
### (Against Third-Party Defendant J. Cauderlier)

54.    The allegations set forth in paragraphs 1 through 53 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 53 of the Third-Party Complaint as if fully set forth herein.

55.    J. Cauderlier contends that he is 100% owner of the stock of CAI and contends that CAI owns 100% of the Building.

**ANSWER:**    Admitted.

56.    Since Mr. Zambrana paid monies that were intended to be used, and were in fact used, to enable CAI to purchase the Building, Mr. Zambrana holds an ownership position in CAI, and/or in the Building.

**ANSWER:**    Paragraph 56 contains no allegations against LaRuche and therefore no answer is required. To the extent an answer is required, the allegations set forth in Paragraph 56 are denied.

57.    Mr. Zambrana is entitled to a judicial determination of his ownership share in the assets of CAI, and/or in the Building, if separate.

**ANSWER:**    Paragraph 57 contains no allegations against LaRuche and therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 57 are denied.  .

### Count IV: Declaratory Judgment
### (Against Both Third-Party Defendants)

58.    The allegations set forth in paragraphs 1 through 57 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 57 of the Third-Party Complaint as if fully set forth herein.

59.    Several years before Mr. Zambrana gave J. Cauderlier the $25,000 check payable to LaRuche, on behalf of CAI, on January 20, 2000, Mr. Zambrana owned 10% of the stock in LaRuche.

**ANSWER:**    Denied.

60.    In 1997, J. Cauderlier directed La Ruche to issue to Mr. Zambrana a stock certificate memorializing Mr. Zambrana's ownership interest in La Ruche, which stock was issued in recognition of Mr. Zambrana's eleven (11) years of loyal service to La Ruche, and in consideration of Mr. Zambrana's agreeing not to leave La Ruche, at a time when other employees were leaving the employ of La Ruche to establish a new restaurant, and offering equity shares in that new enterprise.

**ANSWER:**    Denied.

61.    By virtue of his giving J. Cauderlier the $25,000 check payable to LaRuche, on January 20, 2000, Mr. Zambrana either obtained a share in CAI and/or the Building, as he contends, or Mr. Zambrana obtained an additional amount of stock in La Ruche.

**ANSWER:**    Denied.

62.    J. Cauderlier denies that Mr. Zambrana owns more than 10% of the stock of LaRuche.

**ANSWER:**    Admitted.

63.    J. Cauderlier contends that Mr. Zambrana obtained a 10% share of the stock in La Ruche by virtue of his having given J. Cauderlier the aforementioned $25,000 check payable to La Ruche, on January 20, 2000, and contends that Mr. Zambrana owns no other interest in La Ruche.

**ANSWER:**    Admitted.

64.    Mr. Zambrana is entitled to a judicial determination of his ownership share in the assets of LaRuche.

**ANSWER:**    Denied.

### Count V: Monetary Award
### (Against Third-Party Defendant J. Cauderlier)

65.    The allegations set forth in paragraphs 1 through 64 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 64 of the Third-Party Complaint as if fully set forth herein.

66.    Antagonistic claims exist between Mr. Zambrana and J. Cauderlier, and the parties are no longer able to conduct business together.

**ANSWER:**    Paragraph 66 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 66 are denied.

67.    Given the antagonism between Mr. Zambrana and J. Cauderlier, Mr. Zambrana contends that his interests in CAI will always be in jeopardy and subject to the whims and questionable judgment of J. Cauderlier, if Mr. Zambrana is required to remain as a minority shareholder CAI.

**ANSWER:**    Paragraph 67 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 67 are denied.

- 13 -

68.    It is not tenable that Mr. Zambrana and J. Cauderlier continue as joint shareholders in CAI, and it would be against the best interests of Mr. Zambrana, as well as of CAI, if Mr. Zambrana were to remain a minority shareholder in CAI.

**ANSWER:**    Paragraph 68 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 68 are denied.

69.    Due to the misconduct of J. Cauderlier in his operation of CAI, as aforesaid, and J. Cauderlier's wrongful inducement of Mr. Zambrana, as described in Count VII below, Mr. Zambrana is entitled to have his shares bought by J. Cauderlier, and to be awarded a monetary judgment against J. Cauderlier equal to the value of Mr. Zambrana's share in the assets of CAI and/or in the Building, if separate.

**ANSWER:**    Paragraph 69 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 69 are denied.

### Count VI: Monetary Award
### (Against Both Third-Party Defendants)

70.    The allegations set forth in paragraphs 1 through 69 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 69 of the Third-Party Complaint as if fully set forth herein.

71.    Antagonistic claims exist between Mr. Zambrana and J. Cauderlier, and the parties are no longer able to conduct business together.

**ANSWER:**    Paragraph 71 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 71 are denied.

72.    Given the antagonism between Mr. Zambrana and J. Cauderlier, Mr. Zambrana contends that his interests in La Ruche will always be in jeopardy and subject to the whims and

honesty of J. Cauderlier, if Mr. Zambrana is required to remain as a minority shareholder in La Ruche.

**ANSWER:**    Denied.

73.    It is not tenable that Mr. Zambrana and J. Cauderlier continue as joint shareholders in La Ruche, and it would be against the best interests of Mr. Zambrana, as well as of La Ruche, if Mr. Zambrana were to remain a minority shareholder in La Ruche.

**ANSWER:**    Denied.

74.    Due to the misconduct of J. Cauderlier in his operation of La Ruche, as aforesaid, and J. Cauderlier's wrongful inducement of Mr. Zambrana, as described in Count VII below, Mr. Zambrana is entitled to have his shares bought by J. Cauderlier, and to be awarded a monetary judgment against J. Cauderlier equal to the value of Mr. Zambrana's share in La Ruche.

**ANSWER:**    Denied.

### Count VII: Unjust Enrichment
**(Against Both Third-Party Defendants)**

75.    The allegations set forth in paragraphs 1 through 74 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 74 of the Third-Party Complaint as if fully set forth herein.

76.    Mr. Zambrana was improperly induced by misrepresentations and false promises made by J. Cauderlier when Mr. Zambrana decided to give J. Cauderlier his personal check for $25,000, payable to La Ruche, on January 20, 2000.

**ANSWER:**    Denied.

77.    But for the misrepresentations and improper inducements by J. Cauderlier, Mr. Zambrana would not have issued said personal check.

**ANSWER:**    Denied.

78.    As a result of the misconduct of J. Cauderlier in his operation of La Ruche and CAI, as aforesaid, and his wrongful inducement of Mr. Zambrana, J. Cauderlier has been unjustly enriched at the expense of Mr. Zambrana.

**ANSWER:**    Denied.

79.    As a result of the misconduct of J. Cauderlier in his operation of La Ruche and CAI, as aforesaid, and his wrongful inducement of Mr. Zambrana, La Ruche has been unjustly enriched at the expense of Mr. Zambrana.

**ANSWER:**    Denied.

80.    As a result of La Ruche's receiving Mr. Zambrana's personal check in the amount of $25,000, which check was delivered to its chief executive officer, J. Cauderlier, on January 20, 2000, and as a result Mr. Zambrana receiving no consideration from La Ruche therefor, La Ruche was unjustly enriched at the expense of Mr. Zambrana.

**ANSWER:**    Denied.

81.    As a result of the commingling of the assets of La Ruche and CAI by J. Cauderlier, as aforesaid, J. Cauderlier and La Ruche have each been unjustly enriched at the expense of Mr. Zambrana.

**ANSWER:**    Denied.

82.    Mr. Zambrana is entitled to be awarded a monetary judgment against J. Cauderlier and La Ruche, jointly and severally, in an amount equal to the amounts by which each third-party defendant was unjustly enriched at Mr. Zambrana's expense, as determined by the Court.

**ANSWER:**    Denied.

### Count VIII: Usurpation of Corporate Opportunity
### (Against J. Cauderlier)

83.    The allegations set forth in paragraphs 1 through 82 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 82 of the Third-Party Complaint as if fully set forth herein.

- 16 -

84.     In August 1999, J. Cauderlier began negotiations to purchase the Building, "on behalf of CAI." [*See* ¶¶16 and 20 of the Complaint filed herein.]

**ANSWER:**     Admitted.

85.     Plaintiff CAI was incorporated on August 19, 1999.  [*See* ¶16 of the Complaint filed herein.]

**ANSWER:**     Admitted.

86.     Upon information and belief, the monies used to establish and fund CAI were paid entirely out of the funds of La Ruche.

**ANSWER:**     Denied.

87.     When he created CAI, J. Cauderlier was the sole owner of the stock of CAI. [*See* ¶17 of the Complaint filed herein.]

**ANSWER:**     Paragraph 87 contains no allegations against LaRuche and therefore no answer is required.  To the extent that an answer is required, LaRuche admits the allegations set forth in Paragraph 87.

88.     J. Cauderlier contends that, on August 19, 1999, he "was authorized" to enter CAI into an agreement to purchase the Building for $1,100,001.00, and that he was authorized to open a bank account for CAI. [*See* ¶18 of the Complaint filed herein.]

**ANSWER:**     Paragraph 88 contains no allegations against LaRuche and therefore no answer is required.  To the extent that an answer is required, LaRuche is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 and therefore denies the same.

89.     Any "authorization" received by J. Cauderlier, referred to paragraph 84 above, was given to J. Cauderlier by J. Cauderlier, since he was the sole shareholder of CAI.

**ANSWER:**     Paragraph 89 contains no allegations against LaRuche and therefore no answer is required.  To the extent that an answer is required, LaRuche is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 and therefore denies the same.

90.    Since LaRuche occupied the Building and operated Cafe La Ruche in the Building, the corporate opportunity to purchase the Building, when it arose, rightfully belonged to La Ruche.

**ANSWER:**    Denied.

91.    Since J. Cauderlier knew that Mr. Zambrana was an owner of at least 10% of the stock in LaRuche in 1999, J. Cauderlier elected to create CAI as a corporate vehicle, funded entirely with monies provided by La Ruche, through which to purchase the Building, so as to deprive Mr. Zambrana of any interest in the Building by virtue of his being a shareholder of LaRuche.

**ANSWER:**    Denied.

92.    J. Cauderlier usurped from La Ruche the corporate opportunity to purchase the Building rightfully belonging to it, and, in so doing, wrongfully deprived Mr. Zambrana from a share in the Building to which he should have been entitled.

**ANSWER:**    Denied.

93.    It would be inequitable to permit J. Cauderlier and or CAI to retain ownership interests in the Building, which interests were wrongfully obtained.

**ANSWER:**    Denied.

94.    Mr. Zambrana is entitled to be awarded a monetary judgment against J. Cauderlier and La Ruche, jointly and severally, in an amount equal to Mr. Zambrana's proportionate ownership share in the Building, at its appreciated value, as determined by the Court.

**ANSWER:**    Denied.

## Count IX: Constructive Trust
### (Against J. Cauderlier)

95.    The allegations set forth in paragraphs 1 through 94 of the Third-Party Complaint are incorporated herein.

**ANSWER:**    LaRuche repeats and realleges its Answers to Paragraphs 1 – 94 of the Third-Party Complaint as if fully set forth herein.

96.    It would be inequitable to permit J. Cauderlier to retain monies and/or ownership interests in La Ruche, CAI, and/or the Building that were obtained through misrepresentation, wrongful inducement, commingling of corporate funds or usurpation of the corporate opportunity rightfully belonging to La Ruche.

**ANSWER:**    Paragraph 96 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 96 are denied.

97.    The court should impose on J. Cauderlier a constructive trust, comprising the stock in La Ruche, the stock in CAI, and all the ownership interests in the Building, for the benefit of Mr. Zambrana, until such time as the parties' respective interests are determined by the Court.

**ANSWER:**    Paragraph 97 contains no allegations against LaRuche therefore no answer is required.  To the extent an answer is required, the allegations set forth in Paragraph 96 are denied.

**WHEREFORE,** third-party defendant LaRuche, Inc. denies that defendant and third-party plaintiff, Sergio Zambrana, is entitled to any judgment in his favor, or that he has been damaged.

## AFFIRMATIVE DEFENSES

1.  Third-Party Plaintiff's claims fail to state a claim against LaRuche, Inc. upon which relief can be granted.

2.  Third-Party Plaintiff's claims are barred by the Statute of Limitations.

3.  Third-Party Plaintiff's claims are barred by doctrines of laches, waiver, and/or estoppel.

4.  LaRuche reserves the right to plead additional affirmative and other defenses.

Respectfully submitted,

Robert L. Green, Jr. (D.C. Bar No. 935775)
Suzanne R. Clement (D.C. Bar No. 478569)
HOWREY, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
clements@howrey.com

Attorneys for
LaRuche, Inc.

Dated:  December 19, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of LaRuche, Inc.'s Answer to the Third-Party Complaint was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of LaRuche, Inc.'s Answer to the Third-Party Complaint was also forwarded by First Class Mail, postage prepaid, this 19th Day of December 2005 to:

> Benny L. Kass, Esq.
> Jeffrey M. Hamberger, Esq.
> KASS, MITEK & KASS, PLC
> 1050 17th St., N.W.  #1100
> Washington, D.C.  20036
> blkass@kmklawyers.com
> jhamberger@kmklawerys.com
> (202) 659-6500

> *Counsel for Defendant Sergio Zambrana*

Robert L. Green