IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.**<br><br>Plaintiff<br><br>v.<br><br>**SERGIO ZAMBRANA**<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>**JEAN CLAUDE CAUDERLIER**<br><br>and<br><br>**LA RUCHE, INC.**<br><br>Third-Party Defendants | Civil Action No. 05-1653 (ESH/JMF) |

## MOTION FOR PROTECTIVE ORDER OF
## DEFENDANT/THIRD-PARTY PLAINTIFF, SERGIO ZAMBRANA

Pursuant to Rules 26(c) of the Federal Rules of Civil Procedure, defendant/third-party plaintiff, Sergio Zambrana, by and through counsel, hereby moves this Court for a protective order instructing the parties to postpone the taking of any further depositions in this matter until the parties have completed the mediation process that has been pending since this Court referred this matter to Magistrate Judge Facciola for Settlement Discussions on October 27, 2005. Mr. Zambrana also requests that the Court modify the May 20, 2006 discovery deadline and select a date that will allow the parties to complete the mediation process before turning their attention to outstanding discovery requests.

The undersigned counsel hereby certifies that he has conferred with opposing counsel regarding the postponement of depositions in this matter, but said counsel would not agree. Nor would opposing counsel agree to join in a motion requesting that the Court set a new, later, discovery deadline date.

In support of this motion, defendant respectfully refers this Court to the attached Memorandum of Points and Authorities in Support of said Motion.

WHEREFORE, defendant/third-party plaintiff, Sergio Zambrana, prays (1) that the Court enter an order postponing the taking of further depositions in this matter until such time as the Court has received a report from Magistrate Judge Facciola advising that the parties have completed the court-ordered mediation; (2) the Court extend the Discovery Deadline to a date deemed appropriate by the Court; and (3) the Court award Mr. Zambrana his attorneys' fees and costs associated herewith.

           Respectfully submitted,

           KASS, MITEK & KASS, PLLC

Dated: May 3, 2006           By: _____
           Jeffrey M. Hamberger (Bar No. 930362)
           1050 17th Street, N.W., #1100
           Washington, D.C. 20036
           (202) 659-6500
           Attorneys for Defendant/Third-Party Plaintiff,
           Sergio Zambrana

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Protective Order of Defendant/Third-Party Plaintiff Sergio Zambrana, and accompanying Points and Authorities, were mailed, via first class mail, postage prepaid, and emailed, this 3 rd day of May, 2006, to:

>Robert L. Green, Jr., Esquire
>James B. Boles, E
>HOWREY, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>greenr@howrey.com
>Bolesj@howrey.com

_____
Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Motion for Protective Order.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>JEAN CLAUDE CAUDERLIER<br><br>and<br><br>LA RUCHE, INC.<br><br>Third-Party Defendants | Civil Action No. 05-1653 (ESH/JMF) |

**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF SERGIO ZAMBRANA'S MOTION FOR PROTECTIVE ORDER**

Defendant/Third-Party Plaintiff, Sergio Zambrana, by and through counsel, hereby offers the following points and authorities in support of his Motion for Protective Order.

# INTRODUCTION[1]

## A. Factual History from Mr. Zambrana's Perspective

1. This lawsuit was brought by plaintiff, Cauderlier & Associates, Inc. ("CAI"), against defendant, Sergio Zambrana ("Zambrana"), seeking a declaratory judgment that Mr. Zambrana owns no stock in CAI, and that Jean Claude Cauderlier ("Cauderlier") is the sole, 100%, shareholder.

2. The Complaint further alleges that Mr. Zambrana is a mere 10% shareholder in a second corporation, La Ruche, Inc. ("La Ruche"), with Mr. Cauderlier owning the remaining 90% in La Ruche.

3. Plaintiff CAI contends that it owns the buildings ("Building") in which La Ruche operates its restaurant, Café La Ruche.

4. Mr. Zambrana filed a Counterclaim against plaintiff CAI, asserting, *inter alia*, that he is a shareholder of CAI, and seeking (a) an accounting from CAI; (b) a declaratory judgment stating the amount of shares in CAI that Mr. Zambrana owns; and (c) a monetary judgment in Mr. Zambrana's favor, for the amounts by which CAI has been unjustly enriched.

5. Defendant Zambrana also brought a Third-Party Complaint against Mr. Cauderlier, individually, and La Ruche, as third-party defendants, seeking equitable relief and monetary damages. Among the allegations in the Third-Party Complaint, Mr. Zambrana contends that Mr. Cauderlier has manipulated the books, records, stock ledgers and monies of CAI and La Ruche, to Mr. Cauderlier's sole advantage, and to the detriment of plaintiff CAI, in which corporation Mr.

---

[1] Counsel for defendant/third-party plaintiff will not burden the Court at this time with affidavits or copies of supporting documentation. Should the Court desire either affidavits or documentation, or both, counsel will provide them immediately after receiving such notification.

Zambrana claims a substantial interest. Mr. Zambrana also asserts that CAI and La Ruche have commingled their funds, and that La Ruche has paid bills and other obligations of CAI.

6. The night before CAI went to settlement on the purchase of the Building, Mr. Zambrana gave a check to Mr. Cauderlier in the amount of $25,000, payable to La Ruche, which monies, Zambrana contends, were intended to be, and in fact were, put toward the purchase price of the Building by La Ruche, ostensibly on behalf of CAI.

7. Mr. Zambrana contends that, by virtue of monies paid to the seller of the Building by La Ruche, La Ruche owns some or all of the Building.

8. Mr. Zambrana's position is that he is a part owner of the Building because (a) he is a shareholder in La Ruche, and La Ruche owns all or part of the Building, and/or, alternatively, (b) the $25,000 check he wrote to La Ruche just prior to settlement was used *in toto* toward the purchase price CAI paid for the Building.

9. Therefore, one of the most important issues in this litigation, aside from the corporate and property ownership questions, is the value of the Building.

10. In the absence of knowing the value of the Property, at least according to the court-appointed appraiser, the parties have refrained from conducting any further talks regarding a possible amicable resolution of their outstanding disputes, and have not actively discussed settlement since December 2005.

B. Procedural History

By Order of Referral dated October 27, 2005, The Honorable Ellen Segal Huvelle, ordered that this matter be referred this matter to Magistrate Judge John M. Facciola "for settlement discussions to begin or about November, 1, 2004."

3

The parties did not conduct settlement discussions, with Judge Facciola acting as mediator, until December 15, 2005.[2] During those discussions, the parties agreed to engage in a conference telephone call with Judge Facciola on the following Monday, December 19, 2005.

On December 19, 2005, Judge Facciola spoke by telephone with Robert L. Green, Jr., Esq., counsel for the Cauderlier Parties, and with the undersigned, Jeffrey M. Hamberger, Esq., counsel for Zambrana. During said conference call, it was agreed that the possibility of the parties reaching a settlement of the litigation would be enhanced if there were an independent valuation of the Property. It was further agreed that the appraisal would not be used for any other purpose.

On December 20, 2005, Judge Facciola and the parties' respective counsel conducted another conference call, wherein the parties agreed to split the costs of the appraisal, and agreed to allow Judge Facciola to select an appraiser.

On December 22, 2005, Judge Facciola sent a letter to all counsel confirming that an appraisal would be done; each party could nominate an appraiser and the Judge would select one; each party could bring to the appraiser's attention in writing those factors which the party believed to affect the fair market value of the Property; and the parties would share the costs of the appraiser's services.

On month later, by conference call on January 23, 2006, the parties advised Judge Facciola they had agreed upon John C. Dempsey as the appraiser of the Property.

---

[2] Present at the mediation were (a) Judge John M. Facciola; (b) third-party defendant, Jean Claude Cauderlier, who is also majority shareholder of plaintiff/third-party defendant, CAI, and majority shareholder of third-party defendant La Ruche [collectively, the "Cauderlier Parties"]; (c) defendant/third-party plaintiff, Sergio Zambrana; (d) Robert L. Green, Jr., Esq., Roger Klein, Esq., and Suzanne R. Clement, Esq., counsel for the Cauderlier Parties; and (e) the undersigned, Jeffrey M. Hamberger, Esq., counsel for Mr. Zambrana.

On February 7, 2006, Judge Facciola wrote a letter to Mr. Dempsey acknowledging Mr. Dempsey's "kind offer to assist me in settlement discussions that I am conducting . . . by appraising the [Property]." The letter went on to direct counsel for the parties to contact Mr. Dempsey within ten (10) days, in writing, with a copy to opposing counsel, to bring to his attention "all concerns and facts they believe may have some bearing on your appraisal." The letter further directed the parties to provide Mr. Dempsey "with a written indication that their clients will each pay one half of your fee upon presentation to them of your bill for your services."

### C. The Current Posture of the Case

On March 2, 2006, counsel for the parties, and Mr. Zambrana, appeared before The Honorable Ellen S. Huvelle at a Status Conference scheduled for that date. At the Status Conference, the Court expressed her preference that the parties put their energies toward the mediation process rather than expend legal fees and other resources on other aspects of the case, such as discovery. The Court extended the discovery deadline until May 20, 2006, and instructed the parties not to proceed with the depositions that had already been noted, aside from one deposition the parties agreed should go forward on the following day.

Also, at the March 2 status conference, the Court instructed Cauderliers' counsel to notify Mr. Dempsey in writing of their clients' willingness to share such costs.

It was not until March 13, 2006 that counsel for the Cauderlier Parties sent a letter to Mr. Dempsey confirming that "[his] client [*sic*] will pay for one half the cost of an appraisal of the [Property]."

On March 20, 2006, Mr. Dempsey sent an email to Cauderliers' counsel stating, among other things that "As you suggested, I do need to see the property. Let me know who to contact about

doing that inspection. Also, building plans, if available, would be helpful; and I'll need a copy of any leases on the property."

On April 4, 2006, James B. Boles, Esquire, counsel for the Cauderlier Parties, wrote to the undersigned counsel for Mr. Zambrana, stating that he intended to schedule the deposition of Mr. Zambrana for the week of April 24th. He also stated that they were "waiting for Mr. Dempsey to respond with a date and time he will be available to inspect the property. Mr. Dempsey's request for a copy of the La Ruche lease will be met in short order."

On April 12, 2006, the undersigned counsel for Mr. Zambrana responded to Mr. Boles' letter of April 4th, stating, among other things, "You will recall that the judge specifically suspended discovery, with instructions to the parties to (a) focus themselves on the mediation before Magistrate Judge Facciola, and (b) ensure that Judge Facciola was supplied with all the information he had requested, which would include the appraisal from John Dempsey." The letter concluded, "Hopefully, the mediation can be resumed in the near future. Should the parties fail to reach an agreement, then we should schedule depositions and move the discovery process forward with alacrity."

Mr. Dempsey conducted his site visit of the Property on April 14, 2006. His report will be completed, upon information and belief, on or before May 12, 2006.

ARGUMENT

Counsel for the Cauderlier Parties are persisting in their demand that Mr. Zambrana's deposition be taken no later than [a revised date of] May 12, 2006. Counsel for Mr. Zambrana has continued to respond to those efforts by requesting that opposing counsel wait at least until settlement discussions have resumed and proven to be fruitless before sending out deposition

notices. In the meantime, the parties are essentially no closer to returning to the mediation table than they were on March 2nd, when Judge Huvelle admonished the parties to dispense with the depositions [for the time being], in favor of pursuing settlement discussions through the efforts of Judge Facciola.

Counsel for Mr. Zambrana has requested on several occasions that Messrs. Green and Boles withdraw their demand to take Mr. Zambrana's deposition before the parties have returned to the mediation table, but each request has been met with an insistence for a date on which to set the deposition during the next several days. It is for this reason that counsel for Mr. Zambrana is filing this Motion for Protective Order.

In support of this motion, Mr. Zambrana's counsel would point out that the parties have not sat down with Judge Facciola to discuss settlement since December 15, 2005, through no fault of Mr. Zambrana. On the other hand, counsel for the Cauderlier Parties took until March 13th to comply with Judge Facciola's February 7, 2006 directive that the parties notify the appraiser within 10 days of their willingness to divide the costs of the appraisal. As late as April 4th, said counsel had not provided Mr. Dempsey with the copy of the lease he had requested on March 20th. Mr. Dempsey was not shown the Property until April 14, 2006, a full ten days after Mr. Boles wrote his letter requesting that Mr. Zambrana's deposition be scheduled for April 24, 2006.

The insistence to take Mr. Zambrana's deposition before the resumption of mediation comes despite that fact that counsel for the Cauderlier Parties clearly understood that the Court's stated intention at the March 2, 2006 Status Conference was to have the parties pursue mediation before embarking on a course of depositions. Mr. Boles sent an email counsel for Mr. Zambrana on March 6, 2006, stating: "I am writing to follow-up on the depositions you scheduled last week for Mr.

7

Naithani, Mr. Webb, and Mr. Cauderlier. We need some sort of confirmation from you that these depositions either have been or will be cancelled per the Court's March 2nd directive." This acknowledgment of the Court's intention was further affirmed by a March 9, 2006 letter from Mr. Boles: "Please confirm, in writing, as soon as possible that the depositions scheduled for Messrs. Naithani, Webb and Cauderlier are all cancelled pursuant to the court's March 2nd directive." On March 13, 2006, the undersigned responded, with an email to Mr. Boles, stating, "This will confirm that all three depositions will be postponed pursuant to the court's March 2 directive. I apologize for not responding to your email sooner."

Counsel for Mr. Zambrana has requested that counsel for the Cauderlier Parties postpone the taking of additional depositions, by any party, until after the mediation process has been completed, but such request has been refused. Moreover, counsel for the Cauderlier Parties have rebuffed, as recently as May 2, 2006, the Mr. Zambrana's counsel's request that the parties join in a motion to extend the discovery deadline, given the long delay in accomplishing the purpose of the Court's original referral of this case to Judge Facciola in October of 2005.

For the foregoing reasons, Mr. Zambrana asserts that he is entitled to the relief sought in his Motion for Protective Order.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: May 3, 2006

By: _____
Jeffrey M. Hamberger (Bar No. 930362)
1050 17th Street, N.W., #1100
Washington, D.C. 20036
(202) 659-6500
Attorneys for Defendant/Third-Party Plaintiff,
Sergio Zambrana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.**<br><br>**Plaintiff**<br><br>v.<br><br>**SERGIO ZAMBRANA**<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>**JEAN CLAUDE CAUDERLIER**<br><br>and<br><br>**LA RUCHE, INC.**<br><br>**Third-Party Defendants** | Civil Action No. 05-1653 (ESH/JMF) |

## ORDER

Upon consideration of the Motion for Protective Order of Defendant/Third-Party Plaintiff Sergio Zambrana, and the Opposition filed by plaintiff and third-party defendants thereto, it is this ____ day of _____, 2006, hereby

ORDERED that defendant's Motion for Protective Order be, and hereby is, GRANTED; and it is further

ORDERED that no additional depositions shall be taken in this matter until such time as the Court has received a report from Magistrate Judge Facciola advising that the parties have completed the court-ordered mediation; and further

ORDERED the Discovery Deadline shall be extended until _____;

and further

ORDERED that defendant/third-party plaintiff, Sergio Zambrana shall be awarded the sum of $_____, to cover his attorneys' fees and costs associated the Motion.

_____
Judge Ellen Segal Huvelle

COPIES TO:

Robert L. Green, Jr., Esquire
James B. Boles, Esquire
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
greenr@howrey.com
clements@howrey.com

Benny L. Kass, Esquire
Jeffrey M. Hamberger, Esquire
1050 17th Street, N.W., #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com

F:\WP_FILES\CLIENTS\04300.101\Order Granting Motion for Protective Order.proposed.wpd