IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>JEAN CLAUDE CAUDERLIER<br><br>and<br><br>LA RUCHE, INC.<br><br>Third-Party Defendants | Civil Action No. 05-1653 (ESH/JMF) |

## SUPPLEMENT TO ZAMBRANA'S MOTION FOR ORDER REQUIRING COUNSEL TO WITHDRAW

With apologies for not having done so when he filed his Motion for Order Requiring Counsel to Withdraw yesterday, defendant/counter-plaintiff/third-party plaintiff, Sergio Zambrana, hereby supplements said Motion by providing the Court with a copy of "La Ruche, Inc.'s Responses to Third-Party Plaintiff's First Set of Interrogatories," attached hereto as Exhibit 2. Mr. Zambrana's counsel overlooked the fact that said discovery document had not previously been filed with the Court.

In his Motion, Mr. Zambrana makes reference to La Ruche's Responses to Interrogatories Nos. 8 and 10, and refers to the fact that the interrogatory answers are not signed by the party

making them.[1] By providing a copy of La Ruche's interrogatory answers, Mr. Zambrana wishes to allow the Court to confirm independently his assertions. Rather than burden the Court with copies of the Responses to the Interrogatories submitted by the other Howrey clients, Jean Claude Cauderlier and Cauderlier & Associates, Inc., the undersigned counsel hereby certifies that neither of those parties complied with the requirements of Rule 33(b)(2), either, as asserted in said Motion.

                                            Respectfully submitted,

                                            KASS, MITEK & KASS, PLLC

Dated: May 10, 2006                 By: _____
                                            Jeffrey M. Hamberger (Bar No. 930362)
                                            1050 17th Street, N.W., #1100
                                            Washington, D.C. 20036
                                            (202) 659-6500
                                            Attorneys for Defendant/Counter-Plaintiff/Third-
                                            Party Plaintiff, Sergio Zambrana

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing Supplement to Zambrana's Motion for Order Requiring Counsel to Withdraw, and accompanying Points and Authorities, were mailed, via first class mail, postage prepaid, and emailed, this _10_ th day of May, 2006, to:

                Robert L. Green, Jr., Esquire
                James B. Boles, Esquire
                HOWREY, LLP
                1299 Pennsylvania Avenue, N.W.
                Washington, D.C. 20004
                greenr@howrey.com
                bolesj@howrey.com

                                            _____
                                            Jeffrey M. Hamberger

---

[1] In the Motion, Mr. Zambrana mistakenly cites Rule 32(b)(2) of the Federal Rules of Civil Procedure, rather than Rule 33(b)(2), as the basis for his point.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| SERGIO ZAMBRANA, | ) Civil Case No. 1:05CV01653 |
| | ) Judge Ellen Segal Huvelle |
| Defendant/Third-Party Plaintiff | ) |
| v. | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| And | ) |
| LA RUCHE, INC. | ) |
| Third-Party Defendants | ) |

**LA RUCHE, INC.'S RESPONSES TO THIRD-PARTY PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Third-Party Defendant La Ruche, Inc. ("La Ruche") responds as follows to the First Set of Interrogatories served by Third-Party Plaintiff Sergio Zambrana ("Mr. Zambrana").

I.   **GENERAL OBJECTIONS**

1.   La Ruche objects to the Definitions that accompanied these interrogatories to the extent they purport to broaden the scope of discovery beyond that permitted by the Federal Rules of Civil Procedure, or seek to impose burdens on La Ruche not authorized by those Rules.

2.   La Ruche objects to the discovery requests to the extent they seek information protected by the attorney-client privilege, work product doctrine, and/or any other applicable

**EXHIBIT 2**

privileges or immunities recognized or provided for under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or at common law.

    3.    La Ruche objects to each interrogatory to the extent that it is either unlimited as to any relevant time, requires the description of a broad range of facts or legal conclusions it has reached regarding the case, and consequently is overly broad, seeks information that is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Please note that based upon the allegations in Mr. Zambrana's Complaint against La Ruche, the earliest time for the purported acts Mr. Zambrana has alleged is 1997.

    4.    La Ruche objects to the interrogatories to the extent that they seek information not in its possession, custody or control, and/or purport to require La Ruche to obtain information or things not in its possession, custody or control from individuals or entities, other than persons within its control. La Ruche's responses to these interrogatories are made in its own behalf.

    5.    La Ruche responds to these interrogatories as it understands them, as noted below. If Mr. Zambrana subsequently asserts an interpretation that differs from La Ruche's, La Ruche reserves its right to supplement its responses and objections accordingly.

    6.    La Ruche acknowledges its duty to supplement its discovery responses as information becomes available. La Ruche expressly reserves the right to amend or otherwise modify its discovery responses in light of that information.

    7.    La Ruche fully incorporates all of the foregoing general objections into each of the following specific objections and responses.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 1: Please identify the person(s) answering these Interrogatories and state the position with La Ruche held by that person(s).

RESPONSE: The person answering these Interrogatories is Jean Claude Cauderlier. Mr. Cauderlier is President, Vice-President, and Secretary of La Ruche.

Interrogatory No. 2: Identify all the persons, employees or agents, who investigated the facts alleged in the Third-Party Complaint filed herein for you.

RESPONSE: Mr. Cauderlier and his counsel investigated the allegations in the above-captioned action.

Interrogatory No. 3: Identify any persons, not heretofore mentioned, having personal knowledge of facts material to the case.

RESPONSE: Jean Claude Cauderlier, Sergio Zambrana, Charles Webb, Mahesh Naithani, James Powers, Pierre LaForce, Loretta Rias, and David Bird.

Interrogatory No. 4: Identify each person whom you intend to call as an expert at trial; for each such person, state the subject matter on which the expert is expected to testify, and state the substance of facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE: La Ruche has not identified an expert at this time. When La Ruche has identified an expert, it will supplement its response to this Interrogatory.

Interrogatory No. 5: If you deny any or all of the allegations set forth in paragraphs 5-20, 22-26, 28-29, 31-34 or 36 of the Counterclaim filed herein by Mr. Zambrana against Cauderlier and Associates, Inc. ("CAI"), state the facts alleged therein that you deny; identify any documents which support your denial; identify any persons who can substantiate your denial; and identify which persons you intend to call at trial to support such denial.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. Further, La Ruche neither denies nor admits allegations made in a Counterclaim filed against another party. La Ruche refers Mr. Zambrana to its December 19, 2005 Answer to Third-Party Complaint for an understanding of those allegations which La Ruche denies – denials which are plain and speak for themselves.

Interrogatory No. 6: If you deny any or all of the allegations set forth in paragraphs 2-3, 6-38, 40-46, 48-53, 55-57, 59-64, 66- 69, 71-74, 76-82, 84-94, 96, and 97 of the Third-Party Complaint, describe which facts alleged therein that you deny; identify any documents which support your denial; identify any persons who can substantiate your denial; and identify which persons you intend to call at trial to support such denial.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. La Ruche states that the denials in its December 19, 2005 Answer to Third-Party Complaint are plain and speak for themselves. For documents which support La Ruche's Answer denials, La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier. Those documents are sufficient to support the denials made in La Ruche's Answer. La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

Interrogatory No. 7: If you deny that, between 1996 and 1998, you directed La Ruche to issue to Mr. Zambrana a stock certificate memorializing Mr. Zambrana's ten percent (10%) ownership interest in La Ruche, describe what incentives, if any, that La Ruche offered to Mr. Zambrana at that time, to entice him to agree not to leave La Ruche, when other employees were leaving the employ of La Ruche to establish a new restaurant, and offering equity shares in that new enterprise.

4

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite (specifically as to the term "incentives"), and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. Mr. Zambrana did not own any interest in La Ruche before 2000. La Ruche did not issue Mr. Zambrana stock certificates before 2000. Throughout the course of his employment with La Ruche, Mr. Zambrana received compensation in the form of salary, earned tips, and in-kind benefits available to La Ruche employees. At no point did La Ruche grant Mr. Zambrana additional consideration for services rendered.

Interrogatory No. 8: If you deny that La Ruche owns one hundred percent (100%) of the stock in CAI, describe those facts which support your answer; identify any documents which support your answer; identify any persons who can substantiate your answer; identify which persons you intend to call at trial to support such answer; and describe how it came to be that La Ruche's 2004 federal income tax return Form 1120 indicates that La Ruche owns "100%" of the stock in CAI.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. La Ruche does not own stock in CAI. No stock in CAI has ever been issued to La Ruche, nor has La Ruche ever purchased or sought to purchase an interest in CAI. Further, the 2004 Form 1120 instructions require both the identification of ownership interests common to separate corporations and the disclosure of employee ownership. The La Ruche 2004 Form 1120 discloses that Mr. Cauderlier owns both 100% of CAI and 90% of La Ruche to comply with those requirements. The La Ruche 2004 Form 1120 does not state that La Ruche owns 100% of CAI. La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier for documents that – to the extent they exist – would support the determinations requested in this interrogatory.

La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

Interrogatory No. 9: State the number of shares in La Ruche you contend are owned by [Mr.] Cauderlier, the number of shares in La Ruche owned by Mr. Zambrana, and the number of shares in La Ruche owned by other persons, and describe those facts which support your answer; identify any documents which support your answer; identify any persons who can substantiate your answer; identify which persons you intend to call at trial to support such answer; and identify those other persons you contend hold the shares in La Ruche.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. Mr. Cauderlier owns 90 shares of common stock in La Ruche. Mr. Zambrana owns 10 shares of common stock in La Ruche. No other party or entity holds shares in La Ruche. La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier for documents that – to the extent they exist – would support the determinations requested in this interrogatory. La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

Interrogatory No. 10: State the percentage interest in the Property you contend is owned by CAI, the percentage interest in the Property owned by La Ruche, the percentage interest in the Property owned by [Mr.] Cauderlier, the percentage interest in the Property owned by Mr. Zambrana, and the percentage interest in the Property owned by other persons, and describe those facts which support your answer; identify any documents which support your answer; identify any persons who can substantiate your answer; identify which persons you intend to call at trial to support such answer; and identify those other persons you contend own a percentage interest in the Property.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite (specifically as to the term "incentives"), and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. La Ruche has no position on the ownership interests that CAI, Mr. Cauderlier, or Mr. Zambrana may or may not hold in the property. La Ruche has no ownership interest in the property. La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier for documents that – to the extent they exist – would support the determinations requested in this interrogatory. La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

Interrogatory No. 11: Describe what you contend to be the purpose of Mr. Zambrana's delivering to [Mr.] Cauderlier, on or about January 20, 2000, a personal check payable to La Ruche in the amount of dated January 21, 2000; describe those facts which support your answer; identify any documents which support your answer; identify any persons who can substantiate your answer; identify which persons you intend to call at trial to support such answer.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. La Ruche received a check in the amount of $25,000 from Mr. Zambrana. In return, La Ruche issued Mr. Zambrana 10 shares of common stock at a price of $2,500 per share – which is 10% of the price Mr. Cauderlier paid when he purchased La Ruche. La Ruche cannot speak to Mr. Zambrana's intentions in writing the check to La Ruche, but La Ruche understood that the check was for the purchase of La Ruche common stock. La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier for documents that – to the extent they exist – would support the determinations requested in this interrogatory. La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

<u>Interrogatory No. 12</u>: State the monthly amount paid by [La Ruche] to CAI to lease the premises located in the Property, for each month since February 2000.

RESPONSE: La Ruche objects to this Interrogatory as overly broad, too general and all-inclusive, vague and indefinite, and not reasonably calculated to lead to the discovery of admissible material in a manner consistent with the Federal Rules of Civil Procedure. La Ruche refers Mr. Zambrana to the documents produced in response to his First Request for Production of Documents to Third-Party Defendant Jean Claude Cauderlier for documents that – to the extent they exist – would support the determinations requested in this interrogatory. La Ruche will identify its witnesses in a manner consistent with the Federal Rules of Civil Procedure and the local rules of the Court.

Dated: March 31, 2006                                Respectfully submitted,

/s/ Robert L. Green, Jr.
Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc.,
Jean Claude Cauderlier, and La Ruche, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing La Ruche, Inc.'s Responses to Third-Party Plaintiff's First Set of Interrogatories was sent by hand delivery this 31st day of March 2006 to:

>Benny L. Kass, Esq.
>Jeffrey M. Hamberger, Esq.
>KASS, MITEK & KASS, PLC
>1050 17th St., N.W. #1100
>Washington, D.C. 20036
>blkass@kmklawyers.com
>jhamberger@kmklawerys.com
>(202) 659-6500

_____
James B. Boles