# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1653 (ESH/JMF)** |
| ) | |
| **SERGIO ZAMBRANA,** ) | |
| ) | |
| **Defendant/Third-Party** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JEAN CLAUDE CAUDERLIER** ) | |
| ) | |
| **And** ) | |
| ) | |
| **LA RUCHE, INC.** ) | |
| ) | |
| **Third-Party Defendants** ) | |
| ) | |

## JOINT MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER IN OPPOSITION TO SERGIO ZAMBRANA'S MOTION FOR PROTECTIVE ORDER

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier (collectively referred to hereinafter as the "Joint Parties") respectfully submit this Joint Memorandum in Opposition to Sergio Zambrana's Motion for Protective Order ("Motion").

## PRELIMINARY STATEMENT

Sergio Zambrana ("Mr. Zambrana") has moved for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). The assertions that Mr. Zambrana makes in support of his Motion may be summarized as follows: (1) the Court "suspended" discovery during the March 2, 2006 Status Conference (Motion at 6); (2) correspondence from Counsel for the Joint Parties supports Mr. Zambrana's position that discovery is suspended (Motion at 8); and (3) Counsel for the Joint

Parties have obstructed or delayed the work of John Dempsey ("Mr. Dempsey"), the appraiser (Motion at 7). However, Mr. Zambrana's assertions lack merit and are insufficient support for a Protective Order. For the reasons detailed below, Mr. Zambrana's Motion should be denied.

## DISCUSSION

Mr. Zambrana's argument that the Court has suspended discovery is groundless. During the March 2, 2006 Status Conference, the Court told the parties that: (1) discovery would be *extended* until May 20, 2006 to allow the parties more time to resolve their differences; (2) the previously scheduled deposition would proceed while the other depositions would be postponed; and (3) the parties should complete written discovery by the end of March 2006. The Court did not suspend discovery. Further, the Court's electronic notice clearly states that "Discovery [is] due by 5/20/2006" and makes no mention of a suspension. *See* Exhibit A.

The Joint Parties did not adopt Mr. Zambrana's erroneous position regarding discovery. As stated in an April 12, 2006 letter regarding Mr. Zambrana's failure to meet his outstanding discovery obligations: "During our April 3rd telephone conversation, I reminded you of the Court's statements that 'written discovery' was due 'at the end of the month' and that discovery would be 'extended' – not suspended – until May 20, 2006." *See* Exhibit B.

Counsel for the Joint Parties has been responsive in dealing with Mr. Dempsey. The aforementioned April 12, 2006 letter directly addressed Mr. Zambrana's claims to the contrary:

> We have responded to Mr. Dempsey in a reasonable and timely manner. Only recently has Mr. Dempsey gotten back to us, and we are now waiting for his feedback on the proposed date and time for the on-site assessment. Mr. Dempsey will receive copies of the La Ruche lease and any floor plans Mr. Cauderlier may have retained at that same date and time.

*See* Exhibit B. Mr. Dempsey was shown the property on April 14, 2006, presented a copy of the lease during that inspection, and sent copies of the requested floor plans by Federal Express the same day despite Mr. Dempsey's assurances that such a quick turn around was unnecessary.

Mr. Zambrana's assertions are grossly insufficient support for a Protective Order. For instance, it is well-established that a party seeking a Protective Order must present facts that establish "a clearly defined and serious injury will result from the discovery sought." Moore's Federal Practice, §26.102[1] (3d ed. 2006) (citing *FEC v. Gopac, Inc.,* 897 F. Supp. 615, 617 (D.D.C. 1995)). Mr. Zambrana's Motion neither contains a defined injury claim nor a citation of law or fact that supports his apparent position that a deposition sought prior to an extended discovery deadline is impermissible.

Further, the single deposition sought is calculated to result in the discovery of relevant, necessary information. Although Mr. Zambrana has made claims, he has presented no contracts, stock certificates, or other documents suggesting an ownership interest in CAI or reasonable expectation of same. The Joint Parties therefore respectfully suggest that completion of Mr. Zambrana's deposition will facilitate, not hinder, the settlement process. Assuming that Mr. Zambrana produces documents, his testimony will illuminate his view of the facts.

Mr. Zambrana's reluctance to appear for deposition is curious. It is Mr. Zambrana who is asserting ownership interest in CAI. It is his burden to establish the basis for his claim of ownership. By delaying his deposition, Mr. Zambrana is delaying resolution of the case.

Federal Rule of Civil Procedure 26(c) neither precludes the Joint Parties from obtaining basic information relevant to Mr. Zambrana's claims nor requires the Joint Parties to consider settlement of those claims in a vacuum. Under the circumstances, seeking that evidence by way of Mr. Zambrana's deposition testimony – in parallel with settlement discussions and prior to the Court's May 20, 2006 discovery deadline – is entirely reasonable.

## CONCLUSION

For the reasons set forth above, the Court should deny Mr. Zambrana's Motion.

Dated:  May 12, 2006

Respectfully submitted,

Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc.,
Jean Claude Cauderlier, and La Ruche, Inc.

# EXHIBIT A

**Boles, James**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Friday, March 03, 2006 11:43 AM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-01653-ESH CAUDERLIER & ASSOCIATES, INC. v. ZAMBRANA "Set/Reset Deadlines" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Columbia**

Notice of Electronic Filing

The following transaction was received from gdf, entered on 3/3/2006 at 11:43 AM EDT and filed on 3/3/2006

**Case Name:**      CAUDERLIER & ASSOCIATES, INC. v. ZAMBRANA
**Case Number:**      1:05-cv-1653
**Filer:**
**Document Number:**

**Docket Text:**
Set/Reset Deadlines: Discovery due by 5/20/2006. (gdf)

The following document(s) are associated with this transaction:

**1:05-cv-1653 Notice will be electronically mailed to:**

James Brian Boles      bolesj@howrey.com,

Robert Lamar Green , Jr      greenr@howrey.com,

Jeffrey Marc Hamberger      jhamberger@kmklawyers.com,

**1:05-cv-1653 Notice will be delivered by other means to:**

# EXHIBIT B

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

Direct Dial 202.383.7312
File 01314.0002.000000

April 12, 2006

Jeffrey M. Hamberger Esq.
Kass, Mitek & Kass, PLLC
1050 17th Street, NW, Suite 1100
Washington D.C. 20036

Re:    **April 12, 2006 Letter Regarding CAI v. Zambrana**

Dear Mr. Hamberger:

The surprise you express in your April 12, 2006 response to our April 5th request that Mr. Zambrana meet his discovery obligations is entirely misplaced. During our April 3rd telephone conversation, I reminded you of the Court's statements that "written discovery" was due "at the end of the month" and that discovery would be "extended" – not suspended – until May 20, 2006. Also, Mr. Zambrana's discovery responses were due on February 27, 2006 – approximately a month and a half ago. These facts seem to entirely preclude any assertion that you were "surprised" by our request that Mr. Zambrana produce or make available the requested documents no later than April 14th.

Your additional surprise with the pace of our interactions with Mr. Dempsey is also misplaced. We have responded to Mr. Dempsey in a reasonable and timely manner. Only recently has Mr. Dempsey gotten back to us, and we are now waiting for his feedback on the proposed date and time for the on-site assessment. Mr. Dempsey will receive copies of the La Ruche lease and any floor plans Mr. Cauderlier may have retained at that same date and time.

Since you did not identify dates that Mr. Zambrana would find amenable (as we requested in our April 4th letter), we have noticed his deposition for May 9, 2006 at 9:30 am (deposition notice enclosed). We expect Mr. Zambrana to either produce or make available documents responsive to Cauderlier & Associates, Inc.'s January 27, 2006 First Request for Production of Documents no later than April 28, 2006.

Sincerely,

James B. Boles
*Attorney for Cauderlier & Associates, Inc.*

Enclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| SERGIO ZAMBRANA, | ) |
| Defendant/Third-Party Plaintiff | ) |
| v. | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| And | ) |
| LA RUCHE, INC. | ) |
| Third-Party Defendants | ) |

Civil Case No. 1:05CV01653
Judge Ellen Segal Huvelle

NOTICE OF DEPOSITION OF
SERGIO ZAMBRANA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Plaintiff Cauderlier & Associates, Inc. will take the deposition upon oral examination of Defendant and Third-Party Plaintiff Mr. Sergio Zambrana on May 9, 2006, beginning at 9:30 a.m. The deposition will take place at the offices of Howrey LLP, 1299 Pennsylvania Avenue NW, Second Floor (Room 2A), Washington D.C., 20004. Please also note that Mr. Zambrana will either produce or make available any and all documents, responses, or admissions described in pending discovery requests no later than April 28, 2006.

The deposition will be stenographically and videographically recorded, and will continue until completed.

DATED this 12th day of April, 2006.

Respectfully submitted,

Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc.,
Jean Claude Cauderlier, and La Ruche, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition of Sergio Zambrana was served by express delivery, delivery charges prepaid, this 12th day of April, 2006 upon the parties listed below:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
KASS, MITEK & KASS, PLC
1050 17th St., N.W.  #1100
Washington, D.C.  20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500

_____
                    James B. Boles

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAUDERLIER & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 05-1653 (ESH/JMF)** |
| **SERGIO ZAMBRANA,** | ) | |
| | ) | |
| **Defendant/Third-Party Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JEAN CLAUDE CAUDERLIER** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **LA RUCHE, INC.** | ) | |
| | ) | |
| **Third-Party Defendants** | ) | |

## PROPOSED ORDER

Upon consideration of Sergio Zambrana's Motion for Protective Order, it is hereby

**ORDERED and ADJUDGED** this _____ day of _____, 2006, that Mr. Zambrana's Motion is hereby **DENIED;** and

**SO ORDERED**.

_____
John M. Facciola
United States District Court Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Joint Memorandum of Cauderlier &

Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier in Opposition to Sergio Zambrana's

Motion for Protective Order and Exhibits were served by operation of the Court's electronic

filing system upon all attorneys of record registered with the Court's ECF system, and a true and

accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys

not registered with the Court's ECF system, this 12th day of May 2006, as indicated below, to:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
KASS, MITEK & KASS, PLC
1050 17th St., N.W.  #1100
Washington, D.C.  20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500



James B. Boles