IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>SERGIO ZAMBRANA, )<br> )<br>      Defendant/Third-Party )<br>      Plaintiff )<br> )<br>v. )<br> )<br>JEAN CLAUDE CAUDERLIER )<br> )<br>      And )<br> )<br>LA RUCHE, INC. )<br> )<br>      Third-Party Defendants ) | Civil Action No. 05-1653 (ESH/JMF) |

**SUPPLEMENTAL MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER IN OPPOSITION TO SERGIO ZAMBRANA'S MOTION FOR ORDER REQUIRING COUNSEL TO WITHDRAW**

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to as the "Joint Parties") respectfully submit this Supplemental Memorandum pursuant to the Court's July 12, 2006 Order.

**PRELIMINARY STATEMENT**

Mr. Zambrana is not, and has never been a client of Howrey LLP. As a result, he lacks standing to seek Howrey's disqualification. Despite not being a current or former client of Howrey, Mr. Zambrana, nevertheless, seeks to disqualify Howrey because it represents Mr. Cauderlier and two corporations he controls as their majority shareholder. Mr. Zambrana

seeks disqualification, not because Mr. Zambrana's client confidences will be compromised, but because Howrey advocates positions with which Mr. Zambrana and his counsel disagree.

Unable to identify any client confidences affected by Howrey's representation of the Joint Parties, Mr. Zambrana argues that he has protectable "interests" implicated by Howrey's representation of the Joint Parties. An analysis of these purported interests reveals that none confer standing upon Mr. Zambrana. Each is merely a factual issue where the Joint Parties and Mr. Zambrana disagree. To the extent Mr. Zambrana claims injury, the injury arises from the underlying facts, not from Howrey's representation of the Joint Parties.

Mr. Cauderlier is the controlling majority owner, sole shareholder, and only corporate officer of CAI. Mr. Cauderlier is the controlling majority owner and only corporate officer of La Ruche. Mr. Cauderlier is solely responsible for the operations of La Ruche and CAI. Mr. Zambrana does not and cannot contend otherwise.

Mr. Cauderlier is entitled to choose his own counsel and to direct the prosecution of this case. Mr. Zambrana contends that separate counsel is required for each of the Joint Parties. Mr. Zambrana imagines that, if separately represented, CAI and La Ruche would abandon positions previously asserted and amend their pleadings to sue Mr. Cauderlier. Mr. Cauderlier is not obligated to sue himself. Mr. Zambrana has not identified or established law to the contrary.

Mr. Zambrana cites neither law nor fact that supports his position. Mr. Zambrana's Motion and Supplemental Brief are frivolous. They are neither warranted by existing law nor advance nonfrivolous arguments for the extension, modification, or reversal of existing law. As set forth in both the prior Opposition and below, Mr. Zambrana's Motion for Order Requiring Counsel to Withdraw should be denied.

## DISCUSSION

As noted in the Joint Parties' Opposition, this Court has held that "the mere claim of a conflict is not enough; there must be proof" and has expressed the concern that "some motions for disqualification are motivated not by a fine sense of ethics and a well-developed desire to

remove from litigation practitioners whose ethics are less acute, but, bluntly, by a desire to achieve a tactical advantage."[1] Disqualification motions are therefore viewed with "strong disfavor" and "cautious scrutiny."[2]

Claimants or movants must demonstrate "constitutional and prudential standing in order to seek federal judicial review."[3] "Standing must be proven with respect to *each* claim."[4] A claimant must show the following to meet the constitutional requirement for standing:

> (1) he has suffered an injury which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the alleged injury and conduct that is fairly traceable to the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[5]

A claimant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."[6] Movants for disqualification are not excepted from this constitutional requirement – they too must establish standing to pursue their disqualification claims.[7]

---

[1] *Laker Airways Ltd. v. Pan American World Airways,* 103 F.R.D. 22 at 27, 41 (D.D.C. 1984); *see also Riggs Nat'l Bank v. Calumet-gussin,* No.91-15831, 1992 U.S. Dist. LEXIS 16475 at *11 (D.D.C. Oct. 30, 1992) (noting a concern that disqualification motions may be filed for "vexatious purposes").

[2] *Klayman & Gurley, P.C. v. Scott,* No. 88-0373(RCL), 1989 U.S. Dist. LEXIS 13638 at *3 (D.D.C. Nov. 15, 1989); *Laker Airways,* 103 F.R.D. at 28.

[3] *E.g., Communities for a Great Northwest, Ltd. v. Clinton,* 112 F. Supp. 2d 29, 32-33 (D.D.C. 2000) (citing *Mountain States Legal Foundation v. Glickman,* 92 F.3d 1228, 1232 (D.C. Cir. 1996)); *Pigford v. Veneman,* 355 F. Supp. 2d 148, 156-57 (D.D.C. 2005).

[4] *Communities,* 112 F. Supp. 2d at 33 (emphasis added) (citing *Warth v. Seldin,* 422 U.S. 490, 500 (1975)).

[5] *Natural Law Party v. FEC,* 111 F. Supp. 2d 33, 41 (D.D.C. 2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

[6] *Johnson v. Holway,* No. 03-2513 (ESH), 2005 U.S. Dist. LEXIS 34787 at *83 (D.D.C. Dec. 6, 2005) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 474 (1982)).

[7] *E.g., Pigford,* 355 F. Supp. 2d at 156-57 ("Since the motion to disqualify class counsel effectively sets forth a new claim, movants must demonstrate separate standing – personal and individual injury to them as a result of class counsel's conduct – in order to pursue it.")

Mr. Zambrana does not meet the constitutional requirements for standing. First, Mr. Zambrana has not demonstrated an actual "concrete individual injury" arising from Howrey's representation of the Joint Parties.[8] Black's Law Dictionary (at 785 (6th ed. 1990)) defines an "injury" as "any wrong or damage done to another, either in his person, rights, reputation, or property." Mr. Zambrana cites a list of "interests" which he claims are "concrete and particularized, and actual or imminent, rather than conjectural or hypothetical." Supp. Brf. at 8. However, a $25,000 check, an alleged ownership interest in La Ruche, and litigating against parties with adverse positions in court are not injuries arising from Howrey's representation of its clients in this case. *Id.*; Zambrana Points and Authorities in Support of Motion at 5. These "interests" are not the injuries required for standing.

Nor has Mr. Zambrana suffered a particularized and concrete injury due to the Joint Parties' litigation decisions. Mr. Zambrana takes issue with the terms and relief requested in CAI's declaratory judgment complaint. Supp. Brf. at 9-10. However, litigation typically results from a plaintiff taking positions adverse to a defendant. CAI's failure to tailor its lawsuit to suit Mr. Zambrana's needs is not a particularized injury to Mr. Zambrana sufficient to confer standing. Mr. Zambrana has not suffered a particularized and concrete injury because La Ruche and Mr. Cauderlier – parties whom Mr. Zambrana sued and thereby brought into this litigation – have taken positions which are inconsistent with Mr. Zambrana's view of the facts.[9] As noted in

---

[8] *Pigford*, 355 F. Supp. 2d. at 156.

[9] It is important to note that the interest protected in D.C. Rule of Professional Conduct 1.7(b) is the confidence of a client that can be used to that client's detriment by another client being represented by the same attorney: "The underlying premise is that disclosure and consent are required before assuming a representation if there is any reason to doubt the lawyer's ability to provide wholehearted and zealous representation of a client or if a client might reasonably consider the representation of its interests to be adversely affected by the lawyer's assumption of the other representation in question." *Id.* at Comment 7. "The fact that two clients are business competitors, standing alone, is usually not a bar to simultaneous representation." *Id.* at Comment 10. As for Rule 1.7(a), "[t]he absolute prohibition of paragraph (a) applies only to situations in which a lawyer would be called upon to espouse adverse positions for different clients in the same matter." *Id.* at Comment 4. Further, "[i]f no actual conflict of positions exists with respect to a matter, the absolute prohibition of paragraph (a) does not come into play." *Id.* at Comment 6. These Comments do not suggest that a third-party's interests are to be protected under the Rules.

*Colyer v. Smith,* 50 F. Supp. 2d 966, 973 (C.D. Cal. 1999):

> [T]o the extent [movant] argues that he has standing to complain of a breach ... because any such breach will increase his chances of losing this lawsuit, his abstract interest in winning or losing this litigation is not legally cognizable. All plaintiffs have a stake in winning the cases they file, but this tactical "interest" cannot independently satisfy Article III.

Second, Mr. Zambrana's bid for standing fails because the few "interests" that he has identified that ***could*** be considered injuries (*e.g.,* his allegations of unjust enrichment, improper transfers, and opportunity usurpations, Supp. Brf. at 8) are not attributable to the actions of counsel.[10] Neither Howrey nor its attorneys stand accused of being unjustly enriched, engaging in improper transfers, usurping any corporate opportunities, or facilitating same. There is no causal link between Mr. Zambrana's alleged injuries and Howrey's representation of the Joint Parties.

Third, Mr. Zambrana lacks standing because his "injuries" are unlikely to be redressed through disqualification. If Howrey were disqualified, Mr. Cauderlier – uncontested majority and controlling shareholder of CAI and La Ruche – would still have the right to engage and instruct his new counsel. If the hypothetical new counsel adopted positions previously asserted, the new counsel would be in precisely the same place Howrey now finds itself – facing a disqualification motion because it did not agree with Mr. Zambrana's or his counsel's view of the facts. It is unlikely that Mr. Cauderlier will instruct or allow any new counsel to sue himself. Frankly, it is more likely that granting Mr. Zambrana's disqualification motion and requiring the involvement of multiple firms would double or treble the Joint Parties' legal costs without any change in position by Mr. Cauderlier, CAI, and La Ruche. However, litigation is not an "injury" that should be redressed by grant of Mr. Zambrana's disqualification motion.[11]

---

[10] *Pigford,* 355 F. Supp. 2d at 156-57.

[11] *Colyer,* 50 F. Supp. 2d at 973.

Mr. Zambrana's argument that he "would have a fair opportunity to prove the claims he has raised in his Counterclaim and Third-Party Complaint" if his motion were granted is wholly illusory. Supp. Brf. at 11. The Joint Parties have answered Mr. Zambrana's document, interrogatory, and admission requests. Had Mr. Zambrana not resisted depositions, he would have also had an opportunity to obtain testimony from the Joint Parties. The Federal Rules of Civil Procedure allow Mr. Zambrana every opportunity to prove his claims. Forcing the Joint Parties to obtain separate counsel does not affect that right.

Finally, Mr. Zambrana fails to cite a single case which actually supports his assertion of standing. Although he cites to *Celanese Corp. v. Leesona Corp.*, 530 F.2d 83 (5th Cir. 1976) (a.k.a. *In re Yarn Processing*), and *Hawkes v. Lewis,* 225 Neb. 447, 586 N.W.2d 430 (1998), Mr. Zambrana admits that "*Yarn* ... is considered the seminal case for the proposition that a nonclient lacks the requisite standing to raise the conflict of interest of counsel" and that "[t]he Supreme Court of Nebraska ruled against [the movant] because she had based her argument 'on an ethical rule which is intended to protect former clients' ... rather than upon an individual right or interest ...." Supp. Brf. at 4-5. And although Mr. Zambrana relies heavily on dicta contained in those two cases, he completely fails to argue the application of that dicta. Conspicuously absent from Mr. Zambrana's brief is a description of "an unethical change of sides ... manifest and glaring," or the "open and obvious" and "adverse nature of [counsel's] interests, relative to the new clients" in this case.[12] Mr. Zambrana's filing, from caption to signature page, does not describe how Howrey's conduct "prejudices the fairness of the proceedings, such that it adversely affects the fair and efficient administration of justice."[13]

Further, the facts in *Hawkes* and *Celanese Corp.* demonstrate that Mr. Zambrana's claims of standing are without merit. In *Hawkes,* the movant sought disqualification despite a waiver

---

[12] Supp. Brf. at 4 (citing *Celanese Corp.*, 530 F.2d at 89).

[13] Supp. Brf. at 5 (citing *Hawkes,* 586 N.W.2d at 435, 255 Neb. at 454).

from the former client whose interests were affected by the alleged conflict.[14] In *Celanese Corp.*, the movant sought disqualification based on a conflict that affected the interest of a litigant with whom the movant was aligned, but who was voluntarily dismissed from the case.[15] Both the *Hawkes* and *Celanese Corp.* courts found that the movants could not press for disqualification if their interests were unaffected and the allegedly affected third parties made no complaint.[16] Since Mr. Zambrana also seeks disqualification in the absence of an affected interest, and on behalf of third parties who themselves have no objection, Mr. Zambrana's claims to standing are also without merit.

Mr. Zambrana's citation to *Decaview Distrib. Co., Inc. v. Decaview Asia Corp.*, No. C99-02555(MJJ), 2000 WL 1175583 (N.D. Cal. Aug. 14, 2000), is similarly unavailing. The movant in *Decaview* – Decaview Asia Corporation ("DAC") – was the corporate parent of the entity whose client confidences were being compromised. *Id.* at *1-*2. The plaintiffs' counsel represented individuals and a corporation whose interests were adverse to both DAC and its subsidiary. *Id.* at *2. However, plaintiffs' counsel had previously represented DAC's subsidiary in a related matter. *Id.* The *Decaview* Court found that DAC had a "substantially close" relationship with, and exerted "significant control over," its bankrupt subsidiary and that the subsidiary "had under its control a substantial portion of confidential information that was at least partially owned by DAC." *Id.* *10. The *Decaview* Court concluded that "DAC has established a personal stake in the motion to disqualify sufficient to satisfy the 'irreducible constitutional minimum' of Article III and that the ethical breach significantly impacts DAC's interest in a just and lawful determination of its claims." *Id.* at *12.

Unlike DAC in *Decaview*, Mr. Zambrana has identified no confidential information which he holds in tandem with one of the Joint Parties, the disclosure of which could

---

[14] *Hawkes*, 255 Neb. at 454, 586 N.W.2d at 436.

[15] *Celanese Corp.*, 530 F.2d at 87-88.

[16] *Hawkes*, 255 Neb. at 454, 586 N.W.2d at 436; *Celanese Corp.*, 530 F.2d at 87-88.

compromise either his litigation position or the information's value. Nor has Mr. Zambrana argued that he has a close, controlling relationship with one of the Joint Parties. Mr. Zambrana has not identified a "personal stake" that could support his standing claims. *Decaview* therefore lends Mr. Zambrana absolutely no support.

## CONCLUSION

For the reasons set forth above, Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw should be denied.

Dated: August 14, 2006

Respectfully submitted,

_/s/ James B. Boles_

Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Supplemental Memorandum of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier in Opposition to Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw were served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 14th day of August 2006, as indicated below, to:

>Benny L. Kass, Esq.
>Jeffrey M. Hamberger, Esq.
>KASS, MITEK & KASS, PLC
>1050 17th St., N.W. #1100
>Washington, D.C. 20036
>blkass@kmklawyers.com
>jhamberger@kmklawerys.com
>(202) 659-6500

_____
James B. Boles