UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.,<br>　　　Plaintiff,<br><br>　　v.<br><br>SERGIO ZAMBRANA,<br>　　　Defendant/Third-Party<br>　　　Plaintiff,<br><br>　　v.<br><br>JEAN CLAUDE CAUDERLIER and<br>LA RUCHE, INC.,<br>　　　Third-Party Defendants. | Civil Action No. 05-1653<br>(ESH/JMF) |

## MEMORANDUM ORDER

This case was referred to me for the resolution of all discovery disputes as well as the defendant and third-party plaintiff Sergio Zambrana's ("Zambrana") Motion For Order Requiring Counsel to Withdraw [#27]. In his motion, Zambrana seeks an order compelling counsel for the opposing parties, Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc., to withdraw from this case. Following additional briefing at my request regarding Zambrana's standing to raise this request, I deny his motion for the following reasons.

### INTRODUCTION

It is not disputed that the night before the then-owners of the Georgetown restaurant now known as La Ruche was sold to its present owner[s], the defendant and third-party plaintiff, Sergio Zambrana, wrote a check for $25,000 payable to La Ruche.

1

The significance of that check is the gravamen of the dispute. Was it intended to give Zambrana nothing more than a minority interest in La Ruche? Jean Claude Cauderlier ("Cauderlier") and Cauderlier & Associates, Inc. ("CAI"), say so but Zambrana insists that the proceeds of the check were to be put toward CAI's purchase of the building in which La Ruche is housed, and therefore he is a partial owner of CAI, the building or both. See Points and Authorities in Support of Motion for Order Requiring Counsel to Withdraw at 4. Zambrana also indicates he has discovered these funds were in fact used for the expenses CAI incurred in its purchase of the building. He insists that, if he prevails in showing that it was intended that he be a partial owner of CAI, CAI may be due an accounting from La Ruche. Zambrana argues he would gain from such a determination that La Ruche, in which Zambrana has an admitted part ownership, owns CAI in part or owns the building in part. Likewise, he insists La Ruche should argue, as he is, that La Ruche, not CAI, owns the building and that La Ruche should demand an accounting, and then reimbursement, for any of the La Ruche funds used to pay any of CAI's expenses or debts. Since Cauderlier, CAI and La Ruche are all represented by the same firm, HOWREY LLP ("Howrey"), Zambrana contends the advancement of each of these arguments is impossible. He therefore demands that Howrey be disqualified from its representation of Cauderlier and the other two entities so that each can secure counsel who can assert the claims Zambrana insists that La Ruche has against Cauderlier and CAI.

## ANALYSIS

I. **<u>Disqualification of Howrey is Unwarranted.</u>**

Since Howrey has never represented Zambrana, the only premise for Howrey's disqualification would be a prophylactic application of District of Columbia Rule of Professional Conduct 1.7(b), which prohibits a lawyer from representing a party if a position to be taken by that client is adverse to a position taken by another client in the same matter. According to Zambrana, this Court should intervene to prevent Howrey from declining to take a position that would, for example, disfavor Cauderlier and CAI at the expense of La Ruche.

Any motion to disqualify faces the extraordinarily high burden articulated by the Court of Appeals in <u>Koller v. Richardson-Merrell Inc</u>., 737 F.2d 1038, 1056 (D.C. Cir. 1984), <u>vacated on other grounds,</u> 472 U.S. 424 (1985).[1] In that case, the court aligned itself with the Second Circuit's conclusions that disqualification may be ordered only when the conduct is in violation of the rules of professional conduct to the point of undermining the court's confidence in the vigor of counsel's representation of her client or where the attorney is in a position to use confidential information concerning her client's opponent gained from a prior representation. Thus, unless the attorney's conduct will tend to taint the trial and actually have the potential to affect its outcome, disqualification is impermissible. The D.C. Circuit then stated:

> We agree that disqualification is warranted only rarely in cases where there is neither a serious question as to counsel's ability to act as a zealous and effective advocate for the client, nor a substantial possibility of an unfair advantage to the current client because of counsel's prior representation of the opposing party, or prior responsibility as a government official. Except in cases of truly egregious misconduct likely to infect future proceedings, other means less prejudicial to the

---

[1] Note that, although the decision was vacated, it retains its precedential value as to the holdings unaffected by the vacatur. <u>Action Alliance of Senior Citizens v. Sullivan</u>, 930 F.2d 77, 83 (D.C. Cir. 1991).

> client's interest than disqualifying the counsel of her choice are ordinarily available to deal with ethical improprieties by counsel.

Id. at 1056 (citations omitted). Zambrana cannot argue that these criteria are met. Indeed, these criteria are obviously inapplicable. Zambrana cannot complain that Howrey has not been sufficiently zealous in the representation of its client; to the contrary, his complaint seems to be that they have been too zealous in representing Cauderlier.

Moreover, no matter what the controlling standard, Zambrana faces an equally insuperable hurdle. He is not now nor has he ever been Howrey's client. "As a general rule courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." In re Yarn Processing Patent Validity Litigation, 530 F.2d 83, 88-89 (5th Cir. 1976).[2] Narrow exceptions exist where the violation of the Rules of Professional Responsibility is manifest and glaring or where the adverse nature of the present or former client's interest to the client the attorney is representing is so obvious that it confronts the court with a duty to act and to exercise its inherent power to act. Id.

Zambrana cannot meet these exceptions any more than he could show, under the Koller case from this Circuit, that Howrey's continued representation of Cauderlier, CAI and La Ruche is an egregious violation of ethical rules. To the contrary, the conflict that may arise under Rule of Professional Conduct 1.7(b), when a lawyer takes or may have to take a position that is adverse to a present or former's position, may be waived by the potentially affected client provided the lawyer makes full disclosure. District of Columbia Rule of Professional Conduct 1.7(c). Obviously, CAI, Cauderlier and La

---

[2] Accord Doe v. Lee, 178 F. Supp. 2d 1239, 1243 (M.D. Ala. 2001).

4

Ruche can waive any potential conflict and, once they do, Howrey's representation of all of them will not violate any Rule of Professional Conduct, let alone constitute an egregious or obvious violation of any such rule. Zambrana tries to escape by pointing to situations where the lawyer cannot make full disclosure because it would require him to breach a confidence so that he has to break one rule to obey another. But, Cauderlier controls La Ruche and CAI, and I cannot imagine how Howrey learned anything during its representation of any of them that it cannot disclose to all of them.

## II. Zambrana Lacks Standing.

Influenced by the Supreme Court's standing jurisprudence, modern courts have approached the power of non-clients to disqualify opposing counsel from a different perspective. They insist that the non-client establish standing to move to disqualify counsel by showing that the continued representation by opposing counsel threatens the non-client with immediate and actual harm by creating the substantial risk to her right to a fair and just determination of her claims. While no Circuit court has yet spoken to the issue, district courts in the Ninth Circuit have found the decision in Colyer v. Smith, 50 F. Supp. 2d 966, 968 (C.D. Cal. 1999), articulates this principle persuasively and applies this decision's logic when the non-client moves to disqualify opposing counsel. See, e.g., FMC Technologies v. Edwards, 420 F. Supp. 2d 1153, 1156 (W.D. Wash. 2006); United States v. Walker River Irrigation District, No. 3:73CV127, 2006 WL 618823, *3 (D. Nev. Mar. 10, 2006); Decaview Distribution Co., Inc. v Decaview Asia Corp., No. CIV. A. 99-02555, 2000 WL 1175583, *4-5 (N.D. Cal. Aug. 14, 2000). I also find Colyer persuasive. It rightly applies the standing obligation to the motion by the non-client, and

the admittedly demanding burden it imposes is perfectly consistent with this Circuit's view of such motions, *i.e.*, that they are close to anathema.

By this standard too, Zambrana's motion obviously fails. He cannot possibly claim that his right to a fair resolution of his claims will be affected by what law firm represents his opponents. His complaint is that his opponents should be taking positions similar to his own but his ability to make his case and convince Judge Huvelle of the correctness of his contentions is a function of his proof and his own counsel's abilities. It has nothing whatsoever to do with and cannot be affected by who represents his opponent.

I conclude, therefore, that his motion is **DENIED**.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: