IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>JEAN CLAUDE CAUDERLIER and LA RUCHE, INC.<br><br>Third-Party Defendants | Civil Action No. 05-1653<br>(ESH/JMF) |

## MOTION FOR AMENDMENT OF FINDINGS AND FOR ADDITIONAL FINDING

Pursuant to Rule 52 of the Federal Rule of Civil Procedure, defendant and third-party plaintiff, Sergio Zambrana ("Zambrana"), hereby moves this Court for an Order amending its Memorandum Order dated October 6, 2006 [#39], such that (a) all factual findings are accurate; (b) Mr. Zambrana's Motion For Order Requiring Counsel to Withdraw is granted; and (c) an additional finding is made that this case is eligible for an interlocutory appeal pursuant to 28 U.S.C.A. §1292.

WHEREFORE, Sergio Zambrana, prays that the Court (1) amend its Memorandum Order dated October 6, 2006, as the Court deems appropriate, (2) grant Mr. Zambrana's Motion For Order Requiring Counsel to Withdraw, and (3) certify that any of the parties shall be entitled to

an immediate interlocutory appeal of the Court's ruling, as amended, if they should so desire.

>Respectfully submitted,

>KASS, MITEK & KASS, PLLC

Dated: October 20, 2006

>By: _____
>Jeffrey M. Hamberger (Bar No. 930362)
>1050 17th Street, N.W., #1100
>Washington, D.C. 20036
>(202) 659-6500
>jhamberger@kmklawyers.com
>Attorneys for Sergio Zambrana

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Amendment of Findings and For Additional Finding, and accompanying Points and Authorities, were filed electronically through the Court's ECF system, and were emailed, this 20th day of October, 2006, to:

>Robert L. Green, Jr., Esquire
>James B. Boles, Esquire
>HOWREY, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>greenr@howrey.com
>bolesj@howrey.com

>_____
>Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Motion for Court to Amend Findings.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC. <br><br> Plaintiff <br><br> v. <br><br> SERGIO ZAMBRANA <br><br> Defendant/Third-Party Plaintiff <br><br> v. <br><br> JEAN CLAUDE CAUDERLIER and LA RUCHE, INC. <br><br> Third-Party Defendants | Civil Action No. 05-1653 (ESH/JMF) |

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
AMENDMENT OF FINDINGS AND FOR ADDITIONAL FINDING**

Defendant and third-party plaintiff, Sergio Zambrana ("Mr. Zambrana"), by and through counsel, hereby respectfully offers the following points and authorities in support of his Motion for Amendment of Findings and for Additional Finding, relating to the Court's Memorandum Order dated October 6, 2006.

Introduction

Mr. Zambrana brings this motion fully recognizing that the issues he is raising were extensively briefed for the trial court. However, Mr. Zambrana feels compelled to ensure that the Court has fully comprehended the facts presented in the several detailed pleadings filed in this case, inasmuch as the Court's primary factual finding is in error. Since the matter about which the Court is mistaken is the "gravamen" of the dispute, Mr. Zambrana respectfully

requests that the Court review the facts in evidence, to ensure that it understands what transpired between the parties. Moreover, Mr. Zambrana contends that the Court also misapprehended some of the arguments he has made, as will be demonstrated, and therefore requests that the Court review Mr. Zambrana's arguments as well.

<u>Mr. Zambrana's $25,000 Check</u>

On the opening page of its Memorandum Order, the Court asserts that, "It is not disputed that the night before the then-owners of the Georgetown restaurant now known as La Ruche was sold to its present owner[s], the defendant and third-party plaintiff, Sergio Zambrana, wrote a check for $25,000 payable to La Ruche." Significantly, this "fact" is very much disputed; indeed, there has been no evidence adduced herein to support that scenario.

The Court then states, on page 2, that "Zambrana also indicates he has discovered these funds were in fact used for the expenses CAI incurred in purchasing the building," as if the fact that the funds were used for the down payment was not "discovered" by Mr. Zambrana until some time later.

The Court apparently did not discern an important distinction: Mr. Zambrana gave the $25,000 check to third-party defendant, J. C. Cauderlier ("Mr. Cauderlier"), the night before the *sale of the building* to plaintiff Cauderlier & Associates, Inc. ("CAI"), *not* the night before the restaurant was sold to its present owners. This distinction is critical because it supports and corroborates Mr. Zambrana's assertion that the $25,000 was, and was always intended to be, a part of the down payment on the building. The Court's failure to make a direct connection between the funds Mr. Zambrana paid to La Ruche on January 20, 2000, and the sale of the building to CAI the following day, could have affected the Court's ruling against Mr. Zambrana's motion to disqualify Howrey.

2

From his first pleading in this case,[1] Mr. Zambrana has maintained that he gave Mr. Cauderlier the $25,000 check immediately before the parties went to settlement on the building, as part of the down payment on the building, in exchange for Mr. Cauderlier's assurances that Mr. Zambrana would be made a shareholder in CAI, the company that purchased the building. Indeed, Mr. Zambrana attached an Affidavit to that effect with his Points and Authorities in support of the motion to dismiss. Mr. Zambrana's affidavit was dated September 15, 2005 and stated, *inter alia*, "The $25,000 check I gave to LaRuche on or about January 20, 2000 was not payment for any ownership share in LaRuche and was instead, part of CAI's purchase price of the Building. I wrote the $25,000 check and made it payable to LaRuche at the behest of J. Cauderlier, who told me at the time that I would become a shareholder in CAI. The $25,000 check which I gave to LaRuche was, in fact, used by CAI a part of the down payment toward the purchase of the Building, to the best of my knowledge." [Exhibit A, ¶¶ 9-11.]

It is not clear how the Court became confused on this point. None of the Joint Parties has formally presented evidence to the contrary. In any event, one of the purposes of this Rule 52 motion is to allow a party to ask the Court to consider amending its findings, to conform with the facts before the Court, and that is the purpose of the instant motion.

Mr. Zambrana respectfully requests that the Court amend its findings in light of the Mr. Zambrana's unrefuted recitation of the events that occurred on the night of January 20, 2000, and find in his favor on his Motion For Order Requiring Counsel to Withdraw.

---

[1] Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties [#3].

Mr. Zambrana's Arguments

Mr. Zambrana wishes bring to the Court's attention that the Court's ironically phrased assertion, that "Zambrana cannot complain that Howrey has not been sufficiently zealous in the representation of its client; to the contrary, his complaint seems to be that they have been too zealous in representing Cauderlier," seems to miss the point of Mr. Zambrana's motion seeking Howrey's disqualification. Mr. Zambrana is not complaining about the level of Howrey's zealousness in its representation of Mr. Cauderlier. Mr. Zambrana's grievance is, and always has been[2], that Howrey has more than one "client," and Howrey has been anything but zealous in its advancing of La Ruche's specific best interests, which interests obviously conflict with those of Howrey's other two clients.

As a shareholder in La Ruche, Mr. Zambrana asserts that he has the right to insist that La Ruche's sole director (Mr. Cauderlier) honor the fiduciary duties incumbent upon him. To the contrary, however, Mr. Cauderlier (with the assistance and ostensible concurrence of Howrey) has allowed La Ruche to disavow repeatedly many rights which the record unequivocally shows La Ruche to possess. And, third-party defendant La Ruche has not filed formal claims against plaintiff CAI, seeking damages, restitution and equitable relief such as an accounting.

It is Howrey's advancing positions that are clearly not in its own client's (La Ruche's) best interests, and Howrey's failing to advance positions that *are* in its client's best interest, to which Mr. Zambrana objects. Mr. Zambrana's complaint is not, as the Court asserted in concluding the Memorandum Order, "that his opponents should be taking position similar to his own," but, rather, that all Howrey's clients, including La Ruche, should be asserting positions

---

[2] Mr. Zambrana raised the issue in Defendant's Reply Memorandum [#5], at pp. 11-13, the second pleading he filed in this case.

that are to *their* own benefit, not detriment. Therefore, Mr. Zambrana would ask the Court to revisit the thinking it has exhibited on this point, and amend its decision accordingly.

Mr. Zambrana's Standing

There is no question the relief sought by Mr. Zambrana is extraordinary. Only under egregious circumstances should a party be deprived by the Court of the right to go forward with the attorney of its choosing. However, in the case at bar, there is irrefutable evidence that more than $92,000 of La Ruche monies were paid on CAI's behalf, among other proof adduced by Mr. Zambrana. Not an iota of proof has been offered in opposition. Moreover, the amount of the La Ruche funds possibly misappropriated may well exceed $100,000. [*See* Sergio Zambrana's Reply to Joint Parties' Opposition to His Motion for Order Requiring Counsel to Withdraw [#32], at page 5.]

Since Howrey-client La Ruche has formally taken the position that no monies are owing to it by CAI, and Howrey-client CAI has asseverated that Mr. Zambrana has no interest in CAI or the building, Mr. Zambrana is threatened with "immediate and actual harm by [Howrey's] creating [a] substantial risk to a fair and just determination of [his] claims." The quoted language is this Court's own, expressed at page 5 of its Memorandum Order. Mr. Zambrana contends that the language fits his situation exactly: he cannot possibly receive a fair hearing of his causes of action if Howrey's clients are permitted to collude against him, unfettered.

Mr. Zambrana will not belabor the point here, but he contends that his Supplemental Brief [#37], relating to his standing to bring his Motion to for Order Requiring Counsel to Withdraw, cites more than a few cases that belie the Court's assertion that such motions by a non-client are "close to anathema." It is true that courts are generally disinclined to grant such motions in the absence of compelling circumstances, as they should be, but Mr. Zambrana not

5

seen the word "anathema" employed by any court. Mr. Zambrana respectfully requests that the Court reconsider the potential harm Mr. Zambrana stands to sustain if La Ruche, at the least, is not required to obtain counsel independent of Howrey's other two clients, and he requests that the Court grant his Motion For Order Requiring Counsel to Withdraw, in the name of the fair administration of justice.

Request for Permission to Take Interlocutory Appeal

28 U.S.C.A. §1292(b) permits a judge, where the court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion," to state that an immediate appeal from the order "may materially advance the ultimate termination of the litigation." Mr. Zambrana asserts that this case falls within those criteria, and respectfully requests that the Court make a new finding to that effect. This case would benefit from all parties being represented by independent counsel; it might promote an amicable settlement, and would certainly have all parties working their best to bring about the a result most favorable to their own interests.

On page 3 of its Memorandum Opinion, the Court cites approvingly the case of *Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038 (D.C. Cir. 1984). At page 1053 of that opinion, the U.S. Court of Appeals, District of Columbia Circuit, states, "We would have grave misgivings about denying immediate review of an order depriving civil litigants of counsel of their choice when it is clear that there can be no effective review at the end of the case." This language is meaningful, and Mr. Zambrana asks the Court to follow this line of thinking, even if the Court stands by its initial findings and maintains its denial of Mr. Zambrana's motion to disqualify, since such ruling could not effectively be appealed at the end of the litigation, either.

If the Court has any misgivings about whether to find the case eligible for an interlocutory appeal, the Court can take solace that it will be up to the Court of Appeals' discretion whether to permit the appeal to go forward. For the benefit of the litigants herein, the Court should err on the side of allowing an immediate appeal, if desired by either party. Therefore, Mr. Zambrana requests that the Court amend its Memorandum Order so as to give the parties an opportunity for an interlocutory appeal.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: October 20, 2006

By: _____
Jeffrey M. Hamberger (Bar No. 930362)
1050 17th Street, N.W., #1100
Washington, D.C. 20036
(202) 659-6500
jhamberger@kmklawyers.com
Attorneys for Sergio Zambrana

### REQUEST FOR HEARING

Defendant and third-party plaintiff, Sergio Zambrana, hereby requests that the Court hear oral argument on this Rule 52 motion, either at the status hearing scheduled for November 14, 2006, at 10:00 a.m., or at some other time convenient for the Court.

_____
Jeffrey M. Hamberger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>JEAN CLAUDE CAUDERLIER and LA RUCHE, INC.<br><br>Third-Party Defendants | Civil Action No. 05-1653<br>(ESH/JMF) |

## ORDER

Upon consideration of defendant and third-party plaintiff, Sergio Zambrana's Motion for Amendment of Findings and For Additional Finding, and the Opposition thereto filed herein, it is this _____ day of _____, 2006, hereby

ORDERED that said Motion for Amendment of Findings and For Additional Finding, be, and hereby is GRANTED; and

ORDERED that Zambrana's Motion For Order Requiring Counsel to Withdraw be, and hereby is, GRANTED.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

COPIES TO:

Robert L. Green, Jr., Esquire
James B. Boles, Esquire
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
greenr@howrey.com
bolesj@howrey.com

Benny L. Kass, Esquire
Jeffrey M. Hamberger, Esquire
1050 17th Street, N.W., #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com