Case 1:05-cv-01653-JMF   Document 40-2   Filed 10/20/2006   Page 1 of 4
Case 1:05-cv-01653-ESH-JMF   Document 32   Filed 05/19/2006   Page 10 of 13
Case 1:05-cv-01653-ESH   Document 3-1   Filed 09/15/2005   Page 13 of 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>Plaintiff<br><br>v.<br><br>SERGIO ZAMBRANA<br><br>Defendant | Civil Case No. 1:05CV01653<br>Judge Ellen Segal Huvelle<br>Deck Type: Contract<br>Date Stamp: August 17, 2005 |

## AFFIDAVIT OF DEFENDANT, SERGIO ZAMBRANA

I, Sergio Zambrana, defendant herein, do hereby affirm and swear as true, the following:

1. I am over the age of 18 and competent to testify to the matters contained herein.

2. On or about January 20, 2000, I paid the sum of $25,000 to LaRuche by personal check, which check was dated January 21, 2000.

3. The seller of the Building was Mr. Mahesh Natthani.

4. At all times, it was understood between Jean Claude Cauderlier ("J. Cauderlier") and me that the $25,000 mentioned in ¶2 above was to be earmarked for the purchase by CAI of the real property and building located at 1035, 1037 1039 31st Street, N.W., Washington, D.C. 20007 (the "Building").

5. Settlement on the purchase of the Building by CAI took place on or about January 21, 2000, at which settlement I was present.

6. J. Cauderlier, Mr. Natthani, and others were also present at the settlement.

7. Long before January, 2000, J. Cauderlier told me that he made me a part owner of LaRuche, Inc. ("LaRuche"), which corporation operated a restaurant called LaRuche in

Case 1:05-cv-01653-JMF   Document 40-2   Filed 10/20/2006   Page 2 of 4
Case 1:05-cv-01653-ESH-JMF   Document 32   Filed 05/19/2006   Page 11 of 13
Case 1:05-cv-01653-ESH   Document 3-1   Filed 09/15/2005   Page 14 of 16

Georgetown, D.C.; I had worked in the restaurant for many years, and I was the most highly valued employee during that entire time.

8.  J. Cauderlier gave me part ownership in LaRuche in recognition of my many years of excellent performance as an employee of LaRuche and as incentive to keep me in the employ of LaRuche.

9.  The $25,000 check I gave to LaRuche on or about January 20, 2000 was not payment for any ownership share in LaRuche and was instead, part of CAI's purchase price of the Building.

10. I wrote the $25,000 check and made it payable to LaRuche at the behest of J. Cauderlier, who told me at the time that I would become a shareholder in CAI.

11. The $25,000 check which I gave to LaRuche was, in fact, used by CAI a part of the down payment toward the purchase of the Building, to the best of my knowledge.

12. I am a part owner of Cauderlier & Associates, Inc. ("CAI").

13. J. Cauderlier stated in the presence of Mr. Natthani and others, at the settlement table, that I am an owner of CAI.

14. J. Cauderlier stated in the presence of Mr. Natthani and others, before and after settlement, that I am an owner of CAI.

15. Mr. Natthani has always recognized me as an owner of CAI.

16. After CAI bought the Building, I received many telephone calls from Mr. Natthani regarding payments from CAI that were past due.

17. Mr. Natthani addressed his inquiries about the overdue payments to me in my capacity as an owner of CAI.

Case 1:05-cv-01653-JMF   Document 40-2   Filed 10/20/2006   Page 3 of 4
Case 1:05-cv-01653-ESH-JMF   Document 32   Filed 05/19/2006   Page 12 of 13
Case 1:05-cv-01653-ESH   Document 3-1   Filed 09/15/2005   Page 15 of 16

18. I believe that CAI's use of funds paid through LaRuche means that LaRuche and CAI did not always distinguish between which company owned which monies.

19. It is my position that, as a result of the commingling of funds between LaRuche and CAI, LaRuche either owns CAI or owns all the assets of CAI, including the Building.

20. Since I am a part owner in LaRuche, and since CAI is the alter ego of LaRuche, I am the owner of an additional share of CAI or the owner of an additional portion of the assets of CAI, including the Building, aside from the shares I own in CAI by virtue of having paid the aforementioned $25,000 to LaRuche.

21. The $25,000 check I made payable to LaRuche the night before the settlement on the Property enabled LaRuche to pay Mahesh Natthani $25,000, as part of the purchase price that CAI was paying for the Building.

22. LaRuche has made many payments directly to Mahesh Natthani, as payment on the note given by CAI to Mr. Nattani in connection with CAI's purchase of the Building.

23. Upon information and belief, LaRuche has made many payments to First Union Bank, as payment on a note given by CAI to First Union in connection with CAI's purchase of the Building.

24. To the best of my knowledge, the copies of checks drawn on the account of LaRuche, Inc., and made a part of Exhibit B are true and accurate.

Case 1:05-cv-01653-JMF     Document 40-2     Filed 10/20/2006     Page 4 of 4
Case 1:05-cv-01653-ESH-JMF     Document 32     Filed 05/19/2006     Page 13 of 13
Case 1:05-cv-01653-ESH     Document 3-1     Filed 09/15/2005     Page 16 of 16

The foregoing statements are true and correct to the best of my information, knowledge and belief.

_____
Sergio Zambrana

District of Columbia, ss:

I, _____, a Notary Public in and for the District of Columbia, do hereby state that on this ____ day of September, 2005, before me personally appeared Sergio Zambrana, who, being well known to me executed the within document as his act and deed.

GIVEN under my hand and official seal this _____ day of September, 2005.

_____
Notary Public

Kris Megna
Notary Public, District of Columbia
My Commission Expires 10-14-2009

F:\WP_FILES\CLIENTS\04300.101\Affidavit of Sergio Zambrana.wpd

4