IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1653 (ESH/JMF) |
| SERGIO ZAMBRANA, | ) |
| Defendant/Third-Party Plaintiff | ) |
| v. | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| And | ) |
| LA RUCHE, INC. | ) |
| Third-Party Defendants | ) |

### MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER IN OPPOSITION TO SERGIO ZAMBRANA'S MOTION FOR AMENDMENT OF FINDINGS AND FOR ADDITIONAL FINDING

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to hereinafter as the "Joint Parties") respectfully submit this Memorandum in Opposition to Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding ("Motion").

### PROCEDURAL BACKGROUND

On May 9, 2006, Mr. Zambrana moved to disqualify Howrey LLP ("Howrey") as counsel for the Joint Parties. On May 23, 2006, the District Court referred the disqualification motion to

Judge Facciola.[1] On October 6, 2006, Judge Facciola denied Mr. Zambrana's motion to disqualify Howrey. Judge Facciola found that Mr. Zambrana: (1) failed to meet the high burden for either a disqualification motion or the application of "narrow exceptions" that allow a party never-before represented by particular counsel to seek that counsel's disqualification[2]; and (2) lacked standing to seek Howrey's disqualification. On October 20, 2006, Mr. Zambrana filed a motion to amend Judge Facciola's October 6, 2006 Order. Mr. Zambrana also sought 28 U.S.C. § 1292(b) certification of Judge Facciola's Order to the District of Columbia Circuit.

## DISCUSSION

Mr. Zambrana filed his Motion pursuant to Rule 52. However, Rule 52 is used to amend either findings of fact or conclusions of law in *judgments* arising from "actions tried upon the facts or with an advisory jury ...." Fed. R. Civ. P. 52(a) & (b). The Court's October 6 Order is not such a judgment. By its very terms, Rule 52 is inapplicable. For this reason alone, the present Motion should be denied.

To the extent that Mr. Zambrana was aggrieved by any aspect of the Court's Order, the correct procedure was to file a motion pursuant to Rule 72(a). Mr. Zambrana did not do so. Rule 72(a) provides in relevant part: "[w]ithin 10 days after being served with a copy of the magistrate judge's order, <u>a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made</u>" (emphasis added). Having failed to file a timely objection to Judge Facciola's Order, Mr. Zambrana is now precluded from seeking review.

Even if viewed as an Objection under Rule 72(a), only two issues in the Motion merit any consideration, and neither affects Judge Facciola's analysis. Mr. Zambrana takes issue with the

---

[1] The District Court had previously referred discovery issues to Judge Facciola on May 10, 2006. On July 12, 2006, Judge Facciola stayed all proceedings pending a ruling on the disqualification motion. The stay expired on October 6, 2006. On October 9, 2006, the Joint Parties re-noticed Mr. Zambrana's deposition. On October 20, 2006, Mr. Zambrana's counsel declined to provide Mr. Zambrana for deposition citing the Motion for Amendment of Findings and for Additional Finding.

[2] *See* the Court's October 6, 2006 Memorandum Order at 3-4.

Court's statement that "[i]t is not disputed that the night before the then-owners of the Georgetown restaurant now known as La Ruche was sold to its present owner[s], the defendant and third-party plaintiff, Sergio Zambrana, wrote a check for $25,000 payable to La Ruche." Order at 1; Motion – Points and Authorities at 2. While it is a fact that CAI purchased the property – rather than the restaurant – the day after Mr. Zambrana wrote his check, this is not a "primary factual finding" (Motion – Points and Authorities at 1) in the Court's Order. The facts that *are* key to the Court's findings are as follows: (1) Howrey has never represented Mr. Zambrana; (2) Mr. Cauderlier controls La Ruche and CAI; (3) Howrey can glean no confidences from one of the Joint Parties to which the others would not have full and complete access; and (4) due to that common and complete control, the Joint Parties may waive any potential conflict. Order at 3-5. These key facts remain both uncontested and wholly unaddressed by Mr. Zambrana's Motion. Mr. Zambrana's Motion does not even attempt to link the supposed "primary factual finding" to any aspect of the Court's analysis; it instead merely rehashes the arguments that Judge Facciola unequivocally rejected.[3]

    The second issue raised in Mr. Zambrana's Motion – his request for a 28 U.S.C. § 1292(b) certification – is also wholly misguided. The Court has not referred this litigation to Judge Facciola for all purposes. *See* May 10, 2006 Order (referring all discovery disputes to Magistrate Judge); May 23, 2006 Minute Order (referring Mr. Zambrana's Motion for Order Requiring Counsel to Withdraw to Magistrate Judge). The Parties have not agreed to such a sweeping referral. Fed. R. Civ. P. 73(a). Mr. Zambrana did not file timely Rule 72(a) objections. Nor did Mr. Zambrana identify any "controlling question of law as to which there is substantial ground for difference of opinion" or explain how "an immediate appeal from the

---

[3] The Joint Parties do not herein address any extraneous or indirect contentions in Mr. Zambrana's Motion. This is not a concession to Mr. Zambrana's view of the facts. To the extent the Joint Parties are required to respond to each and every contention made in the Motion, the Joint Parties hereby deny that those other arguments have merit.

order [would] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Mr. Zambrana's request for interlocutory appeal should therefore be denied.[4]

## CONCLUSION

For the reasons set forth above, Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding should be denied.

Dated: October 31, 2006

Respectfully submitted,

*/s/ Robert L. Green, Jr.*
Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc.

---

[4] The Joint Parties note that Mr. Zambrana's reliance on *Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038 (D.C. Cir. 1984), is unavailing. *Koller* was an appeal of a District Court decision to disqualify counsel. *Id.* at 1040-41. Mr. Zambrana concedes this distinction in his Motion. Motion – Points and Authorities at 6. The *Koller* trial court's determination clearly had a final consequence – a party's inability to proceed with chosen counsel on the eve of trial. *Koller*, 737 F.2d at 1040. *Koller* does not support Mr. Zambrana's contention that an order denying a disqualification motion has such a final consequence.

# EXHIBIT A

Case 1:05-cv-01653-JMF    Document 41    Filed 10/31/2006    Page 5 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 05-1653 (ESH/JMF)<br>SERGIO ZAMBRANA, )<br>)<br>Defendant/Third-Party )<br>Plaintiff )<br>)<br>v. )<br>)<br>JEAN CLAUDE CAUDERLIER )<br>)<br>And )<br>)<br>LA RUCHE, INC. )<br>)<br>Third-Party Defendants )<br>_____) | |

### ORDER

Upon consideration of Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding, it is hereby **ORDERED and ADJUDGED** this ____ day of _____, 2006, that Mr. Zambrana's Motion is hereby **DENIED;** and

**SO ORDERED**.

_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Memorandum of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier in Opposition to Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding and Exhibit A were served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 31st day of October 2006, as indicated below, to:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
KASS, MITEK & KASS, PLC
1050 17th St., N.W. #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500

_____
James B. Boles