IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-1653 (ESH) |
| SERGIO ZAMBRANA, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAN CLAUDE CAUDERLIER | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LA RUCHE, INC. | ) | |
| | ) | |
| Third-Party Defendants | ) | |
| | ) | |

## MOTION OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER FOR RULE 11 SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and this Court's inherent powers, Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to hereinafter as the "Joint Parties") respectfully moves this Court for an Order granting the Joint Parties fees and costs they incurred in opposing Mr. Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw and pursuing this Motion for Sanctions.

In support of this Motion, the Joint Parties submit: (1) the attached Memorandum (Exhibit A); (2) Mr. Zambrana's May 9, 2006 Motion for Order Requiring Counsel to Withdraw (Exhibit B); (3) the May 10, 2006 Supplement to Mr. Zambrana's Motion (Exhibit C); (4) the Joint Parties' May 18, 2006 Memorandum in Opposition to

Mr. Zambrana's Motion (Exhibit D); (5) the May 19, 2006 Letter from Robert Green to Jeffrey Hamburger regarding the Joint Parties' intent to seek Rule 11 sanctions (Exhibit E); (6) Mr. Zambrana's May 19, 2006 Reply to the Joint Parties' Opposition (Exhibit F); (7) Judge Facciola's July 12, 2006 Order regarding, in part, Mr. Zambrana's disqualification motion (Exhibit G); (8) Mr. Zambrana's August 1, 2006 Supplemental Memorandum to Disqualify Counsel (Exhibit H); (9) the Joint Parties' Supplemental Memorandum in Opposition (Exhibit I); (10) Judge Facciola's October 6, 2006 denial of Mr. Zambrana's Motion for Order Requiring Counsel to Withdraw (Exhibit J); and (11) a proposed Order (Exhibit K).

Dated:  October 31, 2006                         Respectfully submitted,

                                        Robert L. Green, Jr. (D.C. Bar No. 935775)
                                        James B. Boles (D.C. Bar No. 471818)
                                        HOWREY LLP
                                        1299 Pennsylvania Ave., N.W.
                                        Washington, D.C.  20004
                                        (202) 783-0800
                                        (202) 383-6610 – facsimile
                                        greenr@howrey.com
                                        bolesj@howrey.com

                                        Attorneys for Cauderlier & Associates, Inc.,
                                        Jean Claude Cauderlier, and La Ruche, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion of Cauderlier &

Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier for Rule 11 Sanctions was

served by operation of the Court's electronic filing system upon all attorneys of record

registered with the Court's ECF system, and a true and accurate copy of the foregoing

instrument was forwarded by overnight delivery to those attorneys not registered with the

Court's ECF system, this 31st day of October 2006, as indicated below, to:

> Benny L. Kass, Esq.
> Jeffrey M. Hamberger, Esq.
> KASS, MITEK & KASS, PLC
> 1050 17th St., N.W. #1100
> Washington, D.C. 20036
> blkass@kmklawyers.com
> jhamberger@kmklawerys.com
> (202) 659-6500

James B. Boles

-3-

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SERGIO ZAMBRANA, | ) |
| | ) |
| Defendant/Third-Party | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| | ) |
| And | ) |
| | ) |
| LA RUCHE, INC. | ) |
| | ) |
| Third-Party Defendants | ) |
| | ) |

Civil Action No. 05-1653 (ESH)

---

## MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER FOR RULE 11 SANCTIONS

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to hereinafter as the "Joint Parties") respectfully submit this Memorandum for Federal Rule of Civil Procedure 11 sanctions.

### PRELIMINARY STATEMENT

Sergio Zambrana ("Mr. Zambrana") moved to disqualify Howrey LLP ("Howrey") from continuing its representation of the Joint Parties.[1]  However,

---

[1] Mr. Zambrana filed his motion on May 9, 2006 (Ex. B).  The Joint Parties filed their opposition on May 18, 2006 (Ex. D).  The Joint Parties met their "safe harbor" obligations under Rule 11(c)(1)(A) by notifying Mr. Zambrana's counsel of their intention to seek Rule 11 sanctions on May 19, 2006 (Ex. E).
Mr. Zambrana filed his Reply on May 19, 2006 (Ex. F).  The Court referred the disqualification motion to Judge Facciola for resolution on May 23, 2006.  On July 12, 2006, Judge Facciola stayed all proceedings

Mr. Zambrana's motion was unsupported by law and made assertions which were irrelevant to, and inconsistent with, the analytical standards of this and other Courts. The motion demanded that Mr. Cauderlier be ordered to hire at least two separate law firms so that he would direct those firms to sue himself and corporate entities that operate under his sole direction.[2] The motion's timing and procedural context suggested that it was motivated by tactical, rather than ethical concerns. The motion was inconsistent with Rule 11 because: (1) it was not warranted by law and advanced frivolous legal argument; and (2) it was filed for an improper purpose. For the reasons detailed below, sanctions should be granted.

## DISCUSSION

Mr. Zambrana's motion violated Rule 11 because the legal contentions therein are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *See* Fed. R. Civ. P. 11(b)(3).[3] This Court has the discretion to impose sanctions on counsel where

---

pending a ruling on the disqualification motion and ordered supplemental briefing on the motion (Ex. G). Mr. Zambrana filed his supplemental memorandum on August 1, 2006 (Ex. H) and the Joint Parties filed their supplemental memorandum on August 14, 2006 (Ex. I). Judge Facciola denied Mr. Zambrana's disqualification motion on October 6, 2006 (Ex. J).

[2] *E.g.,* Disqualification Motion (Ex. B) at 1.

[3] *Accord* October 6, 2006 Memorandum Order (Ex. J) at 4 (Judge Facciola notes that "Zambrana cannot argue that these [disqualification] criteria are met. Indeed, these criteria are obviously inapplicable"); *id.* ("Zambrana cannot meet these exceptions [to the criteria] any more than he could show, under the <u>Koller</u> case from this Circuit, that Howrey's continued representation of [the Joint Parties] is an egregious violation of ethical rules"); *id.* at 5 ("Zambrana tries to escape by pointing to situations where the lawyer cannot make full disclosure [of conflicts] because it would require him to breach a confidence so that he has to break one rule to obey another. But, Cauderlier controls La Ruche and CAI, and I cannot imagine how Howrey learned anything during its representation of any of them that it cannot disclose to all of them"); *id.* at 6 ("By this standard [for movant to have standing] too, Zambrana's motion obviously fails. He cannot possibly claim that his right to a fair resolution of his claims will be affected by what law firm represents his opponents.")

minimal research would have established that the arguments advanced have no basis in law.[4]   Mr. Zambrana's motion fully merits this Court's exercise of its discretion.

This Court has stated, in well-established and accepted precedent, that "the mere claim of a conflict is not enough; there must be proof" and has expressed the concern that "some motions for disqualification are motivated not by a fine sense of ethics and a well-developed desire to remove from litigation practitioners whose ethics are less acute, but, bluntly, by a desire to achieve a tactical advantage."[5]  Disqualification motions are viewed with "strong disfavor" and "cautious scrutiny."[6]  This Court "balance[s] the need to ensure proper conduct on the part of lawyers appearing before it against the harm to other social interests which may ensue if disqualification is improvidently granted."[7] Precedent also establishes that this Court "is both justified and required to regard [movant's disqualification] arguments through a practical lens, and to assess them in light of those practicalities."[8]

Counsel for Mr. Zambrana clearly did not perform the minimal research required under Rule 11 or take into account the aforementioned precedent prior to filing the motion.  Counsel cited none of this Court's precedent on disqualification motions. Counsel neither addressed this Court's standards for such motions nor noted this Court's oft-stated concern that such a motion may be ill-advised or motivated by tactical, rather

---

[4] *See, e.g., Sherman Treaters Ltd. v. Ahlbrandt,* 115 F.R.D. 519, 526 (D.D.C. 1987) (Movant sanctioned for filing a motion without basis in law); *Weisman v. Rivlin,* 598 F. Supp. 724, 726-27 (D.D.C. 1984) (Counsel sanctioned for motion based on assumptions rather than investigation and analysis).

[5] *Laker Airways Ltd. v. Pan American World Airways,* 103 F.R.D. 22 at 27-28, 41; *see also Riggs Nat'l Bank v. Calumet-gussin No.1,* 1992 U.S. Dist. LEXIS 16475 at * 11 (D.D.C. October 30, 1992) (noting a concern that disqualification motions may be filed for "vexatious purposes").

[6] *Klayman & Gurley, P.C. v. Scott,* 1989 U.S. Dist. LEXIS 13638 at *3 (D.D.C. November 15, 1989); *Laker Airways,* 103 F.R.D. at 28; *accord* October 6, 2006 Memorandum Order (Ex. J) at 5-6.

[7] *Laker Airways,* 103 F.R.D. at 27 (*citing in part Nat'l Souvenir Ctr. Inc. v. Historic Figures, Inc.,* 728 F.2d 503 (D.C. Cir. 1984)).

[8] *Id.* at 42.

than ethical, considerations. Counsel instead cited a single District of Columbia Court of Appeals case, which he qualified as "involving a fact pattern that is inapposite here ...."[9] Counsel also failed to cite any applicable precedent from this or any other court that supported his motion.

Counsel failed to address the practical implications of his motion. As noted in the Joint Parties' Opposition:

> As the controlling shareholder of both corporations, Mr. Cauderlier has the authority to select counsel of his choosing. Mr. Zambrana cites no authority for the unusual proposition that the controlling shareholder of sister corporations must retain separate counsel to assert claims on behalf of La Ruche against CAI. Mr. Zambrana would have Mr. Cauderlier sue himself. This is not and cannot be the law.[10]

The motion demanded an impractical and implausible outcome, and cited no precedent supporting that outcome.

Mr. Zambrana's Counsel ignored available precedent from other courts which directly contradicted his argument. The Joint Parties cited precedent establishing that control of a closely-held corporation is a key consideration in analyzing whether there could even be a conflict of interest.[11]

The motion violated Rule 11 because statements made therein suggest that it was filed for improper purposes. On September 30, 2005, Mr. Zambrana complained of this same alleged conflict of interest and asked the Court to disqualify Howrey.[12]

---

[9] Zambrana Disqualification Motion Memorandum (Ex. B) at 10.

[10] Memorandum in Opposition to Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw (Ex. D) at 3.

[11] *Id.* at 4-5.

[12] *See* Defendant's Reply Memorandum (Ex. F) at 11, 13 (filed in response to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties).

Mr. Zambrana waited seven months before again raising this issue. Mr. Zambrana stated that he "waited until this time to file a formal motion, in the hope that the parties might return to the mediation table and reach an amicable resolution of this case" and filed only after deciding that "no such resolution [was] imminent."[13] However, these statements contradict his claims that Howrey's counsel poses unavoidable prejudice to the Joint Parties – prejudice that would necessarily taint any settlement negotiations. These statements suggest the motion was tactically, rather than ethically, inspired.

This Court has previously exercised its discretion and imposed sanctions on counsel where a groundless disqualification motion was filed.[14] In *Klayman & Gurley, P.C. v. Scott,*[15] this Court was presented a motion for sanctions after the plaintiff filed and withdrew a motion to disqualify counsel. The Court observed that the disqualification movant had failed to cite a case or other supporting authority for the proposition that counsel for a bank was conflicted out of defending that bank against claims of its customers.[16] The Court also observed that the movant had failed to address contrary precedent.[17] In granting sanctions, the Court stated that the disqualification motion "should never have been filed, given the strong disfavor with which such motions are viewed by this and other courts."[18]

Counsel's filing of the motion is a Rule 11 violation. The frivolous arguments Counsel advances are contradicted by precedent from other courts. Counsel sought an impractical outcome without addressing this Court's precedent which demands practical

---

[13] Zambrana Disqualification Motion Memorandum (Ex. B) at 2 n.1.

[14] *Klayman,* 1989 U.S. Dist. LEXIS 13638 at *2-*4.

[15] *Id.*

[16] *Id.* at *2.

[17] *Id.*

[18] *Id.* at *3; *accord* October 6, 2006 Memorandum Order (Ex. J) at 4-6.

outcomes. The motion only contains a single cite which Counsel admits is factually inapposite and does not support the presented arguments. Finally, the context and the statements made in the Motion suggest that it was filed for improper purposes.

## CONCLUSION

For the foregoing reasons, this Court should sanction Counsel for Mr. Zambrana and require Counsel to pay the fees and costs incurred in the research, drafting, and filing of both this Motion for Sanctions, the Opposition to Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw, and the Joint Parties' Supplemental Memorandum.

Dated: October 31, 2006                    Respectfully submitted,


                                           Robert L. Green, Jr. (D.C. Bar No. 935775)
                                           James B. Boles (D.C. Bar No. 471818)
                                           HOWREY LLP
                                           1299 Pennsylvania Ave., N.W.
                                           Washington, D.C. 20004
                                           (202) 783-0800
                                           (202) 383-6610 – facsimile
                                           greenr@howrey.com
                                           bolesj@howrey.com

                                           Attorneys for Cauderlier & Associates, Inc.,
                                           Jean Claude Cauderlier, and La Ruche, Inc.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

       **Plaintiff**

       **v.**

SERGIO ZAMBRANA

       **Defendant/Third-Party**
       **Plaintiff**

       **v.**

JEAN CLAUDE CAUDERLIER

       **and**

LA RUCHE, INC.

       **Third-Party Defendants**

**Civil Action No. 05-1653 (ESH/JMF)**

---

### MOTION FOR ORDER REQUIRING COUNSEL TO WITHDRAW

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, defendant/third-party plaintiff, Sergio Zambrana, by and through counsel, hereby moves this Court for an Order requiring counsel for plaintiff and third-party defendants to withdraw their representation of all three (3) parties they represent. In support of this motion, defendant respectfully refers this Court to the attached Memorandum of Points and Authorities in Support of said Motion.

WHEREFORE, defendant/counter-plaintiff/third-party plaintiff, Sergio Zambrana, prays (1) that the Court enter an order directing that Robert L. Green, Jr., Esquire, James B. Boles, Esquire, and HOWREY, LLP withdraw their respective appearances from this case; (2) the Court continue this matter until defendant and third-party defendants can each retain new counsel;

(3) the Court award Mr. Zambrana his attorneys' fees and costs associated herewith, and (4)

impose sanctions upon Robert L. Green, Jr., Esquire, James B. Boles, Esquire, and HOWREY,

LLP , as the Court deems meet and proper.

                              Respectfully submitted,

                              KASS, MITEK & KASS, PLLC

Dated: May 9, 2006            By: _____ Jn Hambarger _____
                                  Jeffrey M. Hamberger (Bar No. 930362)
                                  1050 17th Street, N.W., #1100
                                  Washington, D.C. 20036
                                  (202) 659-6500
                                  Attorneys for Defendant/Counter-Plaintiff/Third-
                                  Party Plaintiff, Sergio Zambrana

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Motion for Order Requiring Counsel to

Withdraw, and accompanying Points and Authorities, were mailed, via first class mail, postage

prepaid, and emailed, this 1 th day of May, 2006, to:

              Robert L. Green, Jr., Esquire
              James B. Boles, Esquire
              HOWREY, LLP
              1299 Pennsylvania Avenue, N.W.
              Washington, D.C. 20004
              greenr@howrey.com
              bolesj@howrey.com

                              _____ Jn Hambarger _____
                              Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Motion for Order Requiring Counsel to Withdraw.wpd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.** | |
| **Plaintiff** | |
| **v.** | **Civil Action No. 05-1653 (ESH/JMF)** |
| **SERGIO ZAMBRANA** | |
| **Defendant/Third-Party Plaintiff** | |
| **v.** | |
| **JEAN CLAUDE CAUDERLIER** | |
| **and** | |
| **LA RUCHE, INC.** | |
| **Third-Party Defendants** | |

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR ORDER REQUIRING COUNSEL TO WITHDRAW

Defendant/Counter-Plaintiff/Third-Party Plaintiff, Sergio Zambrana ("Mr. Zambrana"), by and through counsel, hereby offers the following points and authorities in support of his Motion for Order Requiring Counsel to Withdraw.

### INTRODUCTION

This lawsuit involves four (4) parties, two individuals and two corporations, three of whom are represented by the same law firm, HOWREY, LLP ("Howrey"). The fourth party, Mr. Zambrana, has asserted *prima facie* claims against all three of those parties sharing legal

representation.  As shown below, Howrey's joint representation is prejudicial to Mr. Zambrana and violates the Rules of Professional Conduct of the District of Columbia.

Mr. Zambrana will, for the most part, dispense with the familiar nomenclature of "plaintiff" and "defendant," since there are also "third-party defendants" and a "third-party plaintiff" (who is also the "defendant/counter-plaintiff" herein).  Rather, for clarity's sake, Mr. Zambrana will refer to the parties by name.  The plaintiff/counter-defendant, Cauderlier & Associates, Inc., will be referred to as "CAI", and the third-parties defendants, Jean Claude Cauderlier, and La Ruche, Inc., will be referred to, respectively, as "Mr. Cauderlier" and "La Ruche."

Though this lawsuit was initiated by CAI against Mr. Zambrana, this case is impacted by the exceedingly close, if not improper, relationship between the three Howrey clients: CAI, Mr. Cauderlier and La Ruche.  Mr. Cauderlier asserts that he is the sole shareholder of CAI and a 90% shareholder in La Ruche.  But then, Mr. Zambrana claims an ownership interest in La Ruche of more than 10%, and claims an ownership interest in CAI of an as-yet-undetermined magnitude.  It is easy to discern the problem with the same law firm representing Mr. Cauderlier <u>and</u> the two corporations whose ownership is at issue.

Mr. Zambrana contends that Howrey cannot ethically continue to represent its three clients in this litigation and that it should withdraw as counsel for each party immediately.[1]  Just as the business dealings of Mr. Cauderlier, CAI and La Ruche are inextricably intertwined, the law firm

---

[1] Mr. Zambrana first broached the subject of Howrey's conflict of interest in "Defendant's Reply Memorandum," the second pleading filed by him, at pp. 11-12.  Mr. Zambrana has waited until this time to file a formal motion, in the hope that the parties might return to the mediation table and reach an amicable resolution of this case.  Since no such resolution is imminent, and Howrey has repeatedly rebuffed his counsel's pleas to rectify the unfair situation caused by Howrey's representation of multiple parties herein, Mr. Zambrana reluctantly directed his counsel to expend the hours necessary to bring this issue before the Court.

2

of HOWREY, LLP is inextricably conflicted, which conflict cannot be ameliorated by the consent of its clients, given the circumstances of this case.

Among other claims, including ownership in both CAI and La Ruche, Mr. Zambrana contends, alternatively, that (a) LaRuche is the alter ego of CAI, (b) La Ruche owns CAI, (c) La Ruche owns CAI's assets, including valuable real estate (the "Building"), (d) CAI is holding monies in constructive trust for LaRuche, or (e) a combination of (a), (b), (c) and (d). Mr. Zambrana bases his position on facts that suggest the funds of each corporation have been commingled, and possibly misappropriated by Mr. Cauderlier (who controls both corporations), to the detriment of Mr. Zambrana and LaRuche. Documentation of these facts can be found in the first pleadings filed by Mr. Zambrana in response to the Complaint, those being his "Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties," the "Points and Authorities" in support thereof, and "Defendant's Reply Memorandum," which pleadings shall hereinafter be collectively referred to as the "Motion to Dismiss"[2]

## ARGUMENT

1. The Facts Show That Howrey Must Withdraw as Counsel

One of the pivotal issues in this case is the question of who owns the Building where La Ruche's restaurant, Café La Ruche, is located. Mr. Cauderlier contends that he owns all the shares of CAI and that CAI wholly owns the Building. Mr. Zambrana disputes Mr. Cauderlier on both contentions.

---

[2] The facts alleged here by Mr. Zambrana and their substantiating citations can be found in these initial pleadings. The citations will not be reiterated here. Counsel for Mr. Zambrana certifies that the specific facts asserted in the instant motion are each verified in the Motion to Dismiss, including Mr. Zambrana's Affidavit and the accompanying exhibits, to which the court's attention is respectfully directed.

3

Although CAI was the supposed buyer, there are a large number of checks drawn on the bank account of La Ruche, as well as other evidence, that would suggest that La Ruche, not CAI, was the actual purchaser of the Building, and is its present owner. In addition, the tax returns of CAI and La Ruche indicate a definite but unclear relationship between the companies, raising the possibility that La Ruche actually owns a controlling equitable share of CAI stock. The distinction between CAI and La Ruche is critically significant, since even Mr. Cauderlier concedes that Mr. Zambrana holds an ownership position in La Ruche.

But, there is also a factual basis on which to conclude that Mr. Zambrana owns a portion of CAI and/or the Building, aside from his interest in La Ruche. At Mr. Cauderlier's behest, Mr. Zambrana wrote and delivered to Mr. Cauderlier a $25,000 check payable to La Ruche on the very night before the settlement on the sale of the Building took place. Mr. Zambrana contends that it was understood by everyone concerned, including the seller of the Building, that (a) the proceeds of the $25,000 check were to be put toward the purchase price CAI was paying for the Building, and (b) Mr. Zambrana would be a part owner of CAI, the Building, or both. Upon information and belief, the proceeds of Mr. Zambrana's $25,000 check to La Ruche were, in fact, used as part of the purchase price for the Building.

It is clear from the foregoing that Mr. Cauderlier, one of Howrey's clients, would benefit most by a finding that CAI is the sole owner of the Building and that he is the sole owner of CAI. Then again, La Ruche's best interests would be best served by Howrey asserting on its behalf an ownership interest in CAI and/or the Building, a position easily justified given the extensive amount of monies that it appears La Ruche has paid toward the Building's purchase price and other CAI expenses. Moreover, La Ruche's ownership of the Building would thwart additional efforts by CAI

4

to raise La Ruche's rent under a putative lease–a benefit to La Ruche and Mr. Zambrana, but harmful to Mr. Cauderlier.

The prejudice to Mr. Zambrana of Howrey's joint representation of its three clients cannot be overstated. Mr. Zambrana is a shareholder in La Ruche, the extent to which is one of the issues being litigated herein, but there is no question that Mr. Zambrana would gain from a judicial finding that La Ruche owns CAI, and/or La Ruche owns the Building. On the other hand, Howrey's clients, Mr. Cauderlier and CAI itself, have every reason to resist such a result.

The two corporations' commingling of monies, which the La Ruche checks seem to demonstrate, also represents a significant potential loss to Mr. Zambrana, since the funds paid by La Ruche on CAI's behalf, if attributed to CAI, would preclude Mr. Zambrana's sharing in the same, unless he is found at trial to be a co-owner of CAI, as well as an owner of La Ruche. Yet, even a finding of his being a part owner in CAI would not sufficiently protect Mr. Zambrana, if the percentage of his ownership in CAI is determined to be less than his ownership in La Ruche.

Were Mr. Cauderlier, La Ruche and CAI each represented by separate, independent counsel, Mr. Zambrana would have the opportunity to stand on equal footing with each of the other parties to this litigation. Each party would be pursuing claims that were in its own best interest. In such a climate, Mr. Zambrana likely not have to contend with such inconsistent positions as La Ruche's outright denial that it owns CAI, or CAI's assets including the Building, or the like. Instead, the parties would be adopting stances that fit the facts as they appear. For instance, it would behoove La Ruche (as well as Mr. Zambrana) to seek an accounting from CAI and Mr. Cauderlier, among other remedies, but, as a Howrey client, La Ruche has exhibited no intention of doing so. It is also likely that La Ruche should be asserting a claim against Mr. Cauderlier for misappropriation of its

5

funds and for usurpation of La Ruche's rightful opportunity to purchase the Building in which its business operates. However, none of Howrey's clients have filed claims against one another, despite the facts of the case virtually begging that it be done.[3]

Instead, La Ruche's and CAI's positions in this case have apparently been dictated solely by their controlling shareholder and only officer, Mr. Cauderlier. For example, Mr. Cauderlier, with the assistance of his Howrey counsel, had CAI file "Plaintiff's Memorandum In Opposition to Defendant's Motion to Dismiss the Complaint or, in the Alternative, Motion to Join Indispensable Parties," in response to Mr. Zambrana's Motion to Dismiss. Therein, on page 8, CAI avers, among other things, that ". . . La Ruche has no ownership interest, nor does it assert an ownership interest in CAI. . . ." It is to be noted right away that CAI should not be presuming to assert any position on behalf of La Ruche, especially one not in La Ruche's best interest, yet there it is, because it serves Mr. Cauderlier's self interest, and CAI's. The allegations in the Complaint filed by CAI are similarly biased. Paragraph 42, for example, alleges that, "[Mr.] Zambrana's improper assertion of a 10 percent ownership interest in CAI is impeding *Mr. Cauderlier's* ability to sell LaRuche, the Property, and/or CAI (emphasis added)."

There are also instances where Howrey has put forth answers on La Ruche's behalf that are counter to La Ruche's own best interests. In its answer to Interrogatory No. 8, La Ruche responds, "La Ruche does not own stock in CAI. No stock in CAI has ever been issued to La Ruche, nor has La Ruche ever purchased or sought to purchase an interest in CAI." In its answer to Interrogatory No. 10, La Ruche likewise eschews from making any claim of ownership in the Building.

---

[3] Among other reasons, it would appear that no claim has been filed by La Ruche against CAI because such an action would serve to destroy diversity jurisdiction [*See* 28 U.S.C. §1332] and require dismissal of the lawsuit. This point is more fully discussed in the Motion to Dismiss and in footnote 4 below.

Specifically, the answer states, "La Ruche has no ownership interest in the property." Notably, all three Howrey clients failed to comply with Rule 32(b)(2) of the Federal Rules of Civil Procedure, in that none of the interrogatory answers are signed by the party making them.

Not only is it evident that Mr. Cauderlier is directing his counsel to submit the facts in a manner that is most favorable to his personal interests, rather than acting with the loyalty he owes to La Ruche and (separately) to CAI, but it is clear that Howrey has been required to, willing to, and continues to, denigrate the interests of one of its clients in favor of another. It is transparently not in La Ruche's best interest to disavow any ownership in CAI. This is especially true in light of a possible commingling or misappropriation of La Ruche's funds. Given that Mr. Cauderlier has himself conceded Mr. Zambrana's ownership of at least some portion of La Ruche, can there be any wonder as to why La Ruche, of the three clients represented by Howrey, is the one that is formally adopting self-detrimental positions?

Additionally, La Ruche should have filed a fourth-party complaint against CAI, and a cross-claim against co-third-party defendant Jean Claude Cauderlier, for, among other things, misappropriation of funds, wrongful commingling of funds, constructive trust, unjust enrichment, usurpation of business opportunity, and for (a) an accounting by each, and (b) a declaratory judgment that La Ruche is owner of the Building.[4] It is only because La Ruche does not have its own attorney that such pleadings were not filed.[5]

---

[4] As raised by Mr. Zambrana is his Motion to Dismiss, the most efficient approach would have been for this Court to realign the parties. But, such a realignment would have resulted in the Court having to dismiss the case for lack of diversity jurisdiction.

[5] Of course, such a lawsuit would have had to been filed in D.C. Superior Court, rather than this one, due to the lack of diversity of citizenship between the two D.C. corporations.

7

Mr. Zambrana is unquestionably prejudiced by Howrey's wrongful multiple representation of La Ruche and stands to be damaged as a direct result thereof.

### 2. The Rules of Professional Conduct Require Howrey to Withdraw as Counsel

Rule 1.7 of the Rules of Professional Conduct prohibits HOWREY, LLP from representing clients with conflicting interests, especially in the situation that prevails here – where the parties cannot possibly give effective consent. Rules 1.7 reads:

RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE

**(a)** A lawyer shall not advance two or more adverse positions in the same matter.

**(b)** Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if:

(1) That matter involves a specific party or parties, and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter, even though that client is unrepresented or represented by a different lawyer;

(2) Such representation will be or is likely to be adversely affected by representation of another client;

(3) Representation of another client will be or is likely to be adversely affected by such representation; or

(4) The lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests.

**(c)** A lawyer may represent a client with respect to a matter in the circumstances described in paragraph (b) above if each potentially affected client provides consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation.

8

**(d)** If a conflict not reasonably foreseeable at the outset of a representation arises under paragraph (b)(1) after the representation commences, and is not waived under paragraph (c), a lawyer need not withdraw from any representation unless the conflict also arises under paragraphs (b)(2), (b)(3), or (b)(4).

[Amended effective November 1, 1996.]

In paragraph [1] of the "Comments" that follow the recitation of the Rule, the distinction between Rule 1.7(a) and Rule 1.7(b) is explained: "The difference between Rule 1.7(a) and Rule 1.7(b) is that in the former, the lawyer is *representing multiple interests in the same matter*, while in the latter the lawyer is representing a single interest, but a client of the lawyer who is represented by different counsel has an interest adverse to that advanced by the lawyer (emphasis added)."

Here, Howrey represents three parties with conflicting interests in one lawsuit.

Even if this matter were to fall under Rule 1.7(b), rather than Rule 1.7(a), where consent from conflicted clients after full disclosure might be an available solution, paragraph [19] of the Comments clarifies that there are times, such as here, where an attorney cannot make full disclosure to each of his clients, thus rendering consent under paragraph (c) impossible. "If a lawyer's obligation to one or another client or to others or some other considerations precludes making such full disclosure to all affected parties, that fact alone precludes undertaking the representation at issue." Here, where La Ruche has made payments arguably on behalf of CAI and where there is a possible improper commingling of funds, among other things, Howrey could not make full disclosure to both CAI and LaRuche – not to mention Mr. Cauderlier – without divulging a confidence of one to the other. Nor is it proper for Howrey to advance a position in favor of one client that is patently harmful to another client, particularly in the same litigation.

9

The case of *Griva v. Davison,* 637 A.2d 830 (1993), involving a fact pattern that is inapposite here, gives an in-depth analysis of the history and meaning of Rule 1.7, and insight for this Court to consider. While discussing the D.C. Code of Professional Responsibility, the predecessor of the Rules of Professional Conduct, cites approving a case which stated, "Throughout the representation [of the corporation], the lawyer must continue to recognize that the interest of the corporation must be paramount *and that he [or she] must take care to remain neutral with respect to the disputes between the present shareholders* (emphasis in original)." [Citation omitted]. *Id.,* at 840. The *Griva* court goes on to elucidate how Rule 1.7 of the D.C. Rules of Professional Conduct "substantially differs" from the American Bar Association's Model Rule 1.7, specifically to include a distinction for "cases in which representation is absolutely forbidden." *Id.,* at 842, and 843.

The court in *Griva* proceeds to espouse the view that ". . . this court's Rule 1.7(a) mandates an *absolute prohibition* of dual or multiple representation when the lawyer would represent clients with "adverse" "position[s]" in the "same matter" (emphasis added), at 843.

For the foregoing reasons, the law firm of HOWREY, LLP must be required to withdraw from this case as counsel for all three (3) of the clients it now represents: CAI, Mr. Cauderlier, and La Ruche.

### 3. Sanctions Must Be Imposed Against Counsel

It is obvious from the foregoing analysis that HOWREY, LLP and its individual attorneys, Robert L. Green, Jr., Esquire and James B. Boles, Esquire, should have recognized from the beginning that they could not ethically represent CAI, Mr. Cauderlier, and La Ruche in the same action. A mere re-reading of the Complaint contains ample evidence that said counsel were fully aware of the conflicting interests of these clients. To begin with, as Mr. Zambrana argued in his

10

initial Motion to Dismiss, the real party in interest is Mr. Cauderlier himself. It is in his name that the lawsuit should have been brought, not CAI's. CAI, as the counsel mentioned in *Griva, supra,* were reminded, should have "take[n] care to remain neutral with respect to the disputes between the present shareholders."

Counsel for Mr. Zambrana conveyed his concerns about Howrey's conflict of interest very early in the case. On October 12, 2005, approximately two weeks after Mr. Zambrana's Defendant's Reply Memorandum brought the issue to the fore in writing, Suzanne Clement, Esquire, Mr. Bole's predecessor in this litigation, advised Mr. Zambrana's counsel by telephone that the Howrey lawyers "thought about it, and, right now, they are comfortable with their position." On December 8, 2005, a week before the parties were to appear before Magistrate Judge Facciola for mediation, and before any discovery requests had been exchanged, counsel for Mr. Zambrana sent an email strongly urging Howrey to cease its representation of all three clients, and specifically requesting that "La Ruche, Inc. engage separate legal counsel." [Exhibit 1.]

Despite being clearly on notice of their violations of Rule 11 of the Federal Rules of Civil Procedure and Rule 1.7 of the Rules of Professional Conduct, Howrey stubbornly persisted in its representation of all three conflicted clients. As a result, (a) all parties, including Mr. Zambrana and the corporation in which he has an undisputed interest, La Ruche, Inc., have spent otherwise-unnecessary hours bringing issues to this Court that never would have arisen had Howrey acted properly; (b) Howrey's clients have refrained from bringing claims against one another that should have been brought; and (c) the discovery responses from Howrey's clients have been distorted and will require rectification.

Worse, if this Court agrees that HOWREY, LLP and its individual lawyers must be required to withdraw from this case, all the parties will be faced with starting the whole case anew, after CAI, Mr. Cauderlier and La Ruche have each engaged new counsel.

Thus, in addition to awarding attorneys' fees and costs to Mr. Zambrana, this Court should require that Howrey refund the fees it has charged CAI and La Ruche, so that their respective shareholders are not harmed by Howrey poor judgment.

This may also be a situation where Rule 11 sanctions should be assessed by the Court against the Howrey firm and its individual attorneys for their "professional misconduct," as defined in Rule 8.4 of the Rules of Professional Conduct. Mr. Zambrana leaves such a determination to the Court's discretion.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: May 9, 2006                    By: _____
                                          Jeffrey M. Hamberger (Bar No. 930362)
                                          1050 17th Street, N.W., #1100
                                          Washington, D.C. 20036
                                          (202) 659-6500
                                          Attorneys for Defendant/Third-Party Plaintiff,
                                          Sergio Zambrana

F:\WP_FILES\CLIENTS\04300.101\P&A in Support of Motion for Order Requiring Counsel to Withdraw.wpd

**From:** Jeffrey M. Hamberger
**Sent:** Thursday, December 08, 2005 4:37 PM
**To:** 'Green, Robert'
**Subject:** RE: La Ruche--FOR SETTLEMENT PURPOSES ONLY

** MATERIAL REDACTED**

Turning to other matters of concern:

(1)  ** MATERIAL REDACTED**

(2)  **Does Howrey intend to file responses to the third-party complaint on behalf of La Ruche, Inc. or J.C. Cauderlier, or both?  I have expressed from the beginning my misgivings with Howrey's representation of all three parties, now that suit has been filed. Given that there appears (from my perspective, at least) to be a possible commingling of funds among your clients, and given that La Ruche has purportedly disavowed any ownership interest in CAI while filing a federal tax return indicating that it owns all CAI's stock, can there be any doubt that your clients have diverging interests and will be taking conflicting positions during the litigation?**

Putting aside for a moment the legitimacy of all the other claims Mr. Zambrana has asserted in this case, there is no dispute that he owns at least 10% of the stock in La Ruche, Inc.  Therefore, Mr. Zambrana has a vested interest in ensuring that La Ruche does not assert positions that are counter to the company's best interests (or which constitute a breach of the fiduciary duty La Ruche's directors owe to him as a shareholder).  I request that you convey to Mr. Cauderlier my client's desire that La Ruche, Inc. engage separate legal counsel.

Also, I respectfully suggest that Howrey has a duty to withdraw from this litigation altogether.  I would rather not have to raise this issue formally with the court, because it could lead to embarrassment, or more, for your law firm, should the court find you in violation of Rule 1.7 of the District of Columbia Rules of Professional Conduct, among other possible infringements.  Such a finding would create an unnecessary delay in the proceedings as well.

Please advise me as to who counsel will be for (i) CAI, (ii) La Ruche, and (iii) Mr. Cauderlier as this matter moves forward.

Thank you.

_____

** PRIOR EMAIL EXCHANGE REDACTED**

[Text shown in BOLD was originally in normal font]

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

          Plaintiff

         v.

SERGIO ZAMBRANA

          Defendant/Third-Party
          Plaintiff

         v.

JEAN CLAUDE CAUDERLIER

         and

LA RUCHE, INC.

          Third-Party Defendants

Civil Action No. 05-1653 (ESH/JMF)

## ORDER

    Upon consideration of Sergio Zambrana's Motion for Order Requiring Counsel to Withdraw, and the Opposition(s) filed thereto, it is this _____ day of _____, 2006, hereby

    ORDERED that defendant's  Motion for Order Requiring Counsel to Withdraw be, and hereby is, GRANTED; and it is further

    ORDERED that HOWREY LLP, Robert L. Green, Jr., Esquire and James B. Boles, Esquire shall each file a Praecipe withdrawing their appearance as counsel in this matter within ten (10) days of the entry of this Order ; and further

ORDERED that Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc. shall each engage new counsel within thirty (30) days of the entry of this Order; and it is further

ORDERED that said new counsel shall each enter their respective appearance in this case within forty-five (45) days of the entry of this Order; and further

ORDERED that all proceedings herein shall be suspended until the entry of the appearances of counsel for Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc., respectively; and further

ORDERED that the parties and their counsel shall appear before the Court for a Status Conference on _____; and further

ORDERED that HOWREY LLP, Robert L. Green, Jr., Esquire and James B. Boles, Esquire, jointly and severally, shall pay the sum of $_____ in legal fees and costs to Mr. Zambrana; shall refund the sum of $_____ in legal fees and costs to Cauderlier & Associates, Inc.; and shall refund the sum of $_____ in legal fees and costs to La Ruche, Inc., and further

ORDERED that HOWREY LLP, Robert L. Green, Jr., Esquire and James B. Boles, Esquire, and each of them, be sanctioned as follows:

_____

_____

_____

_____

_____
Judge Ellen Segal Huvelle

2

COPIES TO:

Robert L. Green, Jr., Esquire
James B. Boles, Esquire
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
greenr@howrey.com
clements@howrey.com

Benny L. Kass, Esquire
Jeffrey M. Hamberger, Esquire
1050 17th Street, N.W., #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com

F:\WP_FILES\CLIENTS\04300.101\Order Granting Motion for Order Requiring Counsel to Withdraw.proposed.wpd

3