IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>　　Plaintiff<br><br>　　v.<br><br>SERGIO ZAMBRANA<br><br>　　Defendant/Third-Party<br>　　Plaintiff<br><br>　　v.<br><br>JEAN CLAUDE CAUDERLIER and<br>LA RUCHE, INC.<br><br>　　Third-Party Defendants | Civil Action No. 05-1653<br>(ESH/JMF) |

**SERGIO ZAMBRANA'S REPLY TO OPPOSITION OF JOINT PARTIES TO HIS
MOTION FOR AMENDMENT OF FINDINGS AND FOR ADDITIONAL FINDING**

　　Defendant and third-party plaintiff, Sergio Zambrana ("Mr. Zambrana"), by and through counsel, hereby files this Memorandum in Reply to "Memorandum of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier's in Opposition to Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding" [#41].

　　Introduction

　　It appears that the Joint Parties are correct in their assertion that Mr. Zambrana's "Motion for Amendment of Findings and For Additional Finding" [#40], filed herein on October 20, 2006, should have cited Fed. R. Civ. P. 72(a), rather than Fed. R. Civ. P. 52. It is a mistake his counsel regrets, but Mr. Zambrana contends that the intention of said Motion was, and is, clear – to raise objections and seek review of certain findings made by Magistrate Judge John M.

Facciola in his Memorandum Order dated October 6, 2006 [#39]. Therefore, Mr. Zambrana has prepared, and is filing concurrently herewith, a pleading entitled "Objections to Memorandum Order Dated October 6, 2006," which he hereby asks the Court to accept, *nunc pro tunc*, as a replacement for his Motion for Amendment of Findings and For Additional Finding. Mr. Zambrana will rely solely upon his "Points and Authorities in Support of Motion for Amendment of Findings and for Additional Finding," filed on October 20, 2006, and this Reply, in connection with his requests for relief from the Memorandum Order. In the alternative, Mr. Zambrana requests that his original Motion for Amendment of Findings and For Additional Finding be treated as having raised Objections pursuant to Fed. R. Civ. P. 72(a).

Argument

At the outset, Mr. Zambrana agrees that his motion to disqualify the Joint Parties' counsel, Howrey LLP ("Howrey"), is not based in any way on grounds that Howrey once represented Mr. Zambrana. Mr. Zambrana has never been a client of Howrey.

That concession does not, however, in any way vitiate Mr. Zambrana's right to complain about the Joint Parties' joint representation by Howrey under the circumstances of this case. As a matter of fact, one of the other "key" facts on which the Joint Parties would have the Court focus, cited at page 3 of their Opposition, actually highlight the underlying bias that affects Mr. Zambrana's rights and Howrey's representation. That is, "Mr. Cauderlier controls La Ruche and CAI." The importance of this fact cannot be overlooked: Mr. Cauderlier controls not only La Ruche, Inc. ("La Ruche") and Cauderlier & Associates, Inc. ("CAI"), but also the positions taken by those corporations in these proceedings. It is Mr. Cauderlier alone who has the ability to authorize Howrey to assert positions that are self-evidently not in La Ruche's best interests. The reason for Mr. Cauderlier to do this is that the positions *are* in the best interest of CAI, a

corporation in which Mr. Cauderlier claims sole ownership, and are in Mr. Cauderlier's own best interests. It is true, as asserted by the Joint Parties at page 3 of their Opposition, that this fact is "uncontested" by Mr. Zambrana, but it is certainly not "wholly unaddressed." The fact of sole control by Mr. Cauderlier is one of the underpinnings of Mr. Zambrana's contention that Howrey cannot possibly represent all three Joint Parties in this litigation.

Mr. Zambrana has demonstrated, in his written submissions to the court, such as his Motion to Dismiss the Complaint Or, in the Alternative, Motion to Join Indispensable Parties [#3], his Defendant's Reply Memorandum [#5], and his Motion for Order Requiring Counsel to Withdraw [#27], that he will be *irretrievably injured* if the Joint Parties are not required to obtain separate counsel.

The reason Mr. Zambrana will be harmed is that, while the Joint Parties may arguably be able to waive potential conflicts of interest, as they contend, and Howrey may not be able to glean confidences that are not known to all three Joint Parties (through Mr. Cauderlier), the Joint Parties, individually or severally, *cannot waive the fiduciary duties that are owed to each separate corporation* by their respective boards of directors. This is true even if both corporations have only one and the same member of the board, because each corporation does not have only one shareholder, and the fiduciary duties are owed to all.

Mr. Zambrana recognizes the perils and disadvantages that attach to minority shareholders in closely held corporations. But, those perils and disadvantages do not include being subjected to collusion, commingling of funds, wasting of funds, usurpation of corporate opportunities, or the like. Mr. Zambrana maintains that he is entitled to demand that the boards of directors of any corporations in which he owns stock, close or publicly held, honor their respective fiduciary duties and preserve the assets of the corporation, and to account for their

financial activities; these rights are shared by shareholders everywhere. Mr. Zambrana has made such demands in his Counterclaim [#9] against Caulderlier & Associates, Inc., and in his Third-Party Complaint [#18] against La Ruche, Inc. and Jean Claude Cauderlier. Close corporations or not, it is improper for Howrey, LLP, to presume to represent both corporations and their majority shareholder, given the *prima facie* potentiality for conflicting interests among them.

As a shareholder, Mr. Zambrana is entitled to insist that each corporation in which he owns an interest does not adopt positions that are blatantly detrimental to that corporation, or which improperly favor one shareholder over another, for no legal reason. Here, it is clear that Howrey has abetted the Joint Parties both in the presentation of formal pleadings that (a) make admissions against the interest of the pleading party, such as La Ruche's Answer to the Third-Party Complaint [#21] and its Answers to Interrogatories [#21], and (b) assert that one shareholder's rights are superior to another's, such as in the initial Complaint itself [#1] filed by CAI, the impropriety of which assertion is discussed below.

All these issues have been briefed in great detail by Mr. Zambrana and the Joint Parties, and Mr. Zambrana has proffered not only an affidavit, but copies of dozens of checks, and questionable tax returns, that raise serious questions about whether the assets of La Ruche, Inc., have been commingled, misappropriated or lost by the other two Howrey clients, and whether a business opportunity properly belonging to La Ruche, Inc. has been usurped by those Howrey clients. The Joint Parties have not even attempted to explain or refute the copies of the many checks that unequivocally confirm over $92,000 in payments by La Ruche on behalf of CAI, nor do they address the conflicting corporate tax returns, or Mr. Zambrana's affidavit.

Mr. Zambrana respectfully requests that the district judge, in her Rule 72 review of the Memorandum Order, read the pertinent pleadings previously filed by the parties herein, and

examine the exhibits and affidavit filed by Mr. Zambrana. The bulk of these pleadings have been neatly compiled by the Joint Parties, as exhibits to their recently filed "Motion of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier's for Rule 11 Sanctions" [#42]. Mr. Zambrana contends that the pleadings and the evidence make it clear that, if Howrey is permitted to continue to represent the Joint Parties collectively, there is no possibility for Mr. Zambrana to get a fair trial.

While Mr. Zambrana has not, and will not here, argue that fraud or criminal activities have occurred, he would point out that the possibility exists. There will be little or no opportunity for Mr. Zambrana to prove any of his allegations, or root out any fraud or collusion, if the playing field of this litigation is not leveled, so that all the parties are asserting their respective rights to the best of their ability. The fact that Mr. Cauderlier is closely associated with, and controls, the two corporate entities involved in this case does not provide him with *carte blanche* to do as he pleases with the corporations and their assets. And, while it might normally be true that every party should be allowed to select his or its own counsel, there are times, such as in this case, when the equities and ethical standards preclude it.

In closing this part of his argument, Mr. Zambrana would emphasize to the Court a few of the basic principles upon which he has relied in support of his Motion for Order Requiring Counsel to Withdraw [#27]. In Mr. Zambrana's Points and Authorities in support of that Motion, he cites the case of *Griva v. Davison,* 637 A.2d 830 (1993) ,at page 10, for proposition that "Throughout the representation [of the corporation], the lawyer must continue to recognize that the interest of the corporation must be paramount *and that he [or she] must take care to remain neutral with respect to the disputes between the present shareholders* (emphasis in original)." [Citation omitted]. *Id.,* at 840. Howrey, LLP, by filing the original Complaint on

behalf of CAI against Mr. Zambrana, violated this precept. As mentioned in prior pleadings, paragraph 42 of the Complaint alleges that, "[Mr.] Zambrana's improper assertion of a 10 percent ownership interest in CAI is impeding *Mr. Cauderlier's* ability to sell LaRuche, the Property, and/or CAI (emphasis added)." Not only does this allegation betray a prohibited bias against one shareholder in favor of another, but CAI, through Howrey's pleading, presumes to assert rights on Mr.Cauderlier's behalf that should have been raised in a lawsuit brought by him; Howrey's conflict of interest is thus exposed in its very first pleading.

In a similar fashion, when Howrey denies ownership of certain rights by La Ruche in the pleadings Howrey files *on La Ruche's behalf* (because it is to Mr. Cauderlier's personal benefit for Howrey to do so), Howrey not only fails to remain neutral in a dispute between La Ruche's shareholders, but Howrey harms one of its *own clients*, *i.e.*, La Ruche, itself.

Undoubtedly, says Mr. Zambrana, Howrey's conflicted representation works to Mr. Zambrana's detriment in a significant way, because the corporation in which he undisputably owns an interest, La Ruche, is adversely affected by such representation. Can there be any doubt that there is a serious question as to Howrey's ability to act here as a zealous and effective advocate for each of its clients, especially La Ruche, Inc.? Howrey's unprofessional conduct, coupled with La Ruche's failure to assert all of its rights, could easily, if not likely, negatively affect the outcome of this case for Mr. Zambrana.

Howrey has violated a basic ethical tenet that should be observed by all lawyers and law firms. In *In re Banks*, 584 P.2d 284 (Ore.1978), a case relied upon by the Joint Parties themselves, in their Opposition to Mr. Zambrana's motion to disqualify [#31], it was plainly stated that, "The ethical consideration implies that if a corporate officer is represented by a corporate attorney at a time when no conflict exists as we believe was the fact in the present

case, and then a conflict arises between the officer and the corporation about the subject of the representation, the attorney is in an untenable position if he represents either one." Unlike that case, the conflict existed *ab initio* in the present case.

It was also pointed out by Mr. Zambrana, at pages 6 through 8 in his Reply to that Opposition [#32], that, while the Joint Parties quoted a block of language from *Banks*, they left out the concluding sentence of the passage. Tellingly, that sentence was, "It is our conclusion that the only ethical position for an attorney to adopt when substantially identical interests which he represented become divergent is to represent neither the individual nor the corporation."[1] It is hardly a stretch to extend that principle to include two corporate clients, especially when there is also an individual represented by the law firm as well. Howrey somehow failed to include that sentence in the Opposition it filed for the Joint Parties, and Howrey has somehow failed to abide by the principles stated therein.

Therefore, Mr. Zambrana contends that the Court should (1) amend Magistrate Judge Facciola's Memorandum Order dated October 6, 2006, as the Court deems appropriate, (2) grant Mr. Zambrana's Motion For Order Requiring Counsel to Withdraw, and (3) certify that any of the parties shall be entitled to an immediate interlocutory appeal of the Court's ruling, as amended, if they should so desire, so as to give the parties an opportunity for an interlocutory appeal.

On the matter of Mr. Zambrana's request that this matter be certified for an interlocutory appeal, he would just say that, if the parties are allowed to present this issue of law to the Court

---

[1] *Id.*, at 292.

of Appeals now for final resolution, neither party will be able to file an appeal on the basis of the outcome of this motion alone, at the end of the case.

>Respectfully submitted,
>
>KASS, MITEK & KASS, PLLC

Dated: November 7, 2006

>By: _____
>Jeffrey M. Hamberger (Bar No. 930362)
>1050 17th Street, N.W., #1100
>Washington, D.C. 20036
>(202) 659-6500
>jhamberger@kmklawyers.com
>Attorneys for Sergio Zambrana

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sergio Zambrana's Reply to Opposition of Joint Parties to His Motion for Amendment of Findings and for Additional Finding was filed electronically through the Court's ECF system, and were mailed, via first class mail, postage prepaid, and emailed, this _7_th day of November, 2006, to:

>Robert L. Green, Jr., Esquire
>James B. Boles, Esquire
>HOWREY, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>greenr@howrey.com
>bolesj@howrey.com

>_____
>Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Reply to Opposition to Motion to Amend Findings.wpd