IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.<br><br>  Plaintiff<br><br>  v.<br><br>SERGIO ZAMBRANA<br><br>  Defendant/Third-Party<br>  Plaintiff<br><br>  v.<br><br>JEAN CLAUDE CAUDERLIER and<br>LA RUCHE, INC.<br><br>  Third-Party Defendants | Civil Action No. 05-1653<br>(ESH/JMF) |

## OBJECTIONS TO MEMORANDUM ORDER DATED OCTOBER 6, 2006

Pursuant to Rule 72(a) of the Federal Rule of Civil Procedure, defendant and third-party plaintiff, Sergio Zambrana ("Zambrana"), hereby files the following objections to Magistrate Judge Facciola's Memorandum Order dated October 6, 2006 [#39], *nunc pro tunc*.

Mr. Zambrana contends that Magistrate Judge Facciola erred when he found that: (a) "It is not disputed that the night before the then-owners of the Georgetown restaurant now known as La Ruche was sold to its present owner[s], the defendant and third-party plaintiff, Sergio Zambrana, wrote a check for $25,000 payable to La Ruche," at page 1; (b) Mr. Zambrana "has discovered these funds were in fact used for the expenses CAI incurred in its purchase of the building," at page 2, to the extent such finding implies that the use of such funds was not known to all the parties when Mr. Zambrana first handed the $25,000 check to Mr. Cauderlier;

(c) "Zambrana cannot complain that Howrey has not been sufficiently zealous in the representation of its client; to the contrary, his complaint seems to be that they have been too zealous in representing Cauderlier;" at page 4; (d) "Obviously, CAI, Cauderlier and La Ruche can waive any potential conflict and, once they do, Howrey's representation of all of them will not violate any Rules of Professional Conduct, let alone constitute an egregious or obvious violation of any such rule;" at page 5; (e) "It rightly applies the standing obligation to the motion by the non-client, and the admittedly demanding burden it imposes is perfectly consistent with this Court's view of such motions, *i.e.*, that they are close to anathema;" at pages 5-6; and (f) "[Zambrana] cannot possibly claim that his right to a fair resolution of his claims will be affected by what law firm represents his opponents;" at page 6.

Mr. Zambrana's also requests that the Court find that (i) this case involves a controlling question of law as to which there is substantial ground for difference of opinion; (ii) an immediate appeal from the order may materially advance the ultimate termination of the litigation and (iii) this case is, therefore, eligible for an interlocutory appeal pursuant to 28 U.S.C.A. §1292.

In support of said Motion, Mr. Zambrana respectfully directs the Court to his Points and Authorities in Support of Motion for Amendment of Findings and for Additional Finding, filed herein on October 20, 2006.

WHEREFORE, Sergio Zambrana, prays that the Court (1) amend Magistrate Judge Facciola's Memorandum Order dated October 6, 2006, as the Court deems appropriate, (2) grant Mr. Zambrana's Motion For Order Requiring Counsel to Withdraw, and (3) certify that any of

the parties shall be entitled to an immediate interlocutory appeal of the Court's ruling, as amended, if they should so desire.

>Respectfully submitted,

>KASS, MITEK & KASS, PLLC

Dated: November 7, 2006

>By: _____
>Jeffrey M. Hamberger (Bar No. 930362)
>1050 17th Street, N.W., #1100
>Washington, D.C. 20036
>(202) 659-6500
>jhamberger@kmklawyers.com
>Attorneys for Sergio Zambrana

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Objections to Memorandum Order Dated October 6, 2006 was filed electronically through the Court's ECF system, and was emailed, this 7th day of November, 2006, to:

>Robert L. Green, Jr., Esquire
>James B. Boles, Esquire
>HOWREY, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>greenr@howrey.com
>bolesj@howrey.com

>_____
>Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Objections to Memorandum Order.wpd