IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 05-1653 (ESH/JMF) |
| SERGIO ZAMBRANA, | )<br>) |
| Defendant/Third-Party Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| JEAN CLAUDE CAUDERLIER | )<br>) |
| And | )<br>) |
| LA RUCHE, INC. | )<br>) |
| Third-Party Defendants | )<br>) |

**CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to hereinafter as the "Joint Parties") respectfully submit this Reply in Support of their Motion for Federal Rule of Civil Procedure 11 sanctions.

**DISCUSSION**

Counsel for Mr. Sergio Zambrana ("Counsel") has had every opportunity to identify the factual support for his concerns regarding the propriety of the Joint Parties' representation.[1] Yet

---

[1] *See* Mr. Zambrana's September 30, 2005 Reply Memorandum (at 13); his May 9, 2006 Motion for Order Requiring Counsel to Withdraw; his May 19, 2006 Reply to Joint Parties' Opposition to Mr. Zambrana's Motion for Order Requiring Counsel to Withdraw; and his August 1, 2006 Supplemental Brief Regarding His Standing to Raise Conflict of Interest of Opposing Counsel.

after months of briefing, Counsel has merely repeated his conviction that some or all of the Joint Parties – if not represented by Howrey LLP – would adopt his client's view of the case, bring lawsuits against one another, and spare Mr. Zambrana the "injury" of litigating his claims. Even if the Court were to disqualify Howrey, no one can reasonably suggest that the Joint Parties – with Mr. Cauderlier serving as the sole officer and uncontested majority stakeholder of the two corporations – would hire separate attorneys and direct them to initiate litigation against himself and the other Joint Parties. Counsel has correctly observed: "[A]s a practical matter, it would be Mr. Cauderlier who would be deciding whether to settle the case with Mr. Zambrana, and that Mr. Cauderlier would be speaking for the two corporations, as well."[2] Under the circumstances, Counsel could not allege facts that could support his argument that a conflict of interest exists between the Joint Parties – they simply could not have "adverse positions in the same matter."[3] Counsel failed to critically and objectively examine his "concern" that "Howrey never should have agreed to represent all the Joint Parties due to obvious conflicts" before filing his motion.[4]

Counsel fails to identify any legal support for his "concern." In his Corrected Opposition, Counsel states that "[t]he facts of this case justify Mr. Zambrana's concerns."[5] Counsel, however, continues to ignore the single fact central to the disqualification – Howrey has never represented Mr. Zambrana. Counsel's statement that he "believed that for the purposes of his Disqualification Motion, [a] single case should suffice" does not justify his motion because the

---

[2] *Id.* at 13 n.9.

[3] *See* Mr. Zambrana's Corrected Opposition of Motion of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier for Rule 11 Sanctions ("Corrected Opposition") at 13. Counsel's statement was an admission that D.C. Rule of Professional Conduct 1.7(a) was inapplicable – with unified direction of the Joint Parties from Mr. Cauderlier, Howrey would never "advance two or more adverse positions in the same matter."

[4] *Id.* at 2. Counsel's apparent inclination towards ignoring context also caused him to suggest that Howrey requested the motion for disqualification. *Id.* at 11. However, Counsel's absurdly literal take on a paraphrased statement has no relevance as to whether: (1) Counsel should have filed a disqualification motion without properly researching and evaluating its merits; or (2) Counsel was motivated by an improper purpose in making his filing.

[5] Corrected Opposition at 2.

single case he cites does not support disqualification.⁶ In his Motion, Counsel concedes that the case upon which he relies, "*Griva v. Davison*, 637 A.2d 830 (1993), involve[ed] a fact pattern that is inapposite here …."⁷ Despite the statement in the Joint Parties' Opposition that the disqualification motion was "unsupported by law" and was "neither warranted by existing law nor a nonfrivolous argument for the extension, modification, or reversal of existing law,"⁸ Counsel failed to cite a single case of support in his Reply.

Counsel for Mr. Zambrana received notice of the Joint Parties' Motion for Rule 11 Sanctions on May 19, 2006. Rather than withdrawing his motion within the 21-day safe harbor period, Counsel has persisted in pressing his legally and factually unsupported motion requiring Howrey's disqualification. Counsel's blind adherence to a position lacking any factual or legal support has delayed resolution of this case and needlessly increased the cost of litigation. Because this disqualification motion is without basis in law and is supported by assumptions rather than actual analysis, it is well within the discretion of this Court to sanction Counsel for Mr. Zambrana.⁹

---

⁶ *Id.* at 13.

⁷ May 9, 2006 Motion for Order Requiring Counsel to Withdraw at 10. As noted in the Joint Parties' Memorandum in Opposition to the Motion for Order Requiring Counsel to Withdraw (at 6 n.30), "*Griva* is factually inapposite. Howrey has never represented Mr. Zambrana and was retained after Mr. Zambrana had obtained counsel." Rule 1.7(a) is also clearly inapplicable. *See* Note 3, *supra*.

⁸ *Id.* at 3.

⁹ *See, e.g., Sherman Treaters Ltd. v. Ahlbrandt*, 115 F.R.D. 519, 526 (D.D.C. 1987) (Movant sanctioned for filing a motion without basis in law); *Weisman v. Rivlin*, 598 F. Supp. 724, 726-27 (D.D.C. 1984) (Counsel sanctioned for motion based on assumptions rather than analysis).

## **CONCLUSION**

For the foregoing reasons, this Court should sanction Counsel for Mr. Zambrana and require Counsel to pay the fees and costs incurred in responding to the disqualification motion.

Dated: November 20, 2006                             Respectfully submitted,

*/s/ Robert L. Green, Jr.*
Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc.,
Jean Claude Cauderlier, and La Ruche, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier Reply in Support of Motion for Rule 11 Sanctions was served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 20th day of November 2006, as indicated below, to:

>Benny L. Kass, Esq.
>Jeffrey M. Hamberger, Esq.
>KASS, MITEK & KASS, PLC
>1050 17th St., N.W. #1100
>Washington, D.C. 20036
>blkass@kmklawyers.com
>jhamberger@kmklawerys.com
>(202) 659-6500

_____
James B. Boles