IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 05-1653 (ESH/JMF)<br>SERGIO ZAMBRANA, )<br>)<br>Defendant/Third-Party )<br>Plaintiff )<br>)<br>v. )<br>)<br>JEAN CLAUDE CAUDERLIER )<br>)<br>And )<br>)<br>LA RUCHE, INC. )<br>)<br>Third-Party Defendants )<br>) | |

### MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC., LA RUCHE, INC., AND JEAN CLAUDE CAUDERLIER IN OPPOSITION TO OBJECTIONS TO MEMORANDUM ORDER DATED OCTOBER 6, 2006

Cauderlier & Associates, Inc. ("CAI"), La Ruche, Inc. ("La Ruche"), and Jean Claude Cauderlier ("Mr. Cauderlier") (collectively referred to hereinafter as the "Joint Parties") respectfully submit this memorandum in opposition[1] to Mr. Sergio Zambrana's Objections to Memorandum Order Dated October 6, 2006 ("Objections").[2]

---

[1] The Joint Parties note that they are filing this memorandum: (a) in the absence of an order granting leave for Mr. Zambrana to file objections out of time; (b) in advance of the pre-trial hearing currently scheduled for December 12, 2006; and (c) for procedural clarity.

[2] The observations the Joint Parties made in their October 31, 2006 Memorandum in Opposition to Sergio Zambrana's Motion for Amendment of Findings and for Additional Finding are hereby incorporated by this reference.

## **PROCEDURAL BACKGROUND**

On October 20, 2006, Mr. Zambrana filed, under Federal Rule of Civil Procedure 52, a motion to amend Judge Facciola's October 6, 2006 Memorandum Order ("Motion to Amend"). Mr. Zambrana also sought 28 U.S.C. § 1292(b) certification of Judge Facciola's Order to the District of Columbia Circuit. On October 31, 2006, the Joint Parties filed: (1) a Memorandum in Opposition to Sergio's Zambrana's Motion for Amendment of Findings and for Additional Finding ("Joint Opposition"); and (2) a Motion for Rule 11 Sanctions. On November 7, 2006, Mr. Zambrana filed his Objections and his Reply to Opposition of Joint Parties to his Motion for Amendment of Findings and for Additional Finding ("Amendment Reply").

## **DISCUSSION**

Mr. Zambrana filed his Motion to Amend pursuant to Rule 52. However, Rule 52 is facially inapplicable. As acknowledged by Mr. Zambrana, his Motion to Amend "should have cited Fed. R. Civ. P. 72(a), rather than Fed. R. Civ. P. 52." Amendment Reply at 1. Mr. Zambrana has since filed Objections, which he "asks the Court to accept, *nunc pro tunc*, as a replacement for" his Motion to Amend.

Federal Rule of Civil Procedure 72(a) states that "a party may not [more than 10 days after being served with the magistrate judge's order] assign as error a defect in the magistrate judge's order to which objection was not timely made." Mr. Zambrana's Objections were filed thirty-two days after Mr. Zambrana was electronically served the Memorandum Order. The Objections are therefore untimely and should be rejected.

Should the Court decide to consider any objections to Judge Facciola's Memorandum Order *nunc pro tunc*, that consideration should be limited to those noted in Mr. Zambrana's timely – albeit improperly submitted – Motion to Amend. In that Motion, Mr. Zambrana stated that Judge Facciola "misapprehended" some of Mr. Zambrana's arguments (Mot. to Amend, Points and Authorities at 2) and made the following "objections":

1. "Mr. Zambrana gave the $25,000 check ... the night before the *sale of the building* ... *not* the night before the restaurant was sold...." *Id.*

2.     "The Court then states ... 'Zambrana ... discovered these funds were in fact used for the expenses CAI incurred in purchasing the building,' as if the fact that the funds were used for the down payment was not 'discovered' by Mr. Zambrana until some time later." *Id.*

3.     "Mr. Zambrana wishes bring [*sic.*] to the Court's attention that the Court's ironically phrased assertion, that 'Zambrana cannot complain that Howrey has not been sufficiently zealous in the representation of its client; to the contrary, his complaint seems to be that they have been too zealous in representing Cauderlier,' seems to miss the point of Mr. Zambrana's motion seeking Howrey's disqualification." *Id.* at 4.

4.     "Mr. Zambrana respectfully requests that the Court reconsider the potential harm Mr. Zambrana stands to sustain if La Ruche, at the least, is not required to obtain counsel independent of Howrey's other two clients ...." *Id.* at 6.

The Joint Parties note that none of these objections change the fundamental fact that Howrey has never represented Mr. Zambrana – the factual lynchpin of Judge Facciola's Order (*see* Memorandum Order at 4) and the primary reason why Mr. Zambrana's disqualification motion failed.

Considering Rule 72(a) and the goal of judicial efficiency, only those "objections" should be subject to any *nunc pro tunc* consideration from this Court. In light of Judge Facciola's clear, unequivocal, and appropriate rejection of Mr. Zambrana's disqualification demands, there is no reason to allow Mr. Zambrana multiple and untimely bites at the Rule 72(a) "apple."

However, even if the Court decided to consider Mr. Zambrana's expanded Objections *nunc pro tunc*, then all of them[3] should be rejected as being either irrelevant to the merits or inconsistent with applicable precedent:

1.     Judge Facciola's statement that Mr. Zambrana "discovered" that the check funds were used for CAI's expenses is a mere acknowledgement of Mr. Zambrana's allegations. This

---

[3] The Joint Parties have already noted that Mr. Zambrana's check writing occurred before the sale of the *building* and that this difference has no impact on the merits of Judge Facciola's holding. Joint Opposition at 2-3.

statement neither suggests that his allegations are proven facts[4], nor lends any support to Mr. Zambrana's arguments that there is a conflict of interest between the Joint Parties. The Joint Parties' "substantially identical interests" have not "become divergent"[5] merely because Mr. Zambrana has made some ugly allegations wholly lacking in merit.

2.	Judge Facciola's statements that "Zambrana cannot complain that Howrey has not been sufficiently zealous in the representation of its client; to the contrary, his complaint seems to be that they have been too zealous in representing Cauderlier" and that the Joint Parties "can waive any potential conflict and, once they do, Howrey's representation ... will not violate any Rules ... let alone constitute an egregious or obvious violation" are acknowledgments that Mr. Zambrana failed to overcome the fact that "disqualification is warranted only rarely in cases where there is [no] serious question as to counsel's ability to act as a zealous and effective advocate for the client .... [e]xcept in cases of truly egregious misconduct ...." Memorandum Order at 3.[6] Judge Facciola made those statements not because he "miss[ed] the point of Mr. Zambrana's motion" (Motion to Amend at 4), but because he concluded that the motion clearly did not meet the D.C. Circuit's standards.

3.	Judge Facciola's statements that "[Colyer] rightly applies the standing obligation to the motion by the non-client" and that Zambrana "cannot possibly claim that his right to a fair resolution of his claims will be affected by what law firm represents his opponents" are straightforward applications of *Colyer v. Smith,* 50 F. Supp. 2d 966 (C.D. Cal. 1999), and this Court's well-established precedent treating disqualification motions with "strong disfavor."[7] That precedent indeed establishes that disqualification motions from non-clients – like Mr. Zambrana

---

[4] The timing of Mr. Zambrana's "discover[y]" regarding the $25,000 check is a point of contention between the Joint Parties and Mr. Zambrana if only due to the fact that the Joint Parties have consistently denied that the check purchased interest in either CAI or the property. *See, e.g.,* La Ruche's Answer to Third-Party Complaint at 3-5.

[5] *In re Banks,* 584 P.2d 284, 292 (Ore. 1978).

[6] Quoting *Koller v. Richardson-Merrell Inc.,* 737 F.2d 1038, 1056 (D.C. Cir. 1984).

[7] *E.g., Klayman & Gurley, P.C. v. Scott,* 1989 U.S. Dist. LEXIS 13638 at *3 (D.D.C. Nov. 15, 1989).

– "are close to anathema." Memorandum Order at 6. Mr. Zambrana cannot claim injury supporting standing merely because he must pursue his claims without legal assistance from those he has sued. *Id.*

Finally, the Joint Parties maintain that Mr. Zambrana's misguided request for 28 U.S.C. § 1292(b) certification should be denied. As noted in the Joint Parties' prior filing, the Court has not referred this litigation to Judge Facciola for all purposes. *See* Joint Opposition at 3-4. Mr. Zambrana has not identified any "controlling question of law as to which there is substantial ground for difference of opinion" or explain how "an immediate appeal from the order [would] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## CONCLUSION

For the reasons set forth above, Sergio Zambrana's Objections to Memorandum Order Dated October 6, 2006 should be overruled.

Dated: December 1, 2006

Respectfully submitted,

Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Memorandum of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier in Opposition to Objections to Memorandum Order Dated October 6, 2006 and Exhibit A were served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 1st day of December 2006, as indicated below, to:

Benny L. Kass, Esq.
Jeffrey M. Hamberger, Esq.
KASS, MITEK & KASS, PLC
1050 17th St., N.W. #1100
Washington, D.C. 20036
blkass@kmklawyers.com
jhamberger@kmklawerys.com
(202) 659-6500

_____
James B. Boles

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SERGIO ZAMBRANA, )<br>)<br>Defendant/Third-Party )<br>Plaintiff )<br>)<br>v. )<br>)<br>JEAN CLAUDE CAUDERLIER )<br>)<br>And )<br>)<br>LA RUCHE, INC. )<br>)<br>Third-Party Defendants )<br>) | Civil Action No. 05-1653 (ESH/JMF) |

## ORDER

Upon consideration of objections to the Magistrate Judge's October 6, 2006 Order, it is hereby **ORDERED and ADJUDGED** this ____ day of _____, 2006, that Mr. Zambrana's objections are hereby **OVERRULED** and the October 6, 2006 Order is **ACCEPTED**; and

**SO ORDERED**.

_____
Ellen S. Huvelle
United States District Court Judge