UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC.,<br>            Plaintiff,<br><br>       v.<br><br>SERGIO ZAMBRANA,<br>            Defendant/Third-Party<br>            Plaintiff,<br><br>       v.<br><br>JEAN CLAUDE CAUDERLIER and<br>LA RUCHE, INC.,<br>            Third-Party Defendants. | Civil Action No. 05-1653 (ESH/JMF) |

**MEMORANDUM OPINION AND ORDER**

Before me are Defendant and Third-Party Plaintiff Sergio Zambrana's <u>Motion for Amendment of Findings and for Additional Finding</u> [#40] ("Motion for Amendment") and <u>Motion of Cauderlier & Associates, Inc., La Ruche Inc., and Jean Claude Cauderlier for Rule 11 Sanctions</u> [#42] ("Motion for Sanctions"). For the reasons discussed below, the Motion for Amendment will be granted in part and denied in part, and the Motion for Sanctions will be denied.

I.   **Motion for Amendment**

In my Memorandum Opinion that accompanied my order denying Zambrana's <u>Motion for Order Requiring Counsel to Withdraw</u>, I stated, "[i]t is not disputed that the night before the then-owners of the Georgetown restaurant now known as La Ruche was sold to its present owner[s], the defendant and third-party plaintiff, Sergio Zambrana, wrote a check payable to La

Ruche." Cauderlier & Assoc., Inc. v. Zambrana, No. CIV 05-1653, 2006 WL 3445493 at *1 (D.D.C. Oct. 20, 2006). The parties are agreed that that particular statement is incorrect. I should have said that Zambrana gave the check to J.C. Cauderlier the night before the sale to the present owners of the *building where the restaurant is located*.

While I stand corrected on that point, the correction has absolutely nothing to do with my ultimate conclusion that the motion to disqualify had to be denied. I so concluded because (1) disqualification in this Circuit is permitted upon a high showing that Zambrana could not possibly meet, and (2) in any event, Zamabrana lacked standing to seek the disqualification of Howrey because he has never been represented by Howrey and he could not possibly show that his right to a fair and just determination of his claims could be affected by who represented his opponent. Whether the check was in partial payment for the sale of the *building* where the restaurant is located as opposed to the *restaurant* itself has nothing to do with Zambrana's failure to meet the high standards for disqualifying opposing counsel.

## II.     Motion for Sanctions

The plaintiff and third-party defendants (the "Joint Parties") seek sanctions under Rule 11 of the Federal Rules of Civil Procedure for Zambrana's moving to disqualify Howrey. Specifically, the Joint Parties argue for sanctions because (1) Zambrana's motion for disqualification was not warranted by law and advanced frivolous arguments, and (2) Zambrana's motion was filed for an improper purpose. Memorandum of Cauderlier & Associates, Inc., La Ruche, Inc., and Jean Claude Cauderlier for Rule 11 Sanctions at 2.

Rule 11 sanctions are harsh punishment intended for those who frustrate judicial proceedings. Taylor v. Blakey, No. CIV 03-173, 2006 WL 279103 (D.D.C. Feb. 6, 2006); Trout

v. Garret, 780 F. Supp. 1396, 1428 (D.D.C. 1991).  Claiming an interest as a minority shareholder in La Ruch, Zambrana based his motion to disqualify on an alleged violation by Howrey of Rule 1.7 of the Rules of Professional Conduct.  Sergio Zambrana's Opposition of Motion of Caudelier & Associates, Inc., La Ruch, Inc., and Jean Claude Cauderlier for Rule 11 Sanctions at 11.  Though I found Zambrana's motion entirely unpersuasive, I do not find that the arguments in support of Zambrana's motion were so lacking in legal support as to warrant sanctions.  See Alexander v. Fed. Bureau of Investigation, Nos. CIV 96-2123, 97-2188, 1998 WL 1049007  (D.D.C. Dec. 7, 1998) (denying motion for judgment on the pleadings where argument clearly premature, but not finding motion so frivolous as to warrant sanctions).  Nor do I find evidence that Zambrana intentionally sought to obstruct trial preparation or to increase litigation costs by filing his disqualification motion.  See Butler v. Potomac Elec. Power Co., No. Civ. 03-0946, 2004 WL 4972367 (D.D.C. Aug. 25, 2004).  The Motion for Sanctions is denied.

Finally, Zambrana also asks me to find that this case is eligible for an interlocutory appeal under 28 U.S.C. § 1292.[1]  As I explained to his counsel at the recent status conference, he must first ask Judge Huvelle to reverse my determination and, if she refuses, seek her permission to take an interlocutory appeal.  That request is now pending before Judge Huvelle.  See Objections to Memorandum Order Dated October 6, 2006 at 2-3.

## CONCLUSION

For the previously mentioned reasons, it is hereby **ORDERED** that Defendant and Third-Party Plaintiff's Motion for Amendment of Findings and for Additional Finding [#40] is

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw and Lexis.

**GRANTED IN PART** and **DENIED IN PART**, and it is further **ORDERED** that <u>Motion of Cauderlier & Associates, Inc., La Ruche Inc., and Jean Claude Cauderlier for Rule 11 Sanctions</u> [#42] is **DENIED**.

 So ORDERED.

                   _____
                   JOHN M. FACCIOLA
                   UNITED STATES MAGISTRATE JUDGE

Date: