## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAUDERLIER & ASSOCIATES, INC.

      Plaintiff

    v.

SERGIO ZAMBRANA

      Defendant/Third-Party
      Plaintiff

    v.

JEAN CLAUDE CAUDERLIER and
LA RUCHE, INC.

      Third-Party Defendants

Civil Action No. 05-1653
Judge Ellen Segal Huvelle
(ESH)

## MOTION IN LIMINE FOR ACCOUNTING BY COURT-APPOINTED ACCOUNTANT OR AN AUDITOR-MASTER

Pursuant to Rule 7 of the Federal Rules of Civil Procedure, defendant/counter-plaintiff/third-party plaintiff, Sergio Zambrana ("Mr. Zambrana"), by and through counsel, hereby moves this Court for an order appointing an accountant or auditor-master to perform an accounting, or accountings, as the case may be, of the financial and other business transactions of (a) plaintiff/counter-defendant, Cauderlier & Associates, Inc. ("CAI"), (b) third-party defendants, Jean Claude Cauderlier ("Mr. Cauderlier"), and (c) third-party defendant, La Ruche, Inc ("La Ruche"), collectively referred to as the "Joint Parties."

In support thereof, Mr. Zambrana respectfully refers this Court to the attached Memorandum of Points and Authorities in Support of said Motion.

Counsel for Mr. Zambrana discussed the motion with, and sought consent to this motion from, counsel for the Joint Parties, pursuant to LCvR 7(m), but said opposing counsel declined to consent.

WHEREFORE, defendant, Sergio Zambrana, prays that the Court grant Mr. Zambrana's motion, and (1) appoint an accountant or auditor-master for the purpose of conducting an accounting, or accountings, of the financial and other business transactions of each of the Joint Parties, those being, Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc.; (b) order the Joint Parties to produce each and every document requested by the court-appointed accountant or auditor-master; (c) order the Joint Parties, jointly and severally, to pay the costs and expenses related to such accounting or accountings; and (d) order each of the Joint Parties to submit to such accounting(s) forthwith, as follows:

I.      Plaintiff/counter-defendant, Cauderlier & Associates, Inc. shall account to the Court for:

      (a)    All the monies CAI has received from Mr. Zambrana;

      (b)    All the monies CAI has received from LaRuche, Inc.

      (c)    All the monies that have been paid for stock in CAI, giving the name of each shareholder, the amount of monies paid, the date of payment, the number of shares owned, the date of issuance of said stock, the date of sale of any such stock; and the current percentage ownership of each shareholder;

      (d)    All monies and other assets received by CAI, from the date of its inception to the present, including the amount of each payment or receipt, from

2

whom received, the date of payment, into what accounts (or otherwise form of investment) the monies were placed, and the purpose of each such payment or receipt.

(e)     All monies and other assets paid out by CAI, from the date of its inception to the present, including the amount of each payment, from whom received, the date of payment, from which accounts (or otherwise form of investment) were the monies taken, and the purpose of each such payment.

II.     Third-party defendant, Jean Claude Cauderlier, shall to account to the Court for:

(a)     All monies La Ruche has received from Mr. Zambrana;

(b)     All monies CAI has received from or through Mr. Zambrana;

(c)     All monies La Ruche has received from CAI;

(d)      All  monies CAI has received from LaRuche, Inc.;

(e)     All monies paid to or on behalf of J. Cauderlier by La Ruche;

(f)     All monies paid to or on behalf of  J. Cauderlier by CAI;

(g)     All monies La Ruche has received from J. Cauderlier;

(h)     All monies CAI has received from J. Cauderlier;

(i)     All monies or other assets that J. Cauderlier has paid for stock in La Ruche, giving the amount of monies paid, the date of payment, the number of shares owned by J. Cauderlier, the date(s) of issuance of each share of stock, the date of sale of any such stock by J. Cauderlier; and the current percentage ownership of each shareholder in LaRuche;

3

(j)     All monies or other assets that J. Cauderlier has paid for stock in CAI,
        giving the amount of monies paid, the date of payment, the certificate
        number(s) and number of shares owned by J. Cauderlier, the date(s) of
        issuance of each share of stock, the date of sale of any such stock by J.
        Cauderlier; and the current percentage ownership of each shareholder in
        CAI;

(k)     All monies and other assets received by J. Cauderlier from La Ruche, from
        the date of LaRuche's inception to the present, including the amounts
        described in subsection II. (e), showing the amount of each payment or
        receipt, from whom received, the date of payment, into what accounts (or
        other form of investment) the monies were placed, and the purpose of each
        such payment or receipt;

(l)     All monies and other assets received by J. Cauderlier from CAI, from the
        date of CAI's inception to the present, including the amounts described in
        subsection II. (f), showing the amount of each payment or receipt, from
        whom received, the date of payment, into what accounts (or other form of
        investment) the monies were placed, and the purpose of each such
        payment or receipt;

(m)     All monies and other assets paid out by J. Cauderlier to or on behalf of La
        Ruche, from the date of LaRuche's inception to the present, including the
        amounts described in subsection II. (g), showing the amount of each
        payment, from whom received, the date of payment, from which accounts

4

(or other form of investment) were the monies taken, and the purpose of each such payment;

(n)    All monies and other assets paid out by J. Cauderlier to or on behalf of CAI, from the date of CAI's inception to the present, including the amounts described in subsection II. (h), showing the amount of each payment, from whom received, the date of payment, from which accounts (or other form of investment) were the monies taken, and the purpose of each such payment.

III.   Third-party defendant, La Ruche, Inc., shall to account to the Court for:

(a)    All monies La Ruche has received from Mr. Zambrana;

(b)    All monies La Ruche has received from CAI;

(c)     All  monies La Ruche has paid to CAI ;

(d)    All monies La Ruche has paid to J. Cauderlier;

(e)    All monies La Ruche has received from J. Cauderlier;

(f)    All monies that have been paid for stock in La Ruche, giving the name of each shareholder, the amount of monies paid, the date of payment, the number of shares owned, the date(s) of issuance of each share of stock, the date of sale of any such stock; and the current percentage ownership of each shareholder;

(g)    All monies and other assets received by La Ruche, from the date of its inception to the present, including the amounts described in subsections III. (a), (b), (e), and (f), showing the amount of each payment or receipt,

5

from whom received, the date of payment, into what accounts (or other form of investment) the monies were placed, and the purpose of each such payment or receipt;

(h)   All monies and other assets paid out by La Ruche, from the date of its inception to the present, including the amounts described in subsections III. (c), and (d), showing the amount of each payment, from whom received, the date of payment, from which accounts (or other form of investment) were the monies taken, and the purpose of each such payment.

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: March 14, 2007          By: _____

Benny L. Kass  (D.C. Bar No. #025155)
Jeffrey M. Hamberger (D.C. Bar No. 930362)
1050 17th Street, N.W., #1100
Washington, D.C.  20036
(202) 659-6500
Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff, Sergio Zambrana

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion in Limine for Accounting by

Court-Appointed Accountant or an Auditor-Master, and accompanying Points and Authorities,

were filed electronically through the Court's ECF system, and emailed, this ___th day of March,

2007, to:

> Robert L. Green, Jr., Esquire
> James B. Boles, Esquire
> HOWREY, LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> greenr@howrey.com
> bolesj@howrey.com

> Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\Motion in Limine for Accounting.wpd

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CAUDERLIER & ASSOCIATES, INC.**

      **Plaintiff**

      **v.**

**SERGIO ZAMBRANA**

      **Defendant/Third-Party**
      **Plaintiff**

      **v.**

**JEAN CLAUDE CAUDERLIER and**
**LA RUCHE, INC.**

      **Third-Party Defendants**

**Civil Action No. 05-1653**
**Judge Ellen Segal Huvelle**
**(ESH)**

## POINTS & AUTHORITIES IN SUPPORT OF MOTION IN LIMINE
## FOR ACCOUNTING BY COURT-APPOINTED ACCOUNTANT
## OR AN AUDITOR-MASTER

Defendant/counter-plaintiff/third-party plaintiff, Sergio Zambrana ("Mr. Zambrana"), by and through counsel, hereby respectfully offers the following points and authorities in support of his Motion in Limine for Accounting by Court-Appointed Accountant or an Auditor-Master, pursuant to Rule 7 of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Mr. Zambrana brings this motion for the purposes of (i) judicial economy and (ii) moving this case forward in a manner most conducive to allowing the trial court to ascertain the nature of the relationships between Mr. Zambrana and the Joint Parties, and the relationships among the Joint Parties themselves, including sorting out their respective financial and property holdings,

without the need for extraneous submissions at trial. If this Court were to appoint an accountant or auditor-master to perform an accounting, or accountings, as the case may be, *prior to trial*, then the Court during the trial could restrict itself to determining the various parties' entitlements, sought in their respective pleadings. The Court would already have the extensive, sometimes contradictory, financial transactional information in hand, in the form of a formal accounting, rather than having the information adduced at trial.

The parties have exchanged over a thousand pages of documents, and possibly several hundred of these will be proffered as evidence by one or more of the parties. It is simply not practical (or desirable) to have the parties present all the bank statements, corporate business records, cancelled checks, stock ledgers, tax returns, and the like, during trial. The Court and the parties will benefit greatly from a detailed report from the accountant/auditor-master, upon which all parties could rely. Such an approach by the Court at this juncture will obviate the need for the parties to bring reams of documents to the courthouse.

## II. THE RELIEF SOUGHT BY THE PARTIES

A review of the Complaint, the Counterclaim, and the Third-Party Complaint confirms the need for a proper allocation of funds and other assets by and between the Joint Parties, and between the Joint Parties and Mr. Zambrana. In the Complaint, CAI requests a declaratory judgment that Mr. Cauderlier is the sole shareholder and has 100 percent ownership of CAI and that Mr. Zambrana has no ownership interest in CAI.

In his Counterclaim against CAI, Mr. Zambrana seeks: an *accounting* of CAI's assets, a judicial determination of Mr. Zambrana's ownership share in the assets of CAI, and a monetary award.

2

In his Third-Party Complaint against Mr. Cauderlier and CAI, Mr. Zambrana seeks,

among other relief, *accountings* by La Ruche and by Mr. Cauderlier, a judicial determination of

Mr. Zambrana's ownership share in the assets of CAI and LaRuche, and monetary awards.

## III. ARGUMENT

Mr. Zambrana asserts that he has exhibited, with his previously submitted Affidavit[1] and

dozens of copies of checks and tax returns from the Joint Parties, that this case cannot be fully

resolved without the Joint Parties accounting for their respective financial dealings. The Joint

Parties have offered no affidavits or documentary evidence to contradict the facts alleged in Mr.

Zambrana's Affidavit, nor have the Joint Parties explained away the reasonable inferences Mr.

Zambrana has drawn from the documents he has already presented to the Court in other

pleadings.

Mr. Zambrana is an acknowledged shareholder in La Ruche and a putative shareholder in

CAI, and he has provided the Court with unrefuted evidence of his giving a $25,000 to La Ruche

restaurant, at Mr. Cauderlier's direction, the night before CAI ostensibly purchased the building

that houses La Ruche's restaurant. Mr. Zambrana has also shown, *inter alia*, by way of his

Affidavit and the many checks and tax returns previously submitted herein, that over $92,000

was paid out of La Ruche's account, for CAI's benefit, following the creation of CAI.

---

[1] Mr. Zambrana's Affidavit has been attached to many previous filings herein, including the first pleading Mr. Zambrana filed. If the Court requires another copy of the Affidavit, counsel for Mr. Zambrana will immediately provide the same upon request.

On the other hand, the Joint Parties have made no effort to demonstrate that any of said monies have been paid back,[2] nor have they offered a promissory note or any other explanation for these unexplained expenditures by one company on behalf of another.

Mr. Zambrana says his day-before-settlement payment of $25,000 proves his partial ownership in CAI and/or the building CAI purchased; the Joint Parties contend the funds were used only to pay for Mr. Zambrana's share of stock in La Ruche. An accounting by the Joint Parties will clarify how Mr. Zambrana's monies were actually apportioned and used by the Joint Parties.

Finally, there are documents produced by the Joint Parties tending to show that Mr. Cauderlier allowed checks to be written to himself from the La Ruche account, for expenses appearing to be personal to Mr. Cauderlier, rather than business expenses, without a showing of repayment of same by Mr. Cauderlier.

Mr. Zambrana asserts that he has made a *prima facie* case for his entitlement to accountings from the Joint Parties, which equitable relief he requested in his Counterclaim and Third-Party Complaint, to provide a fair and accurate reckoning of the disputed monies and ownership interests among the parties.

The sheer volume of papers required to sort out the dollars attributable to each transaction among the Joint Parties (over the past six (6) years, at the least) would overwhelm any trial court.

---

[2] Mr. Zambrana is attaching hereto copies of certain CAI bank statements from 2002 and 2003, which are the only such bank statements now in his position. A review of those statements reveals that no monies were paid to La Ruche during those periods. Counsel for Mr. Zambrana is discussing with counsel for Joint Parties whether Mr. Zambrana will be able to obtain the other bank statements, as well as other documents in dispute, which counsel for the Joint Parties says have been made available to Mr. Zambrana, and which Mr. Zambrana's counsel contends were not copied and provided to Mr. Zambrana, as duly requested.

4

Even if the parties were to proceed to trial without a pre-trial accounting having been conducted, the trial court would likely find it advisable, as a preliminary decision, to require the Joint Parties to submit to accountings of their respective assets and financial transactions. Therefore, the Court should order such an accounting or accountings now, so as to avoid unnecessary confusion, delay, and time expense at trial.

Additionally, since the apparent improprieties with corporate monies result solely from the acts of one or more of the Joint Parties, the Joint Parties should be required to bear the full cost and expense of the court-ordered accounting or accountings, with an apportionment among them to be approved by the Court, after written submissions.

## IV. CONCLUSION

Not only will there be judicial economy in having the monies sorted out prior to trial, thereby alleviating the need for the Court or the Magistrate Judge to sift through several hundreds of pages of bank statements, invoices, checks, tax returns, *et cetera*, but the court-appointed accountant or auditor will be able to ascertain, and have produced for him or her, the precise documents that he or she requires in order to perform competently the indispensable accounting(s).

5

Respectfully submitted,

KASS, MITEK & KASS, PLLC

Dated: March 14, 2007

By: _____

Benny L. Kass  (D.C. Bar No. #025155)
Jeffrey M. Hamberger (D.C. Bar No. 930362)
1050 17th Street, N.W., #1100
Washington, D.C.  20036
(202) 659-6500
Attorneys for Defendant/Counter-Plaintiff/Third-
Party Plaintiff, Sergio Zambrana

## REQUEST FOR HEARING

Defendant and third-party plaintiff, Sergio Zambrana, hereby requests that the Court hear

oral argument on this motion, either at the status hearing scheduled for April 2, 2007, at 9:45

a.m., or at some other time designated by the Court.

_____
Jeffrey M. Hamberger

F:\WP_FILES\CLIENTS\04300.101\P&A in Support of Mot. in Limine.wpd

6