IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.**<br><br>     Plaintiff<br><br>     v.<br><br>**SERGIO ZAMBRANA**<br><br>     Defendant/Third-Party<br>     Plaintiff<br><br>     v.<br><br>**JEAN CLAUDE CAUDERLIER and<br>LA RUCHE, INC.**<br><br>     Third-Party Defendants | Civil Action No. 05-1653 (ESH/JMF)<br>Judge Ellen Segal Huvelle<br>            (ESH) |

## ORDER

Upon consideration of Motion in Limine for Accounting by Court-Appointed Accountant or an Auditor-Master filed by defendant/counter-plaintiff/third-party plaintiff, Sergio Zambrana, and the Opposition(s) filed thereto, it is this ____ day of _____, 2007, hereby

ORDERED that _____ shall be appointed to conduct an accounting, or accountings, as the case may be, of the financial and other business transactions of plaintiff, Cauderlier & Associates, Inc., and of third-party defendants, Jean Claude Cauderlier, and La Ruche, Inc.;

ORDERED that Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc., shall produce each and every document requested by said _____ ;

ORDERED that Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc., jointly and severally, shall pay the costs and expenses related to such accounting or accountings, with an apportionment among them to be approved by the Court, after written submissions; and

ORDERED that Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc., shall submit to such accounting(s) forthwith, as follows:

1. Plaintiff/counter-defendant, Cauderlier & Associates, Inc. shall account to the Court for:

   (a) All the monies CAI has received from Mr. Zambrana;

   (b) All the monies CAI has received from LaRuche, Inc.

   (c) All the monies that have been paid for stock in CAI, giving the name of each shareholder, the amount of monies paid, the date of payment, the number of shares owned, the date of issuance of said stock, the date of sale of any such stock; and the current percentage ownership of each shareholder;

   (d) All monies and other assets received by CAI, from the date of its inception to the present, including the amount of each payment or receipt, from whom received, the date of payment, into what accounts (or otherwise form of investment) the monies were placed, and the purpose of each such payment or receipt.

   (e) All monies and other assets paid out by CAI, from the date of its inception to the present, including the amount of each payment, from whom received, the date of payment, from which accounts (or otherwise form of

      investment) were the monies taken, and the purpose of each such payment.

2. Third-party defendant, Jean Claude Cauderlier, shall to account to the Court for:

   (a) All monies La Ruche has received from Mr. Zambrana;

   (b) All monies CAI has received from or through Mr. Zambrana;

   (c) All monies La Ruche has received from CAI;

   (d) All monies CAI has received from LaRuche, Inc.;

   (e) All monies paid to or on behalf of J. Cauderlier by La Ruche;

   (f) All monies paid to or on behalf of J. Cauderlier by CAI;

   (g) All monies La Ruche has received from J. Cauderlier;

   (h) All monies CAI has received from J. Cauderlier;

   (i) All monies or other assets that J. Cauderlier has paid for stock in La Ruche, giving the amount of monies paid, the date of payment, the number of shares owned by J. Cauderlier, the date(s) of issuance of each share of stock, the date of sale of any such stock by J. Cauderlier; and the current percentage ownership of each shareholder in LaRuche;

   (j) All monies or other assets that J. Cauderlier has paid for stock in CAI, giving the amount of monies paid, the date of payment, the certificate number(s) and number of shares owned by J. Cauderlier, the date(s) of issuance of each share of stock, the date of sale of any such stock by J. Cauderlier; and the current percentage ownership of each shareholder in CAI;

   (k) All monies and other assets received by J. Cauderlier from La Ruche,

from the date of LaRuche's inception to the present, including the amounts described in subsection 2.(e), showing the amount of each payment or receipt, from whom received, the date of payment, into what accounts (or other form of investment) the monies were placed, and the purpose of each such payment or receipt;

(l) All monies and other assets received by J. Cauderlier from CAI, from the date of CAI's inception to the present, including the amounts described in subsection 2.(f), showing the amount of each payment or receipt, from whom received, the date of payment, into what accounts (or other form of investment) the monies were placed, and the purpose of each such payment or receipt;

(m) All monies and other assets paid out by J. Cauderlier to or on behalf of La Ruche, from the date of LaRuche's inception to the present, including the amounts described in subsection 2.(g), showing the amount of each payment, from whom received, the date of payment, from which accounts (or other form of investment) were the monies taken, and the purpose of each such payment;

(n) All monies and other assets paid out by J. Cauderlier to or on behalf of CAI, from the date of CAI's inception to the present, including the amounts described in subsection 2.(h), showing the amount of each payment, from whom received, the date of payment, from which accounts (or other form of investment) were the monies taken, and the purpose of each such payment.

3. Third-party defendant, La Ruche, Inc., shall to account to the Court for:

(a) All monies La Ruche has received from Mr. Zambrana;

(b) All monies La Ruche has received from CAI;

(c) All monies La Ruche has paid to CAI ;

(d) All monies La Ruche has paid to J. Cauderlier;

(e) All monies La Ruche has received from J. Cauderlier;

(f) All monies that have been paid for stock in La Ruche, giving the name of each shareholder, the amount of monies paid, the date of payment, the number of shares owned, the date(s) of issuance of each share of stock, the date of sale of any such stock; and the current percentage ownership of each shareholder;

(g) All monies and other assets received by La Ruche, from the date of its inception to the present, including the amounts described in subsections 3.(a), (b), (e), and (f), showing the amount of each payment or receipt, from whom received, the date of payment, into what accounts (or other form of investment) the monies were placed, and the purpose of each such payment or receipt;

(h) All monies and other assets paid out by La Ruche, from the date of its inception to the present, including the amounts described in subsections 3.(c), and (d), showing the amount of each payment, from whom received, the date of payment, from which accounts (or other form of investment) were the monies taken, and the purpose of each such payment.

                                                                               _____
                                                                                Judge Ellen Segal Huvelle

COPIES TO:

Robert L. Green, Jr., Esquire
James B. Boles, Esquire
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
greenr@howrey.com
clements@howrey.com

Benny L. Kass, Esquire
Jeffrey M. Hamberger, Esquire
1050 17th Street, N.W., #1100
Washington, D.C.  20036
blkass@kmklawyers.com
jhamberger@kmklawyers.com


F:\WP_FILES\CLIENTS\04300.101\Order Granting Motion in Limine.for court.wpd