IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 05-1653 (JMF) |
| SERGIO ZAMBRANA, | )<br>)<br>) |
| Defendant/Third-Party Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| JEAN CLAUDE CAUDERLIER | )<br>)<br>) |
| and | )<br>)<br>) |
| LA RUCHE, INC. | )<br>)<br>) |
| Third-Party Defendants | )<br>) |

## SUPPLEMENTAL MEMORANDUM OF CAUDERLIER & ASSOCIATES, INC. REGARDING THE DEFENDANT'S RESPONSE TO THE SHOW CAUSE ORDER

Cauderlier & Associates, Inc. ("CAI") respectfully submits this supplemental memorandum regarding the Sergio Zambrana response to the Court's February 6, 2008 Show Cause Order.

In his response, Mr. Zambrana concedes that the appropriate resolution of his unjust enrichment claim is return of the funds plus interest at 6 percent. Mr. Zambrana's unjust enrichment claim was brought as a counterclaim. As a result, he has the burden of proof and, in opposition to summary judgment, must establish that there is a genuine issue of material fact. *See Hazward v. Runyon,* 14 F. Supp. 2d 120, 122 (D.D.C. 1998) ("Rule 56 also mandates summary judgment if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial"); *AMTRAK v. Expresstrak,*

*L.L.C.,* 2006 U.S. Dist. LEXIS 74923 at *45-*46 (D.D.C. Oct. 16, 2006) (Court rules in favor of plaintiff on summary judgment because defendant "cannot satisfy the first element of a prima facie case of its ... [counter]claim – that the plaintiff's [action] was unlawful"). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986); *Holcomb v. Powell*, 433 F.2d 889, 895 (D.C. Cir. 2006).

In support of its motion for summary judgment, CAI relied upon the declaration of Jean Claude Cauderlier. Mr. Cauderlier stated that the $25,000 check, payable to La Ruche, Inc. ("La Ruche") was deposited in a La Ruche bank account. CAI Motion for Summary Judgment, Ex. 1, Cauderlier Declaration at 3, ¶13. CAI never received or retained Mr. Zambrana's payment. Factual assertions in a moving party's affidavit may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. *See, e.g., Neal v. Kelly*, 963 F.2d 433, 456 (D.C. Cir. 1992).

Mr. Zambrana offers no evidence that CAI ever received or retained his $25,000 payment. Because retention of another's money is an essential element of an unjust enrichment claim[1], Mr. Zambrana has failed to provide evidence that would permit the Court to find in his favor on an unjust enrichment claim against CAI.

CAI respectfully submits that no triable issue exists against CAI. As a result, entry of summary judgment in favor of CAI and against Mr. Zambrana on his unjust enrichment is appropriate.

To the extent Mr. Zambrana has an unjust enrichment claim, that claim is against La Ruche, defendant in Mr. Zambrana's cross-complaint. The allegations in Mr. Zambrana's cross-complaint are the subject of a summary judgment motion being filed by La Ruche and Mr. Cauderlier. The Court, however, need not delay disposition of the unjust enrichment

---

[1] *E.g., 4934, Inc. v. District of Columbia Dept. of Employment Services,* 605 A.2d 50, 55 (D.C. 1992).

2

counterclaim against CAI. Mr. Zambrana wrote only a single $25,000 check. His remedy, if any, lies only against La Ruche which deposited his check, not against CAI which did not. CAI, therefore, requests that the Court enter judgment in its favor and against Mr. Zambrana on the unjust enrichment counterclaim.

Dated: February 6, 2008                    Respectfully submitted,

*/s/ Robert L. Green, Jr.*
Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc.,
Jean Claude Cauderlier, and La Ruche, Inc.

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Supplemental Memorandum of Cauderlier & Associates, Inc. Regarding the Defendant's Response to the Show Cause Order was served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 6th day of February 2008, as indicated below, to:

>Jeffrey M. Hamberger, Esq.
>O'REILLY & MARK P.C.
>11200 Rockville Pike, Suite 301
>North Bethesda, Maryland  20852
>jmh@oreillymark.com
>(301) 231-6330

_____
James B. Boles