# EXHIBIT H

OMB Approval No. 3245-0016
Last Revision: 10-31-93

U.S. Small Business Administration
# APPLICATION FOR BUSINESS LOAN

Individual | Full Address
No President input for this Corporation

| Name of Applicant Business | | | | Tax I.D. No. or SSN |
|---|---|---|---|---|
| Cauderlier Associates, Inc., "Passive Company" and La Ruche, Inc. DBA Cafe La Ruche, "Operating Company" as Co-Borrowers | | | | 52-1008812 |

| Full Street Address of Business | | | | Tel. No. (Inc. A/C) |
|---|---|---|---|---|
| 1035, 1037, 1039 31st St NW | | | | (202) 965-2684 |

| City | County | State | ZIP | Number of Employees (Including subsidiaries and affiliates) |
|---|---|---|---|---|
| Washington | Washington | DC | 20007 | |

| Type of Business | | Date Business Established | | |
|---|---|---|---|---|
| Eating and Drinking Places - Eating places | | July 1,1979 | | At Time of Application    22 |

| Bank of Business Account and Address | | | | If Loan is Approved    22 |
|---|---|---|---|---|
| | | | | Subsidiaries or Affiliates  22 (Separate from above) |

| Use of Proceeds: (Enter Gross Dollar Amounts) Rounded to the Nearest Hundreds | Loan Requested | | Loan Requested |
|---|---|---|---|
| Land Acquisition | $1,010,000.00 | Payoff SBA Loan | |
| New Construction/ Expansion Repair | | Payoff Bank Loan (Non SBA Associated) | |
| Acquisition and or Repair of Machinery and Equipment | | Other Debt Payment (Non SBA Associated) | |
| Inventory Purchase | | All Other | |
| Working Capital (Including Accounts Payable) | | Total Loan Requested | $1,010,000.00 |
| Acquisition of Existing Business | | Term of Loan - (Requested Mat.) | 25 Yrs |

**PREVIOUS SBA OR OTHER FEDERAL GOVERNMENT** If you or any principals or affiliates have 1) ever requested Government Financing or 2) are delinquent on the repayment of any Federal Debt complete the following. ___ Yes X No. If yes please complete

| Name of Agency | Original Amount of Loan | Date of Request | Approved or Declined | Balance | Current or Past Due |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**ASSISTANCE** List the name(s) and occupations of any who assisted in the preparation of this form, other than applicant

| Name and Occupation | Address | Total Fees Paid | Fees Due |
|---|---|---|---|
| The Money Store Investment Corporation | O Box 980216, West Sacramento, CA 95798-0216 | $0.00 | $0.00 |
| Name and Occupation | Address | Total Fees Paid | Fees Due |

PLEASE NOTE: The estimated burden hours for the completion of this form is 19.8 hours per response. If you have any questions or comments concerning this estimate or any other aspect of this information please contact, Chief Administrative Information Branch, U.S. Small Business Administration, Washington, D.C. 20416 and Gary Waxman, Clearance Officer, Paperwork Reduction Project (3245-0), Management and Budget, Washington, D.C. 2050.

SBA Form 4 (5-92) Previous Edition is Obsolete          Page 1

**ALL EXHIBITS MUST BE SIGNED AND DATED BY PERSON SIGNING THIS FORM**

**BUSINESS INDEBTEDNESS:** Furnish the following information on all installment debts, contracts notes, and mortgages payable. Indicate by an asterisk (*) items to be paid by loan proceeds and reasons for paying same (present balance should agree with the latest balance sheet submitted).

| To Whom Payable | Original Amount | Original Date | Present Balance | Rate of Interest | Maturity Date | Monthly Payment | Security | Current or Past Due |
|---|---|---|---|---|---|---|---|---|
| None<br>Acct. # | | | | | | | | |
| Acct. # | | | | | | | | |
| Acct. # | | | | | | | | |
| Acct. # | | | | | | | | |

**MANAGEMENT** (Proprietor, partners, officers, directors, all holders of outstanding stock - 100% of ownership must be shown). Use separate sheet if necessary.

| Name and Social Security Number and Position Title | Complete Address | % Owned | *Military Service From | To | *Race | *Sex |
|---|---|---|---|---|---|---|
| Jean-Claude Cauderlier, President<br>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 | 1113 Collingwood Road<br>Alexandria, VA 22308 | 100.00 | N/A | | | M |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*This data is collected for statistical purpose only. It has no bearing on the credit decision to approve or decline this applicati

**THE FOLLOWING EXHIBITS MUST BE COMPLETED WHERE APPLICABLE. ALL QUESTIONS ANSWERED ARE MADE A PART OF THE APPLICATION.**

For Guaranty Loans please provide an original and one copy (Photocopy is Acceptable) of the Application Form, and all Exhibits to the participating lender. For Direct Loans submit one original copy of the application and Exhibits to SBA.

1. Submit SBA Form 912 (Personal History Statement) for each person e.g owners, partners, officers, directors, major stockholders, etc.; the instructions a on SBA Form 912.

2. If your collateral consists of (A) Land and Building, (B) Machinery and Equipment, (C) Furniture and Fixtures, (D) Accounts Receivable (E) Inventory (F) Other, please provide an itemized list (labeled Exhibit A) that contains serial and identification numbers for all articles that had an original value greater than $500. Include a legal description of Real Estate offered as collateral.

3. Furnish a signed current personal balance sheet (SBA Form 413) may be used for this purpose) for each stockholder (with 20% or greater ownership partner, officer, and owner. Social Security number should be included on personal financial statement. It should be as of the same date as the mos recent business financial statements. Label this Exhibit B

4. Include the statements listed below: 1,2,3 for the last three years; also 1,2,3,4 as of the same date, which are current within 90 days of filing the application; and statement 5, if applicable. This is Exhibit C (SBA has Management Aids that help in the preparation of financial statements.) A information must be **signed and dated.**
1. Balance Sheet  2. Profit and Loss Statement
3. Reconciliation of Net Worth
4. Aging of Accounts Receivable and Payable
5. Earnings projects for at least one year where financial statements fo the last three years are unavailable or where requested by Distric Office. (If Profit and Loss Statement is not available, explain why and substitute Federal Income Tax Forms.)

5. Provide a brief history of your company and a paragraph describing the expected benefits it will receive from the loan. Label it Exhibit D.

6. Provide a brief description similar to a resume of the education, technical and business background for all the people listed under Management. Please mark it Exhibit E.

**ALL EXHIBITS MUST BE SIGNED AND DATED BY PERSON SIGNING THIS FORM**

7. Do you have any co-signers and/or guarantors for this loan?  If so,  pleas submit their names, addresses, Tax Id Numbers, and current personal balanc sheet(s) as Exhibit F

8. Are you buying machinery or equipment with your loan money?  If so, you must include a list of equipment and cost as quoted by the seller and  his name and address.  This is Exhibit G.

9. Have you or any officer of your company ever been involved in bankruptcy or insolvency proceedings?  If so, please provide the details as  Exhibit H.  If none, check here:  [ ] Yes  [X] No

10. Are you or your business involved in any pending lawsuits? If yes,  provide the details as Exhibit I.  If none check here:  [ ] Yes  [X] No

11. Do you or your spouse or any member of your household, or anyone  wh owns, manages, or directs your business or their spouses or members  of th households work for the Small Business Administration, Small  Busines Advisory Council, SCORE, or ACE, any Federal Agency, or the  participating lender?  If so, please provide the name and address of the  person and the office where employed.  Label this Exhibit J.  If none,  Check here:  [ ] Yes  [X] No

12. Does your business, its owners or majority stockholders own or have controlling interest in other businesses?  If yes, please provide their  names and the relationship with your company along with a current  balance sheet and operating statement for each.  This should be Exhibit K.

13. Do you buy from, sell to, or use the services of any concern in which  someone in your company has a significant financial interest?  If yes,  provide details on a separate sheet of paper labeled Exhibit L.

14. If your business is a franchise, include a copy of the franchise  agreemen and a copy of the FTC disclosure statement supplied to you by the Franchisor. Please include it as Exhibit M.

CONSTRUCTION LOANS ONLY

15. Include a separate exhibit (Exhibit N) the estimated cost of the project and a statement of the source of any additional funds.

16. Provide copies of preliminary construction plans and specifications. Include them as Exhibit O.  Final plans will be required prior to disbursement.

DIRECT LOANS ONLY

17. Include two bank declination letters with your application.  (In cities  with 200,000 people or less, one letter will be sufficient.)  These letters  should include the name and telephone number of the persons  contacted at the banks, the amount and terms of the loan, the reason for  decline and whether or not the bank will participate with SBA.

EXPORT LOANS

18. Does your business presently engage in Export Trade Check here:  [ ] Yes  [X] No

19. Do you have plans to begin exporting as a result of this loan? Check here:  [ ] Yes  [X] No

20. Would you like information on Exporting? Check here:  [ ] Yes  [ ] No

AGREEMENTS AND CERTIFICATIONS

Agreements of non-employment of SBA Personnel: I agree that if SBA approves this loan application I will not, for at least two years, hire as an employee or consultant anyone that was employed by the SBA during the one year period prior to the disbursement of this loan.

Certification: I certify: (a) I have not paid anyone connected with the Federal Government for help in getting this loan.  I also agree to report to the SBA office of the Inspector General, Washington, D.C. 20416 any Federal Government employee who offers, in return for any type of compensation, to help get this loan approved.

(b) All information in this application and the Exhibits are true and complet to the best of my knowledge and are submitted to SBA so SBA can decide whether to grant a loan or participate with a lending  institution in a loan to me.  I agree to pay for or reimburse SBA for the cost of any surveys, title o mortgage examinations, appraisals, credit reports, etc., performed by non-SBA personnel provided I have given my consent

(c) I understand that I need not pay anybody to deal with SBA.  I have read and understand SBA Form 159 which explains SBA policy on representatives and their fees

(d) As consideration for any Management, Technical, and Business Development Assistance that may be provided, I waive all claims against SBA and its consultants.

**If you make a statement that you know to be false or if you over value security in order to help obtain a loan under the provisions of the Sm. Business Act, you can be fined up to $5,000 or be put in jail for up to  years, or both.**

If Applicant is a proprietor or general partner, sign below.

By: _____ SEE ATTACHED SIGNATURE PAGE _____

_____
                                                    Date

If Applicant is a Corporation, sign below:

_____
Corporate Name and Seal                          Date

By: _____ SEE ATTACHED SIGNATURE PAGE _____

_____
                                    Signature of Presiden

Attested by: _____ SEE ATTACHED SIGNATURE PAGE _____

_____
                              Signature of Corporate Secretar

## ATTACHED TO SBA FORM 4 (PAGE 3)
### SBA - APPLICATION - 4

Page Three (3) Signatures For:
**Cauderlier Associates, Inc., "Passive Company" and La Ruche, Inc., "Operating Company" , as Co-Borrowers**

Cauderlier Associates, Inc.

By: _____     Date: _10·26-99_____
       Jean-Claude Cauderlier, President

La Ruche, Inc.

By: _____     Date: _10·26·99_____
       Jean-Claude Cauderlier, President

APPLICANT'S CERTIFICATION

By my signature I certify that I have read and received a copy of the "STATEMENTS REQUIRED BY LAW AND EXECUTIVE ORDER" which attached to this application. My signature represents my agreement to comply with the approval of my loan request and to comply, when applicable, with the hazard insurance, lead-based paint, civil rights or other limitations in this notic

Each Proprietor, each General Partner, each Limited Partner or Stockholder owning 20% or more, and each Guarantor must sign. Each pers should sign only once.

## Cauderlier Associates, Inc., "Passive Company" and La Ruche, Inc., "Operating Company" , as Co-Bor
Business Name: _____

Cauderlier Associates, Inc.

_10-26-99_____
Date                                        By: _____
                                                 Signature and Title
                                                 Jean-Claude Cauderlier, President

La Ruche, Inc.

_10·26·99_____
Date                                        By: _____
                                                 Signature
                                                 Jean-Claude Cauderlier, President

Individual Guarantors

_10·26·99_____
Date                                        _____
                                                 Signature
                                                 Jean-Claude Cauderlier

4

# Certification Regarding
## Debarment, Suspension, Ineligibility and Voluntary Exclusion
## Lower Tier Covered Transactions

This certification is required by the regulations implementing Executive Order 12549, Debarment and Suspension, 13 CFR Part 145. The regulations were published as Part VII of the May 26, 1988 *Federal Register* (pages 19160-19211). Copies of the regulations may be obtained by contacting the person to which this proposal is submitted.

## (BEFORE COMPLETING CERTIFICATION, READ INSTRUCTIONS ON REVERSE)

(1) The prospective lower tier participant certifies, by submission of this proposal, that neither it nor its principals are presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from participation in this transaction by any Federal department or agency.

(2) Where the prospective lower tier participant is unable to certify to any of the statements in this certification, such prospective participant shall attach an explanation to this proposal.

Business Name:     Cauderlier Associates, Inc., "Passive Company" and La Ruche, Inc., "Operating Company", as Co-Borrowers

Cauderlier Associates, Inc.

Date: _10 26 99_     By: _____
                          Jean-Claude Cauderlier, President

La Ruche, Inc.

Date: _10-2699_     By: _____
                          Jean-Claude Cauderlier, President

- 2 -

## INSTRUCTIONS FOR CERTIFICATION

1. By signing and submitting this proposal, the prospective lower tier participant is providing the c er-tification set out below.

2. The certification in this clause is a material representation of fact upon which reliance was place d when this transaction was entered into. If it is later determined that the prospective lower tier participant knowingly rendered an erroneous certification, in addition to other remedies        available to the Federa l Government, the department or agency with which this transaction originated may pursue ava ilable remedies including suspension and/or debarment.

3. The prospective lower tier participant shall provide immediate written notice to th        e person to which this proposal is submitted if at any time the prospective lower tier participant le        arns that its certification was erroneous when submitted or has become erroneous by reason of changed circumstances.

4. The terms "covered transaction," "debarred," "suspended," "ineligible," "lower tier c        overed transaction," "participant," "person," "primary covered transaction," "principal," "proposal," and "vo        luntarily excluded," as used in this clause, have the meanings set out in the Definitions and Coverage sections of  the rules implementing Executive Order 12549. You may contact the person to which this proposal is s ubmitted for assistance in obtaining a copy of those regulations (13 CFR Part 145).

5. The prospective lower tier participant agrees by submitting this proposal that, should the        pro-posed covered transaction be entered into, it shall not knowingly enter into any lower tier cove   red transac-tion with a person who is debarred, suspended, declared ineligible, or voluntarily excluded   from participation in this covered transaction, unless authorized by the department or agency with which this trans        action originated.

6. The prospective lower tier participant further agrees by submitting this proposal that it will incl ude the clause titled "Certification Regarding Debarment, Suspension, Ineligibility and Voluntary Exclusion-        -Lower Tier Covered Transactions," without modification, in all lower tier covered tra        nsactions and in al l solicitations for lower tier covered transactions.

7. A participant in a covered transaction may rely upon a certification of a prospective participant i n a lower tier covered transaction that is not debarred, suspended, ineligible, or voluntarily        excluded from the covered transaction, unless it knows that the certification is erroneous. A participant may decide the method and frequency by which it determines the ineligibility of its principals. Each partic        ipant may, but is not required to check the Nonprocurement List.

8. Nothing contained in the foregoing shall be construed to require establishment of a syste        m of records in order to render in good faith the certification required by this clause. The        knowledge and infor-mation of a participant is not required to exceed that which is normally possessed by a prudent person  in the ordinary course of business dealings.

9. Except for transactions authorized under paragraph 5 of these instructions, if a participant in a covered transaction knowingly enters into a lower tier covered transaction with a person who i  s suspended, debarred, ineligible, or voluntarily excluded from participation in this transaction, in addition to ot her remedies available to the Federal Government, the department or agency with which this transaction        originated may pursue available remedies, including suspension and/or debarment

U.S. Government Printing Office: 1995-393-362/29001



## U.S. Small Business Administration

# Note

| | |
|---|---|
| **SBA Loan #** | 3341644001 |
| **SBA Loan Name** | Cafe La Ruche |
| **Date** | |
| **Loan Amount** | $ 965,000.00 |
| **Interest Rate** | Prime Rate plus 1.000%<br>Interest Calculation: 360 day year / 30 day months |
| **Borrower** | La Ruche, Inc., Cauderlier & Associates, Inc. |
| **Operating Company** | La Ruche, Inc. |
| **Lender** | The Money Store Investment Corporation |

1. **PROMISE TO PAY:**

   In return for the Loan, Borrower promises to pay to the order of Lender the amount of Nine Hundred Sixty-Five Thousand Dollars And No Cents ($965,000.00), interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:**

   "Collateral" means any property taken as security for payment of this Note or for any guarantee of this Note.

   "Guarantor" means each person or entity that signs a guarantee of payment of this Note.

   "Loan" means the loan evidenced by this Note.

   "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

3. **PAYMENT TERMS:**

   Borrower must make all payments at the place Lender designates.  The payment terms for this Note are:

   The interest rate is 9.250% per year.

   Borrower must pay principal and interest payments of $8,265.00 every month beginning 2 months from the month of initial disbursement on this Note; payments must be made on the

first calendar day in the months they are due. Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.

All remaining principal and accrued interest is due and payable 25 years, 0 months from date of initial disbursement.

LATE CHARGE: If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.

4. RIGHT TO PREPAY:

Borrower may prepay this Note. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:
   A. Give Lender written notice; and
   B. Pay a minimum of 21 days' interest on the unpaid principal balance from the date Lender receives the notice, even if Borrower prepays in less than 21 days.

If Borrower does not prepay within 60 days from the date Lender receives the notice, Borrower must give Lender a new notice.

5. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:
   A. Fails to do anything required by this Note and other Loan Documents;
   B. Defaults on any other loan with Lender;
   C. Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;
   D. Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;
   E. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;
   F. Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;
   G. Fails to pay any taxes when due;
   H. Becomes the subject of a proceeding under any bankruptcy or insolvency law;
   I. Has a receiver or liquidator appointed for any part of their business or property;
   J. Makes an assignment for the benefit of creditors;
   K. Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;
   L. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or
   M. Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

6. LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:
   A. Require immediate payment of all amounts owing under this Note;
   B. Collect all amounts owing from any Borrower or Guarantor;
   C. File suit and obtain judgment;
   D. Take possession of any Collateral; or
   E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

7.  **LENDER'S GENERAL POWERS:**

Without notice and without Borrower's consent, Lender may:
   A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;
   B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
   C.  Release anyone obligated to pay this Note;
   D.  Compromise, release, renew, extend or substitute any of the Collateral; and
   E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.

8.  **WHEN FEDERAL LAW APPLIES:**

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, any obligation, defeat any claim of SBA, or preempt federal law.

9.  **SUCCESSORS AND ASSIGNS:**

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

10. **GENERAL PROVISIONS:**
   A.  All individuals and entities signing this Note are jointly and severally liable.
   B.  Borrower waives all suretyship defenses.
   C.  Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.
   D.  Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.
   E.  Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.
   F.  If any part of this Note is unenforceable, all other parts remain in effect.
   G.  To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

11. **STATE-SPECIFIC PROVISIONS:**
   A.  Borrower acknowledges this Note is secured by a Deed of Trust or Mortgage in favor of Lender on real property located in Washington County, State of DC. That Deed of Trust or Mortgage contains the following due-on-sale provision: DUE ON SALE – CONSENT BY LENDER. Lender may, at its option, declare immediately due and payable all sums included in the Indebtedness secured by this Deed of Trust/Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest therein; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed,

SBA Form 147 (10/22/98)  Previous editions obsolete.                    Page 3

9

leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of Real Property interest. If any Grantor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of Grantor. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by state law.

B.  CONFESSION OF JUDGMENT. If payment of the indebtedness evidenced by this Note, or any part thereof, shall not be made when due and at maturity, by acceleration or otherwise, the undersigned hereby authorize and empower any attorney of any Court of Record within the United States to appear for the undersigned in any Court, or before any Clerk thereof, and confess judgment against the undersigned either jointly or severally in favor of the Holder of this Note for the amount then due thereon, with the interest thereon aforementioned and the cost of suit and attorneys' fees of fifteen percent (15%), hereby waiving and releasing all errors and rights of exemption, appeal, stay of execution, inquisition and extension upon any levy on real estate, or personal property to which the undersigned may otherwise be entitled under the laws of any State or possession of the United States now in force or which may hereafter be passed. If this Note is referred to any attorney for collection, and payment is obtained without the entry of a judgment, then the undersigned shall pay to Holder attorneys' fees in the amount aforesaid. If there be more than one undersigned, their liability shall be joint and several, any use of the singular herein may also refer to the plural and vice versa, and the use of any gender shall be applicable to all genders.

C.  None

12.  BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

La Ruche, Inc.

By: _____   Date: 1·21· 0 0
Jean-Claude Cauderlier, President/Secretary

Cauderlier & Associates, Inc.

By: _____   Date: 1·21·00
Jean-Claude Cauderlier, President/Secretary

# EXHIBIT I

WILKINSON ) BARKER ) KNAUER ) LLP

2300 N STREET, NW
SUITE 700
WASHINGTON, DC 20037-1128
TEL 202.783.4141
FAX 202.783.5851
www.wbklaw.com

December 28, 1999

**BY FEDERAL EXPRESS**

Mahesh Naithani
1 Union Square South
PH-1H
New York, New York  10003

RE:  Tender of Deposit and Confirmation of Agreement

Dear Mahesh:

　　　　I append a revised version of the purchase agreement for the LaRuche/Yes properties.  This contract reflects the downward adjustment in purchase price which the bank requested we secure because of the low valuation which was received.  This contract provides for a contract sale price of $1,020,000 and as we discussed on Thursday, December 16, 1999, we will make the seller whole for the full original purchase price by tendering a promissory note after closing of the transaction in the amount of $80,000 (representing the difference between our original agreement and the contract sale price the bank requires we secure).  [You will also note that this contract expressly declares that financing has been secured and that this contract is a prerequisite to the funding that First Union has committed to provide.  See Section 3.]  I have called you and left a message detailing all of this and will speak with you tomorrow (your schedule permitting).  We are still going to close next week and I ask your understanding if this occurs toward the end of the week as opposed to Tuesday as originally hoped.

　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　James A. Powers

c:  LaRuche, Inc.

WASHINGTON    •    FRANKFURT    •    CARACAS

# EXHIBIT J

U.S. Small Business Administration

# U.S. Small Business Administration

# Unconditional Guarantee

| SBA Loan # | 3341644001 |
|---|---|
| SBA Loan Name | Cafe La Ruche |
| Guarantor | Jean-Claude Cauderlier |
| Borrower | La Ruche, Inc., Cauderlier & Associates, Inc. |
| Lender | The Money Store Investment Corporation |
| Date | January 21, 2000 |
| Note Amount | $ 965,000.00 |

1.  **GUARANTEE:**

    Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.  **NOTE:**

    The "Note" is the promissory note dated January 21, 2000 in the principal amount of Nine Hundred Sixty-Five Thousand Dollars And No Cents ($965,000.00), from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.  **DEFINITIONS:**

    "Collateral" means any property taken as security for payment of the Note or for any guarantee of the Note.

    "Loan" means the loan evidenced by the Note.

    "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

    "SBA" means the Small Business Administration, an Agency of the United States of America.

4.  **LENDER'S GENERAL POWERS:**

    Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
C. Release any Borrower or any guarantor of the Note;
D. Compromise or settle with the Borrower or any guarantor of the Note;
E. Substitute or release any of the Collateral, whether or not Lender receives anything in return;
F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
G. Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and
H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.  FEDERAL LAW:

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.  RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:

To the extent permitted by law,
A. Guarantor waives all rights to:
   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after Lender disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after Lender disposes of it.
B. Guarantor waives any notice of:
   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.
C. Guarantor waives defenses based upon any claim that:
   1) Lender failed to obtain any guarantee;
   2) Lender failed to obtain, perfect , or maintain a security interest in any property offered or taken as Collateral;
   3) Lender or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
   5) Lender impaired the Collateral;
   6) Lender did not dispose of any of the Collateral;
   7) Lender did not conduct a commercially reasonable sale;
   8) Lender did not obtain the fair market value of the Collateral;
   9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11) Lender made errors or omissions in Loan Documents or administration of the Loan;
12) Lender did not seek payment from the Borrower, and other guarantors, or any Collateral before demanding payment from Guarantor;
13) Lender impaired Guarantor's suretyship rights;
14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15) Borrower has avoided liability on the Note; or
16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7.  DUTIES AS TO COLLATERAL:

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.  SUCCESSORS AND ASSIGNS:

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.  GENERAL PROVISIONS:

A.  ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
B.  SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a co-guarantor with Guarantor. Guarantor has no right of contribution from SBA.
C.  SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.
D.  JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.
E.  DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.
F.  FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.
G.  LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.
H.  ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.
I.  SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.
J.  CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10. STATE-SPECIFIC PROVISIONS:

A.  CONFESSION OF JUDGMENT. If payment of the indebtedness evidenced by this Note, or any part thereof, shall not be made when due and at maturity, by acceleration or otherwise, the undersigned hereby authorize and empower any attorney of any Court of Record within the United States to appear for the undersigned in any Court, or before any

Clerk thereof, and confess judgment against the undersigned either jointly or severally in favor of the Holder of this Note for the amount then due thereon, with the interest thereon aforementioned and the cost of suit and attorneys' fees of fifteen percent (15%), hereby waiving and releasing all errors and rights of exemption, appeal, stay of execution, inquisition and extension upon any levy on real estate, or personal property to which the undersigned may otherwise be entitled under the laws of any State or possession of the United States now in force or which may hereafter be passed. If this Note is referred to any attorney for collection, and payment is obtained without the entry of a judgment, then the undersigned shall pay to Holder attorneys' fees in the amount aforesaid. If there be more than one undersigned, their liability shall be joint and several, any use of the singular herein may also refer to the plural and vice versa, and the use of any gender shall be applicable to all genders.

B.  None

11. GUARANTOR ACKNOWLEDGMENT OF TERMS:

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12. GUARANTOR NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

_____ Date: _____

Jean-Claude Cauderlier

# EXHIBIT K

Consent to Action in Lieu
of a Special Meeting of the
Shareholders of La Puche, Inc.
June 23, 2004
11:30 am

The undersigned being all of the shareholders of the corporation consent to the following:

The President is authorized to issue a replacement certificate for 10 shares to Sergio Zambrano. In January 2000, certificate #9 for 10 shares was issued to Sergio Zambrano, but was never received by Mr. Zambrano and is lost. Therefore, the President is authorized to issue certificate #10 to Mr. Zambrano for 10 shares.

John Glanck Canderhei

Sergio Zambrano

# EXHIBIT L

Nov-22-04  10:22am  From-WACHOVI.        RESEARCH              3366515893          T-066   P.02/03   F-661

