IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.**<br><br>    **Plaintiff**<br><br>    v.<br><br>**SERGIO ZAMBRANA**<br><br>    **Defendant/Third-Party**<br>    **Plaintiff**<br><br>    v.<br><br>**JEAN CLAUDE CAUDERLIER and**<br>**LA RUCHE, INC.**<br><br>    **Third-Party Defendants** | Civil Action No. 05-1653 (JMF) |

### SUR REPLY TO MOTION FOR SUMMARY JUDGMENT
### OF LA RUCHE, INC. AND JEAN CLAUDE CAUDERLIER

COMES NOW, defendant and third-party plaintiff, Sergio Zambrana, by and through counsel, and, in response to the La Ruche, Inc. and Jean Claude Cauderlier Reply in Support Motion Summary Judgment, states:

The Reply filed by third-party defendants, La Ruche, Inc.("La Ruche") and Jean Claude Cauderlier ("Cauderlier") fails to establish that all facts material to this case are undisputed. No case law, other than that previously cited by said third-party defendants regarding the standard for summary judgment, is necessary to confirm this shortcoming in the Motion of La Ruche, Inc. and Jean Claude Cauderlier for Summary Judgment.[1] As demonstrated by La Ruche and

---

[1] La Ruche and Cauderlier argue, at page 2 of their Reply ("La Ruche, Inc. and Jean Claude Cauderlier Reply in Support of Motion for Summary Judgment"), that their motion was "fully-supported" by "key arguments." Since there are material facts that are in genuine dispute, the entire argument is actually superfluous and inessential, and the Motion is rendered

Cauderlier in their Reply (as well as in the Motion), there are many, critically important material facts that remain in dispute, which disputes cannot be simply explained away.

Moreover, counsel for La Ruche and Cauderlier, at page 1 of their Reply,[2] misrepresent many of the facts, starting with "Mr. Zambrana *disclaims* any interest in La Ruche based on the $25,000 check he wrote payable to La Ruche." [Emphasis added.] At the most, contends Mr. Zambrana, the recitation of his testimony regarding his understanding of the purpose of the $25,000 payment, could lead to the conclusion that Mr. Zambrana was under a <u>unilateral</u> misapprehension regarding the purpose of his $25,000 payment. This is undoubtedly an issue for the trial court, and cannot be resolved by argument.[3] One point of interest is that there has never been a suggestion that Mr. Zambrana gave the $25,000 check for <u>no</u> reason, or that he intended to make a <u>loan</u> to La Ruche. Obviously, the $25,000 payment was made for *some* reason, but the determination of such cannot be resolved through opposing counsel's self-serving conclusions.

Equally troubling is counsel's treatment of the La Ruche stock certificate possessed by Mr. Zambrana. There is no dispute that the certificate for 10 shares in La Ruche was properly issued in due course from the La Ruche stock register. There is a question of when the stock was

---

irredeemably flawed.

  [2] "La Ruche, Inc. and Jean Claude Cauderlier Reply in Support of Motion for Summary Judgment, references to which shall be designated by "Reply," followed by the appropriate page number.

  [3] *Flippo Construction v. Mike Parks Diving Corp.*, 531 A.2d 263, 274 (D.C. 1987) ("Although we reverse the trial court's ruling for Parks based on unilateral mistake, Parks is still entitled to consideration of that defense in light of the unresolved issue: who bor the risk of mistake? Moreover, because the precise nature of Parks' mistake may be crucial to the eventual outcome of this suit [internal citation omitted], a definitive finding on this issue is also required.")

issued, and whether the certificate represents Mr. Zambrana's only shares. Rather than concede the validity of the certificate, counsel for La Ruche and Cauderlier try to goad this Court into suspending logic and rationality, and concluding that the certificate should be "returned" to La Ruche. As pointed out in Mr. Zambrana's Opposition to the Motion for Summary Judgment, there is no case law proffered in support of this notion and no discussion as to why La Ruche's claim for a return of the stock is not time-barred.

The Reply goes to great pains to mock Mr. Zambrana's contention that he obtained stock certificate No. 9 pursuant to an "earn-in" arrangement by pointing to an alleged inconsistency between the date Mr. Cauderlier claims he took full ownership of La Ruche, and the date Mr. Zambrana recalls being granted the shares for his prior efforts and agreement to remain employed by La Ruche. However, when La Ruche and Cauderlier attempt to show that Mr. Cauderlier owned 100% of La Ruche stock at some time prior to Mr. Zambrana's shares being issued to him, they present a chart that belies those very assertions.

Following the time line set forth in the Reply at pages 5 and 6, it is evident that Mr. Cauderlier *never* owned 100% of La Ruche's stock, fully supporting Mr. Zambrana's contention and calling into question the sworn declaration of Mr. Cauderlier. The chart also inexplicably asserts that there was a time when there were only 40 shares outstanding ("Levinson shares: 0; Cauderlier shares: 40; Zambrana shares: ), ostensibly in 1992. [Reply, p. 6]. No explanation is given to explain the lack of accounting for the remaining 60 shares.

Of equal importance is the admission that Mr. Cauderlier's certificate No. 8 bore "No Date." Worse for third-party defendants, and problematic for their counsel, the display indicates that Mr. Zambrana's shares were issued in "January 2000," *even though certificate No. 9 shows no date, either*, in the stock ledger itself. [*Id.*] As previously argued by Mr. Zambrana, the facts

3

(and the appearance of the certificates themselves) point to certificates Nos. 8 and 9 being issued at the same time. At the very least, there is concrete evidence that this issue of material fact cannot be resolved at this point in the case.

It is also hard to understand why counsel employs the word "now" when ascribing the timing of Mr. Zambrana's first raising his claim that his $25,000 check was not payment for the 10 shares represented by (replacement) certificate No. 10.[4] Nor is it clear how counsel can assert that "This claim contradicts Mr. Zambrana's deposition testimony *and his pleadings*." [Reply, p. 8] After all, the Third-Party Complaint that first brought La Ruche and Cauderlier into this case contained the following allegations:

"17.    For approximately three (3) years prior to the purchase of the Building, and at the time of the purchase of the Building, Mr. Zambrana owned at least ten percent (10%) of the shares in LaRuche.

59.    Several years before Mr. Zambrana gave J. Cauderlier the $25,000 check payable to LaRuche, on behalf of CAI, on January 20, 2000, Mr. Zambrana owned 10% of the stock in LaRuche.

60.    In 1997, J. Cauderlier directed La Ruche to issue to Mr. Zambrana a stock certificate memorializing Mr. Zambrana's ownership interest in La Ruche, which stock was issued in recognition of Mr. Zambrana's eleven (11) years of loyal service to La Ruche, and in consideration of Mr. Zambrana's agreeing not to leave La Ruche, at a time when other

---

[4] "Mr. Zambrana now asserts that he received his La Ruche ownership interest directly from the Levensons . . . ." [Reply, p. 3.] "Mr. Zambrana now claims that he received the La Ruche stock from his "earn-in" arrangement . . . ." [Reply, p. 8.]

employees were leaving the employ of La Ruche to establish a new restaurant, and offering equity shares in that new enterprise.

61.   By virtue of his giving J. Cauderlier the $25,000 check payable to LaRuche, on January 20, 2000, **Mr. Zambrana either obtained a share in CAI and/or the Building, as he contends, or Mr. Zambrana obtained an additional amount of stock in La Ruche.**" [Emphasis added.]

Finally, Mr. Zambrana would like to address opposing counsel's reference to the "inadmissible,"[5] "hearsay,"[6] and "privileged"[7] letter from James M. Hoffman, Esq. First, counsel for Mr. Zambrana would inform the Court that the letter in question was in Mr. Zambrana's possession and made of part of his response to a request for production. That being the case, the letter had been "published" and was no longer privileged. This point had been made with counsel for La Ruche and Cauderlier before the Reply was filed. As for it being hearsay, Mr. Zambrana is quite satisfied to use the letter as unrefuted evidence that Mr. Cauderlier was put on notice that the stock ledger appeared to show that he had received only 90 shares from the Levensons, and Mr. Zambrana had received 10. The letter further offered to "cancel the existing certificates and issue new one [*sic*], . . ."

It appears that the stock certificates were never reissued to reflect that Mr. Cauderlier had, at some time, owned all La Ruche's stock. Therefore, Mr. Cauderlier will have to rely upon something other than being unaware that the stock ledger says what it says, in order to explain

---

[5] Reply, p. 9.

[6] Reply, p. 10.

[7] Reply, p. 10.

how he could, under oath, and in the Complaint, say that he ever owned all the shares in La Ruche.

In conclusion, La Ruche's and Cauderlier's Reply makes no effort to blunt Mr. Zambrana's argument that there are material facts in genuine issue, and demonstrates visually that Mr. Zambrana's interpretation of the La Ruche stock ledger is accurate.  The conclusion that must be reached is that the Reply, as the original Motion, should never have been filed.  Not only will the Court spend unnecessary time reviewing the Reply and the Sur Reply necessitated by it, but Mr. Zambrana has again been required to expend legal fees for no justifiable reason.  Mr. Zambrana is entitled to recoup the legal fees he has expended in opposing the impermissible motion filed by La Ruche, Cauderlier, and their counsel.

THEREFORE, Mr. Zambrana hereby renews the request made in his Opposition, and asks that the Motion of La Ruche, Inc. and Jean Claude Cauderlier for Summary Judgment be denied, that he be awarded his attorneys' fees, costs and expenses associated herewith, and that the Court should assess any other penalties against the movants as it deems just and proper.

                                              Respectfully submitted,

                                              O'REILLY & MARK, P.C.

Dated: February 22, 2008                 By: *Jeffrey M. Hamberger*
                                                11200 Rockville Pike
                                                Suite 301
                                                N. Bethesda, MD 20852
                                                301-231-6330
                                                *jmh@oreillymark.com*
                                                Attorneys for Sergio Zambrana

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Sur Reply to Motion for Summary Judgment of La Ruche, Inc. and Jean Claude Cauderlier was filed electronically through the Court's ECF system, and was emailed this 22ndh day of February, 2008, to:

>Robert L. Green, Jr., Esquire
>James B. Boles, Esquire
>HOWREY, LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>*greenr@howrey.com*
>*bolesj@howrey.com*

>*Jeffrey M. Hamberger*
>Jeffrey M. Hamberger

\\Domain1\legal files\-JEFFREY-\My Files\7246 Zambrana\Sur Reply to Motion for Summary Judgment.wpd