UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.,**<br>            Plaintiff,<br><br>     v.<br><br> **SERGIO ZAMBRANA,**<br>            Defendant/Third-Party<br>            Plaintiff,<br><br>     v.<br><br> **JEAN CLAUDE CAUDERLIER and**<br> **LA RUCHE, INC.,**<br>            Third-Party Defendants. | Civil Action No. 05-1653 (JMF) |

**MEMORANDUM OPINION**

Before the Court is <u>Motion of La Ruche, Inc. and Jean Claude Cauderlier for Summary Judgment</u> [#65] ("Motion"). For the reasons stated below, the Motion will be granted in part and denied in part.

**I.     Discussion**

The Court has already addressed the facts of this case at great length, and has ruled on the viability of Sergio Zambrana's counterclaims against plaintiff Cauderlier & Associates, Inc. ("CAI"). <u>See</u> <u>Cauderlier & Associates, Inc. v. Zambrana</u>, 527 F. Supp. 2d 142 (D.D.C. 2007). This Motion, which involves those same facts and many of the same legal issues, is directed at Zambrana's claims against third-party defendants Jean Claude Cauderlier and La Ruche, Inc. ("La Ruche").

### A.     Count I: Accounting (La Ruche)

This claim will be dismissed for the reasons stated in the Court's prior opinion. Id. at 147, 154 (claim for an accounting is time-barred because it is premised on the alleged commingling of funds; claim for an accounting also fails because it is legally unsupported).

### B.     Count II: Accounting (Cauderlier)

This claim will be dismissed for the reasons stated in the Court's prior opinion. Id. at 152-54 (Zambrana has no ownership interest in CAI and/or 1035-1039 31st Street, N.W., in Washington, D.C. (the "Property"); claim for an accounting also fails because it is legally unsupported).

### C.     Count III: Declaratory Judgment (Cauderlier)

This claim will be dismissed for the reasons stated in the Court's prior opinion. Id. at 152-53 (Zambrana has no ownership interest in CAI and/or the Property).

### D.     Count IV: Declaratory Judgment (Cauderlier and La Ruche)

Zambrana seeks "a judicial determination of his ownership share in the assets of La Ruche." Third-Party Complaint [#18] at ¶ 64. He presents two possible sources of ownership: (1) a stock certificate for ten shares of La Ruche, which he argues was given to him in 1997 in recognition of his years of service and in exchange for a commitment to maintain his employment, and (2) "an additional amount of stock" given in exchange for his payment of $25,000. Id. at ¶¶ 59-61.

As to the stock certificate, it has already been admitted that "Mr. Zambrana is a 10 percent shareholder in LaRuche.[1]" Jean Claude Cauderlier's Answer to Third-Party

---

[1]     Cauderlier and La Ruche now argue, for the first time, that this certificate is invalid and that Zambrana does not have any ownership interest in La Ruche. Memorandum of La Ruche, Inc. and Jean

Complaint [#20] at 13; Jean LaRuche, Inc.'s Answer to Third-Party Complaint [#21] at 10. As to the $25,000 payment, the Court has already held that this payment could not have created an ownership interest in CAI and/or the Property. Cauderlier, 527 F. Supp. 2d at 152-54. The reasoning behind that holding applies equally to any claim by Zambrana that he received an ownership interest in La Ruche in exchange for the payment. This claim will therefore be dismissed.

### E. Count V: Monetary Award (Cauderlier)

This claim will be dismissed for the reasons stated in the Court's prior opinion. Id. at 152-53 (Zambrana has no ownership interest in CAI and/or the Property).

### F. Count VI: Monetary Award (Cauderlier and La Ruche)

The Motion asserts that "Monetary Award" is "not a cause of action for which relief may be granted – it is merely a request for relief." Memorandum of La Ruche, Inc. and Jean Claude Cauderlier in Support of Motion for Summary Judgment [#65-2] at 13. Zambrana presents no argument in opposition, presumably because no credible argument exists. This claim will be dismissed as conceded. See Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003).

### G. Count VII: Unjust Enrichment (Cauderlier and La Ruche)

Summary judgment as to this claim will be denied for the reasons stated in the Court's prior opinion. Cauderlier, 527 F. Supp. 2d at 155-56 (fact issue exists as to whether "CAI, Cauderlier, and/or La Ruche" were unjustly enriched).

### H. Count VIII: Usurpation of Corporate Opportunity (Cauderlier)

This claim will be dismissed for the reasons stated the Court's prior opinion. Id.

---

Claude Cauderlier in Support of Motion for Summary Judgment [#65] at 8-10. In light of the admissions in their Answers, this new argument is untimely and without merit.

at 147 (claims premised on the alleged commingling of funds are time-barred).

### I.  Count IX: Constructive Trust (Cauderlier)

This claim will be dismissed because "a constructive trust is not an independent cause of action." Macharia v. U.S., 238 F. Supp. 2d 13, 31 (D.D.C. 2002), aff'd 334 F.3d 61, 69 (D.C. Cir. 2003). See also Ross v. Hacienda Co-op., Inc., 686 A.2d 186, 191 (D.C. 1996) ("The imposition of a constructive trust is an equitable remedy.").

### II.  Conclusion

For the reasons stated above, the Motion will be granted in part and denied in part. An Order accompanies this Memorandum Opinion.

Date:   July 7, 2008                                    /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE