IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1653 (JMF) |
| SERGIO ZAMBRANA, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| And | ) |
| LA RUCHE, INC. | ) |
| Third-Party Defendants. | ) |

### MOTION OF LA RUCHE, INC. AND JEAN CLAUDE CAUDERLIER FOR CLARIFICATION OR RECONSIDERATION OF THE JULY 7, 2008 SUMMARY JUDGMENT MEMORANDUM OPINION

La Ruche, Inc. ("La Ruche") and Jean Claude Cauderlier move for either clarification or reconsideration of a portion of the July 7, 2008 Memorandum Opinion ("July Opinion"). La Ruche and Mr. Cauderlier seek clarification regarding, or reconsideration of, the following statement: "As to the stock certificate, [La Ruche and Mr. Cauderlier have] already … admitted that 'Mr. Zambrana is a 10 percent shareholder in LaRuche." July Opinion at 2-3. La Ruche and Mr. Cauderlier respectfully submit that this statement should either be clarified or reconsidered because it appears to: (1) erroneously treat Mr. Zambrana's ownership interest in La Ruche as an established fact; and (2) contradict District of Columbia law regarding unjust enrichment.

Counsel for La Ruche and Mr. Cauderlier have conferred with counsel for Mr. Zambrana regarding this motion. The parties disagree regarding the need for clarification or reconsideration.

In support of this Motion, La Ruche and Mr. Cauderlier submit the attached Memorandum in Support and a Proposed Order.

Dated:  July 21, 2008                    Respectfully submitted,

                                         /s/ Robert L. Green, Jr.
                                         Robert L. Green, Jr. (D.C. Bar No. 935775)
                                         James B. Boles (D.C. Bar No. 471818)
                                         HOWREY LLP
                                         1299 Pennsylvania Ave., N.W.
                                         Washington, D.C. 20004
                                         (202) 783-0800
                                         (202) 383-6610 – facsimile
                                         greenr@howrey.com
                                         bolesj@howrey.com

                                         Attorneys for Cauderlier & Associates, Inc.,
                                         Jean Claude Cauderlier, and La Ruche, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUDERLIER & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1653 (JMF) |
| SERGIO ZAMBRANA, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| JEAN CLAUDE CAUDERLIER | ) |
| And | ) |
| LA RUCHE, INC. | ) |
| Third-Party Defendants. | ) |

### MEMORANDUM OF LA RUCHE, INC. AND JEAN CLAUDE CAUDERLIER IN SUPPORT OF THE MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE JULY 7, 2008 SUMMARY JUDGMENT MEMORANDUM OPINION

La Ruche, Inc. ("La Ruche") and Jean Claude Cauderlier seek either clarification or reconsideration of a portion of the July 7, 2008 Memorandum Opinion ("July Opinion"). La Ruche and Mr. Cauderlier seek clarification or reconsideration of the following statement: "As to the stock certificate, [La Ruche and Mr. Cauderlier have] already ... admitted that 'Mr. Zambrana is a 10 percent shareholder in LaRuche." July Opinion at 2-3. This statement should either be clarified or reconsidered because it appears to: (1) erroneously treat Mr. Zambrana's ownership interest in La Ruche as an established fact; and (2) contradict District of Columbia law regarding unjust enrichment.

## STANDARD FOR CLARIFICATION OR RECONSIDERATION

Pursuant to the Court's inherent discretion, motions to clarify or reconsider interlocutory orders are synonymous with Fed. R. Civ. P. 59(e) motions to clarify, alter, or amend judgments.[1] Thus, "[a] request for reconsideration [or clarification] ... 'is discretionary and need not be granted unless the district court finds that there is ... the need to correct a clear error or prevent manifest injustice.'"[2] The Court has previously granted a motion to clarify or reconsider where error would have otherwise created an inequitable outcome.[3]

## ARGUMENT

### I. MR. ZAMBRANA'S OWNERSHIP INTEREST IN LA RUCHE REMAINS A CONTESTED ISSUE

The Court cited two portions from the Cauderlier and La Ruche Answers when it stated that Mr. Zambrana's 10 percent interest in La Ruche was admitted.[4] However, courts do not interpret allegations in a vacuum – they instead look to the context of those allegations (*e.g.*, the other allegations).[5] Mr. Cauderlier and La Ruche have alleged that La Ruche shares were issued

---

[1] *See, e.g., Toussaint v. Howard University,* 2005 U.S. Dist. LEXIS 38738 at *3 (D.D.C. Nov. 8, 2005) ("There is no Federal Rule ... that expressly addresses or mentions motions for reconsideration. Courts typically treat motions to reconsider as motions to clarify ... judgment under [Rule] 59(e)"); *In re Papst Licensing GmbH,* 2008 U.S. Dist. LEXIS 44394 at *7-*8 (D.D.C. June 9, 2008) (Court handles motion to clarify discovery order as if it were a Rule 59(e) motion).

[2] *Id.* (quoting *Fox v. American Airlines Inc.,* 389 F.3d 1291, 1296 (D.C. Cir. 2004)); *see also Toussaint,* 2005 U.S. Dist. LEXIS 38738 at *3.

[3] *Toussaint,* 2005 U.S. Dist. LEXIS 38738 at *10-*14.

[4] July Opinion at 2-3.

[5] *See Great Plains Laboratory, Inc. v. Metametrix Clinical Laboratory,* 2004 U.S. Dist. LEXIS 22372 at *6 (D. Kan. Nov. 3, 2004) (While evaluating defendant's affirmative defenses, "[t]he court concludes that Defendant Metametrix's Answer and Counterclaims should be read as a whole"); *Chase Medical, LP v. CHF Technologies, Inc.,* 2005 U.S. Dist. LEXIS 13731 at *5 (N.D. Tex. July 11, 2005) (Court examines the defendants' answers "in their entirety ..."); *Gibraltar Savings v. Ryan,* 1990 U.S. Dist. LEXIS 18386 at *20 (D.D.C. July 10, 1990) ("Although Gibraltar's complaint includes allegations regarding the propriety of the Director's imposition of a conservatorship ... those allegations must be read in context"); *Sampson v. WMATA,* 477 F. Supp. 2d 223, 227 (D.D.C. 2007) (Court cited "the total context of Plaintiff's allegations" in determining whether certain material facts were in dispute).

to Mr. Zambrana <u>only</u> in January 2000 and <u>solely</u> in exchange for a $25,000 check.[6] They have denied any other La Ruche ownership transaction involving Mr. Zambrana.[7] Any admission of a 10 percent Zambrana interest in La Ruche is necessarily in the context of the allegations regarding that January 2000, $25,000 transaction. Since Mr. Zambrana has denied purchasing La Ruche shares in January 2000[8], and this Court has found that Mr. Zambrana gained no ownership in La Ruche in exchange for his $25,000 check[9], Mr. Zambrana's only remaining claim to an interest in La Ruche is the alleged 1997 earn-in arrangement. However, the existence of that arrangement has been denied by Mr. Cauderlier and La Ruche.[10] The existence of the earn-in agreement is, and remains, a contested issue of fact.

> A. **The Admissions Regarding the 10 La Ruche Shares Should Be Read in the Context That Links Those Shares to the January 2000 $25,000 Check.**

The context provided by the other allegations in this matter establishes that any admissions regarding a Zambrana ownership interest in La Ruche are wholly contingent on the exchange of 10 shares for his $25,000 check made payable to La Ruche in January 2000:

- In his October 24, 2005 Answer and Counterclaim (document 009), Mr. Zambrana denied that the $25,000 check was payment for any ownership interest in La Ruche.[11] Mr. Zambrana instead alleged that his $25,000 check was part of the Cauderlier & Associates, Inc. ("CAI") purchase price of the Building.[12] In his November 29, 2005

---

[6] La Ruche Answer to Third-Party Complaint at 13, ¶ 63; Cauderlier Answer to Third-Party Complaint at 12-13, ¶ 63.

[7] Cauderlier Answer at 3-6; La Ruche Answer at 4-7.

[8] Zambrana Answer and Counterclaim at 8, ¶15.

[9] July Opinion at 3.

[10] La Ruche Answer at 5, ¶ 17; Cauderlier Answer at 5, ¶ 17.

[11] *E.g.*, Zambrana Answer and Counterclaim at 8, ¶15.

[12] *Id.* ("The $25,000 check Mr. Zambrana gave to LaRuche on or about January 20, 2000 was <u>not</u> payment for any ownership share in LaRuche and was, instead, part of CAI's purchase price of the Building" (emphasis added)).

3

      Third-Party Complaint against Mr. Cauderlier and La Ruche (document 018), Mr. Zambrana repeated his allegation that the $25,000 check was not payment for La Ruche shares.[13]

- On December 19, 2005, Mr. Cauderlier and La Ruche filed Answers (documents 020 and 021, respectively) in which they denied Mr. Zambrana had any pre-2000 ownership interest in La Ruche:

> 17. For approximately three (3) years prior to the purchase of the Building, and at the time of the purchase of the Building, Mr. Zambrana owned at least ten percent (10%) of the shares in LaRuche.
> ANSWER: Denied.[14]

Mr. Cauderlier and La Ruche admitted that Mr. Zambrana was a 10 percent shareholder in La Ruche as well as their contention that "Mr. Zambrana obtained a 10% share of the stock in La Ruche <u>by virtue of his having given J. Cauderlier the aforementioned $25,000 check payable to La Ruche</u>, on January 20, 2000 ...."[15] They denied that Mr. Zambrana paid $25,000 "to La Ruche, for use by CAI ..." or that "[t]he $25,000 check ... was ... part of CAI's purchase price for the Building."[16]

      The context provided by these allegations establishes that any Cauderlier-La Ruche admissions regarding a Zambrana ownership interest in La Ruche are based exclusively on the January 2000 exchange of 10 shares for $25,000. Mr. Zambrana's denials of that same transaction, coupled with the La Ruche and Cauderlier denials of an earn-in arrangement, demonstrate that Mr. Zambrana's claim of ownership in La Ruche remains a contested issue.

---

[13] Zambrana Third-Party Complaint at 4-5.

[14] *See* La Ruche Answer at 5, ¶ 17; *see also* Cauderlier Answer at 5, ¶ 17 (same).

[15] La Ruche Answer at 11-12, 13, ¶ 63 (emphasis added); Cauderlier Answer at 10-12, 13, ¶ 63.

[16] *Id.* at 3-4, 6; La Ruche Answer at 4, 6-7.

4

### B. This Court's Statement is Inconsistent with its Summary Judgment Determinations.

The Court's findings have limited Mr. Zambrana's claim of La Ruche ownership to an alleged 1997 earn-in arrangement which is neither admitted nor proven. In the July Opinion (at 3), the Court made the following statement:

> As to the $25,000 payment, the Court has already held that this payment could not have created an ownership interest in CAI and/or the Property. The reasoning behind that holding applies equally to any claim by Zambrana that he received an ownership interest in La Ruche in exchange for the payment.

If Mr. Zambrana's $25,000 payment did not purchase an ownership interest in La Ruche, then it necessarily follows that any Zambrana ownership interest could exist only if the alleged earn-in arrangement is proven to the satisfaction of the fact finder. Yet the earn-in arrangement is a contested issue of fact[17] that "may be time-barred depending on the fact-finder's assessment of the competing testimony ...."[18] It therefore cannot follow that Mr. Zambrana's interest in La Ruche is conclusively established.

The Court granted summary judgment to La Ruche and Mr. Cauderlier on Mr. Zambrana's requests for declaratory judgment regarding his alleged ownership interests in La Ruche and CAI. July Opinion at 2-3. Despite the dismissal, the Court's opinion could be read, as an affirmative fact, that Mr. Zambrana is a 10 percent shareholder in La Ruche. Thus the Court's opinion could be read to have simultaneously dismissed the request for relief while granting it, in the absence of any Zambrana cross-motion for summary judgment. La Ruche and Mr. Cauderlier respectfully submit that this result is not what the Court intended.

---

[17] *See, e.g.,* La Ruche Answer at 12, ¶60 (Denying the alleged 1997 issuance of La Ruche shares to Mr. Zambrana "in consideration of Mr. Zambrana's agreeing not to leave La Ruche ...").

[18] December 28, 2007 Memorandum Opinion at 21 n.14.

II.     **THE STATEMENT IS ULTIMATELY INCONSISTENT WITH THE LAW REGARDING UNJUST ENRICHMENT**

As Mr. Zambrana has conceded, the proper measure of unjust enrichment "damages" in the District of Columbia is restitution in the form of the money's return plus interest.[19] However, this Court appears to be determining that Mr. Zambrana owns 10 shares of La Ruche, independent of either the $25,000 or any proof of an alleged "earn-in" arrangement. Such a determination could allow Mr. Zambrana to retain the La Ruche shares – the fruits of a January 2000 bargain which Mr. Zambrana did not seek and which this Court has rejected – and also receive a refund plus interest.[20] This double return would be a manifest injustice, and is unsupported by the precedent regarding unjust enrichment.

## CONCLUSION

For the reasons set forth above, this Court should clarify its July 7, 2008 Memorandum Opinion to state that Sergio Zambrana's claim of an ownership interest in La Ruche, Inc. under his earn-in theory remains a contested issue to be resolved by the trier of fact.

Dated: July 21, 2008                   Respectfully submitted,

 

*/s/ Robert L. Green, Jr.*
Robert L. Green, Jr. (D.C. Bar No. 935775)
James B. Boles (D.C. Bar No. 471818)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800
(202) 383-6610 – facsimile
greenr@howrey.com
bolesj@howrey.com

Attorneys for Cauderlier & Associates, Inc., Jean Claude Cauderlier, and La Ruche, Inc.

---

[19] *See* Supplemental Memorandum of CAI Submitted Pursuant to this Court's Order Regarding Summary Judgment (document 062) at 2; Memorandum of Sergio Zambrana Regarding this Court's Orders (document 063) at 1.

[20] Whether Mr. Zambrana's unjust enrichment claim is time-barred is the second issue remaining for trial.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion of La Ruche, Inc. and Jean Claude Cauderlier for Clarification or Reconsideration of the July 7, 2008 Summary Judgment Memorandum Opinion, Memorandum in Support, and Proposed Order were all served by operation of the Court's electronic filing system upon all attorneys of record registered with the Court's ECF system, and a true and accurate copy of the foregoing instrument was forwarded by overnight delivery to those attorneys not registered with the Court's ECF system, this 21st day of July 2008, as indicated below, to:

> Jeffrey M. Hamberger, Esq.
> O'REILLY & MARK P.C.
> 11200 Rockville Pike, Suite 301
> North Bethesda, Maryland 20852
> jmh@oreillymark.com
> (301) 231-6330

_____
James B. Boles

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAUDERLIER & ASSOCIATES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 05-1653 (JMF)<br>**SERGIO ZAMBRANA,** )<br>)<br>Defendant/Third-Party )<br>Plaintiff )<br>)<br>v. )<br>)<br>**JEAN CLAUDE CAUDERLIER** )<br>)<br>And )<br>)<br>**LA RUCHE, INC.** )<br>)<br>Third-Party Defendants )<br>) | |

## PROPOSED ORDER

Upon consideration of briefing and oral argument, it is hereby **ORDERED** this ____ day of _____, 2008, that:

(1) The pending Motion for Clarification or Reconsideration is **GRANTED**; and

(2) Sergio Zambrana's claim of an ownership interest in La Ruche, Inc. under his earn-in theory remains a contested issue to be resolved by the trier of fact.

**SO ORDERED.**

_____
John M. Facciola
United States District Court Magistrate Judge